**ENDORSED**

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

November 15, 2017

Via Facsimile (914-390-4179)
Honorable Nelson S. Román
The Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

> This motion will be discussed at the Pre-Motion Conf. scheduled for Dec. 6, 2017 at 11:15 am. Opposing party to state position in writing (not to exceed 3 pages) by Nov. 21, 2017
>
> Dated: Nov. 16, 2017
> SO ORDERED:
>
> HON. NELSON S. ROMAN
> UNITED STATES DISTRICT JUDGE

Re: *Lowell v. Lyft, Inc.*, 7:17-cv-06251-NSR-LMS (S.D.N.Y.)

Dear Judge Román:

We represent Plaintiff Harriet Lowell in the above-referenced matter and write pursuant to Your Honor's Individual Rule 3.A to request that, at the upcoming pre-motion conference on Defendant Lyft Inc.'s ("Defendant" or "Lyft") anticipated motion to dismiss, ECF No. 13, this Court grant Plaintiff leave to move this Court to appoint Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") and Michael Hellmann ("Mr. Hellmann") of Westchester Independent Living Center ("WILC") as Co-Lead Class Counsel (collectively, "Proposed Interim Class Counsel") for the putative nationwide, New York State, and New York City classes of people with mobility disabilities who suffer from discrimination by Lyft (collectively, the "Classes"). Proposed Interim Class Counsel have achieved significant victories in complex class actions and disabilities rights cases over the past two decades and have the resources, skills, and experience to achieve excellent results for the Classes.

The requested motion is necessary in light of the recent suits and settlements in actions alleging virtually identical claims against Uber, and the likelihood that similar cases will be filed against Lyft. *See, e.g., Brooklyn Center for Independence for the Disabled v. Uber Technologies, Inc.*, No. 156434/2017 (N.Y. Sup. Ct. July 18, 2017) (alleging discrimination against individuals with mobility disabilities), *Access Living of Metropolitan Chicago v. Uber Technologies, Inc.*, No. 1:16-cv-09690 (N.D. Ill. Sept. 25, 2017) (same), Order, *National Federation of the Blind of California v. Uber Technologies, Inc.*, No. 3:14-cv-04086 (N.D. Cal. Dec. 6, 2016) (granting final approval of settlement agreement in action allege alleging disability discrimination). Plaintiff anticipates that Defendant may move to transfer additional cases to this Court. Appointing interim class counsel will provide Proposed Interim Class Counsel with the authority to file a Consolidated Complaint on behalf of all plaintiffs and claims that are transferred and consolidated into this case so as to proceed forward in a coordinated manner, and will provide Defendant with a single point of contact rather than allow Defendant to negotiate separately with multiple counsel.

FBFG's extensive experience prosecuting complex class actions together with Mr. Hellmann's twenty-five years of disability rights advocacy ensures that Proposed Interim Class Counsel are in the best position to lead this action as the legal landscape surrounding disability rights and ride sharing services evolves. Plaintiff and Defendant have conferred regarding this anticipated motion, and Defendant claims that the motion is "premature." However, courts routinely appoint interim lead counsel at the outset of cases and Defendant has not provided any reason why this case should be different. *See, e.g., Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (appointing FBFG as interim co-lead class counsel while a motion to dismiss was pending). Accordingly, Plaintiff respectfully submits that appointing Proposed

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2017

Interim Class Counsel is in the best interests of the Classes and of judicial economy.

## I. Applicable Standards For The Appointment Of Class Counsel.

Plaintiff proposes that interim class counsel be appointed under Rule 23(g) to "act on behalf of [the] putative class[es] before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The goal is to determine who best will best and most efficiently represent the interests of the class. *See In re Crude Oil Commodity Futures Litig.*, No. 11-3600, 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012); Manual for Complex Litigation (Fourth) (2004) ("Manual"), § 21.271. "The goal of all the procedures surrounding appointment of class counsel . . . is to establish appropriate structures and monitoring mechanisms to substitute for the ordinary attorney-client relationship and to assure performance of the fiduciary responsibilities owed by both the lawyer and the lead plaintiff to the class." Stephen A. Saltzburg *et al.*, *Third Circuit Task Force Report on Selection of Class Counsel*, 74 Temp. L. Rev. 689, 696 (2001). "[D]esignation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). "Generally such counsel has the responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (citation omitted).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)[,]" namely: (1) work counsel has performed identifying or investigating potential claims in the action; (2) counsel's experience handling class actions and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *In re Municipal Der. Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing Rule 23(g)(1)(A)); *accord Buonasera*, 318 F.R.D. at 18 (appointing FBFG and as interim co-class counsel).

