UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

HARRIET LOWELL and WESTCHESTER
DISABLED ON THE MOVE, INC.,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

        v.

LYFT, INC.,

        Defendant.

Case No. 7:17-cv-06251-NSR

## DECLARATION OF ED SPERLING

1. My name is Ed Sperling. I am over the age of 21 and fully competent to make this declaration.

2. I am a constituent of Westchester Disabled on the Move, Inc. ("WDOMI").

3. I am mobility impaired and require the use of a motorized wheelchair to maneuver.

4. In order to travel to destinations in Westchester, Manhattan, Albany, Florida, New Jersey, Connecticut, and North Carolina for volunteering, tutoring, exercise, doctors' appointments, religious services, adaptive sports, lectures, events, movies, theater, advocacy efforts, research clinics and hospitals, and leisure, among other things, I must use transportation services that can accommodate me and my motorized wheelchair.

5. I occasionally use ParaTransit and traditional taxi services to travel. These services require that I schedule rides hours or even a full day in advance, and prevent me from spontaneous travel.

6. I have known for a long time that Lyft does not provide services for mobility-impaired individuals who require wheelchairs or motorized scooters.

7. I learned of Lyft's failure to provide wheelchair accessible vehicles by virtue of my own disability rights advocacy and through other advocates in the community.

8. I particularly recall preparing for a trip to Albany, where my fellow advocates and I travel to meet with and educate New York State legislators. Prior to our trip, we discussed the particular issues that we intended to raise with the legislators, at which time I learned of that Lyft does not offer wheelchair accessible vehicles in New York or throughout the country.

9. I also receive frequent emails from various organizations concerning disability rights efforts, and remember receiving emails about efforts by Lyft and other ride-sharing companies to avoid regulations requiring ADA-compliance.

10. My knowledge of Lyft's discriminatory policies and practices has deterred me from using Lyft's services on many specific occasions when it would have been convenient.

11. Reliable access to Lyft's services would not only facilitate my everyday travel around the Tri-State Area, but it would be especially convenient for travel purposes.

12. For instance, I traveled to Florida last April. Because I knew that Lyft and other travel services do not provide reliable access nationwide, I drove down to Florida with an accessible van so that I would not have to be concerned about finding accessible transportation upon arrival. However, if Lyft provided reliable transportation services there, I would have flown down to Florida and used Lyft's services for the duration of my visit.

13. Furthermore, if Lyft were to provide reliable access nationwide, I would undoubtedly travel more often, as I would no longer be hindered by my fear (based on the experiences of others) of not finding transportation during my stay.

14. I have encountered discrimination in all aspects of my life due to my disability. Each instance of discrimination has been a source of humiliation and pain for me.

15. I refrained and continue to refrain from creating a Lyft account or otherwise using Lyft's transportation services because I believe that it would be futile and I fear being subjected to discrimination.

16. I continue to be in close contact with the disability rights community, activists, and organizations, such as WDOMI, and stay up-to-date as to Lyft's accessibility.

17. If Lyft was ADA-compliant and was to accommodate me and my motorized wheelchair, I would be eager to use its services.

I declare under penalty of perjury that the foregoing is based on my personal knowledge and is true and correct.

Executed on 3/6/2018

*Ed Sperling*

Ed Sperling