Courts also favor counsel who were the first to file a complaint. *See, e.g. In re Insulin Pricing Litig.*, No. 17-0699, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (holding that counsels' being first to file a complaint and investing over a year developing the class's claim militated in favor of class counsel designation); *Michelle v. Arctic Zero, Inc.*, No. 12-cv-2063, 2013 WL 791145, at *2 (S.D. Cal. Mar. 1, 2013) (finding that first-to-file may merit consideration when determining class counsel). Proposed Interim Class Counsel best satisfy the criteria set forth in the Manual, Rule 23(g), and common law.

## II. All Of The Relevant Factors Militate In Favor Of Appointing Proposed Interim Class Counsel

*First*, Proposed Interim Class Counsel are deeply committed to the Classes. Over the past several months, FBFG and Mr. Hellmann have conducted an exhaustive investigation of the allegations against Lyft, researched relevant statutory and case law nationwide, worked with disabilities rights advocates across the county, interviewed members of the putative Classes, and conferred with defense counsel on numerous occasions, and look forward to further litigating this case as expeditiously as possible.

{00288764 }                                            2

*Second*, Proposed Interim Class Counsel are also eminently qualified based on their combined experience in pursuing complex class actions and advocating on behalf of disabled individuals. Mr. Hellmann, for instance, has represented people with disabilities for more than twenty-five years and is currently the staff attorney and ADA Specialist for WILC, a non-for-profit organization that provides services and advocacy for people with disabilities. Jeremiah Frei-Pearson of FBFG serves as the Chair of the White Plains' Mayor's Committee for People with Disabilities and regularly works on accessibility issues. Moreover, FBFG has likewise successfully litigated complex class actions in federal and state courts across the country and have obtained successful results for clients against some of the world's largest corporations. *See, e.g.*, Order and Judgment, *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-cv-03139-NSR-JCM (S.D.N.Y. Nov. 9, 2017), ECF No. 141 (granting final approval of settlement agreement and praising FBFG attorneys' "exemplary skill and prudence"); Order and Judgment, *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-cv-03073-NSR-LMS (S.D.N.Y. Nov. 1, 2017), ECF No. 132 (granting final approval of settlement agreement and holding that FBFG and its co-lead counsel "skillfully and zealously pursued the Action on behalf of the Class Representatives and the Class"); Order and Judgment, *Whittenburg v. Bank of America, N.A.*, No. 14-cv-0947-VB (S.D.N.Y. July 20, 2016), ECF No. 119 (granting final approval of settlement agreement, and applauding FBFG attorneys' skillful advocacy and commitment to the class representatives and the classes). Proposed Interim Class Counsel are well versed in the applicable disability discrimination law and have vast experience in complex litigation generally.

*Third*, Proposed Interim Class Counsel understand the time and financial commitments that this type of high-stakes litigation demands and do not take these obligations lightly. They only ask the Court to be appointed lead because they are certain possess, and agree to commit, the time, staffing, and financial resources needed to lead and manage this case promptly and efficiently to a successful conclusion. *See, e.g.*, *Bellino*, Order and Judgment at 9 (appointing FBFG as class counsel); *Goldemberg*, Order and Judgment at 7 (certifying FBFG as co-class counsel); *Whittenburg*, Order and Judgment at 9 (certifying FBFG as class counsel).

*Lastly*, in appointing interim class counsel, courts also consider which counsel was first to file the litigation and which counsel have most developed the litigation. *See, e.g., In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3; *Michelle*, 2013 WL 791145, at *2. FBFG and Mr. Hellmann are presently the only counsel to have filed a live disability discrimination lawsuit against Lyft for its failure to provide services to customers who require wheelchair-accessible vehicles. Accordingly, all relevant factors weigh in favor of appointing Proposed Interim Class Counsel as interim lead counsel.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to move this Court to appoint FBFG and Mr. Hellmann as interim co-lead class counsel. We thank Your Honor for your attention to this matter.

{00288764 }    3

Dated: November 15, 2017                    Respectfully submitted,

*Jeremiah Frei-Pearson*
———————————————
Jeremiah Frei-Pearson
Todd S. Garber
Bradley F. Silverman
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (914) 824-1561
Email: jfrei-pearson@fbfglaw.com

Michael Hellmann
(*Pro Hac Vice* application forthcoming)
**WESTCHESTER INDEPENDENT**
**LIVING CENTER**
10 County Center Rd. STE 203, 2nd Floor
White Plains, NY 10607
Telephone: (845) 228-7457
Facsimile: (745) 933-5390

cc: Defendant's Counsel of Record

{00288764 }                              4



# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) * George A. Kohl, II (NY & MA) Elizabeth A. Wolff (NY & MA) Antonio S. Grillo (NY & NJ Robin N. D'Amore (NY)
D. Greg Blankinship (NY & MA) Andrew L. Spitz (NY) Christine Khalili-Borna Clemens (NY & CA) Narine Ga'oyan (NY) Nicole Murphy (NY)
Jeremiah Frei-Pearson (NY) Elyssa M. Fried-DeRosa (NY) Brian D. Acard (NY) Jonathan Minkove (NJ & MD) Rodrigo Arcuri (NY)
Todd S. Garber (NY & CT) James W. Shuttleworth, III (NY) Vincent J. Pastore ( NY & NJ ) Levi Glick (NY & NJ) Kevin D. Burgess (NY)
David E. Gross (NY & NJ) * Amber L. Camio (NY) Vincent J. Rossillo (NY) Yola Ghaleb (NY)
Bradley Silverman (NY) Mary Ellen Wright, R.N. (NY)* Christopher R. Camastro (NY & NJ) Pamela Thomas (NY & CT) Robert Seidner (NY)
Antonino B. Roman (NY) Kenneth B. Fromson (NY, NJ & PA) * Jeffrey Brody (NY) Donald A. Crouch (NY & CT) Charlemagne Yawn (NY)
John Sardesai-Grant (NY) Nancy Y. Morgan (NY, NJ & PA) Cynthia M. Maurer (NY & NJ) Karen O'Brien (NY) Marvin Anderman, P.C. (NY)
Andrew White (NY) Lawrence D. Lissauer (NY) Michael Feldman (NY & NJ) David Stauber (NY) Frank R. Massaro (NY)
Chantal Khalil (NY) Victoria Lieb Lightcap (NY & MA) * Raye D. Futerfas (NJ) Jennifer Safier (NY & NJ) Kenneth G. Bartlett (CT & NJ)
Of Counsel Ann R. Johnson (NY & CT) Linda Armatti-Epstein (NY) Thomas P. Welch (NY)
Duncan W. Clark (NY) Marshall P. Richer (NY) David Akerib (NY) Annie Ma (NY & NJ)
George M. Levy (NY) Edward M. Steves (NY) Frances M. Bove, R.N. (NY & NJ) Howard S. Lipman (NY)
Robert J. Camera (NY & NJ) Kara L. Campbell (NY, NJ, CT) Gustavo W. Alzugaray (NY) Noreen Tuller, R.N. (NY)
Joseph P. Rones (NY) Marie M. DuSault (NY) Sharon A. Scanlan (NY & CT) Cristina L. Dulay (NY & NJ)
Ronald Rosenkranz (NY)* Melody A. Gregory (NY & CT) Marc S. Becker (NY) Justin M. Cinnamon (NY & CT) * The Neurolaw Trial Group

**Via Facsimile (914-390-4179)**
Honorable Nelson S. Román
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *Lowell v. Lyft, Inc.*, 7:17-cv-06251-NSR-LMS (S.D.N.Y.)

Dear Judge Román:

    My office represents Plaintiff Harriet Lowell in the above-referenced matter. Pursuant to Your Honor's Individual Rules, please find enclosed Plaintiff's letter respectfully requesting that, at the upcoming pre-motion conference on Defendant Lyft Inc.'s anticipated motion to dismiss, Your Honor grant Plaintiff leave to move this Court to appoint interim lead counsel.

    We appreciate the Court's consideration of this matter.

Dated: November 15, 2017

Respectfully submitted,

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP

Chantal Khalil

*Counsel for Plaintiff
and the Putative Class*

{00288768 } Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains
1279 ROUTE 300, PO BOX 1111    Phone: (914) 298-3281   Fax: (845) 562-3492    445 HAMILTON AVE, SUITE 605
NEWBURGH, NY 12551      www.fbfglaw.com      WHITE PLAINS, NY 10601