# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

HARRIET LOWELL, and WESTCHESTER
DISABLED ON THE MOVE, INC.,  individually
and on behalf of all others similarly situated,

                   Plaintiffs,

            v.

LYFT, INC.,

                 Defendant.

Civil Action No. 7:17-CV-06251-NSR

## ANSWER OF DEFENDANT LYFT, INC.

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel, answers the

Amended Class Action Complaint (the "Complaint) filed by Plaintiffs Harriet Lowell ("Lowell")

and Westchester Disabled on the Move, Inc. ("WDOMI"), individually and on behalf of all

others similarly situated (collectively, "Plaintiffs") on December 6, 2017, as follows:

The headings of the Complaint set forth Plaintiffs' characterization of this action, to

which no response is required.  To the extent a response is required to the headings of the

Complaint, the allegations in the headings of the Complaint are denied.

## NATURE OF THE ACTION

1.      Denies the allegations in paragraph 1 of the Complaint.

2.      The allegations in paragraph 2 of the Complaint state conclusions of law and

characterizations of this action to which no response is required.  To the extent a response is

required, denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 of the Complaint state conclusions of law and

characterizations of this action to which no response is required.  To the extent a response is

required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.    Denies the allegations in paragraph 4 of the Complaint.

5.    Denies the allegations in paragraph 5 of the Complaint and avers that Lyft is a technology company that operates an online smartphone application platform (the "Lyft Platform") that is available, among other markets, in New York City and Westchester County.

6.    Denies the allegations in paragraph 6 of the Complaint, avers that Lyft is a technology company that operates the Lyft Platform, and admits that the Lyft Platform is available for use on smartphones and allows millions of riders to  match with independent contractor drivers and make payments electronically.

7.    Denies the allegations in paragraph 7 of the Complaint, except admits that Lyft has a share of the ridesharing market whereby users of the Lyft Platform—independent contractor drivers and riders—are matched.

8.    Denies the allegations in paragraph 8 of the Complaint and avers that wheelchair accessible vehicles ("WAVs") are available via the Lyft Platform in various markets across the United States.

9.    Denies the allegations in paragraph 9 of the Complaint.

10.    Denies the allegations in paragraph 10 of the Complaint.

11.    The allegations in paragraph 11 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is required, denies the allegations in paragraph 11 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018.

## PARTIES

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 13 of the Complaint.  The allegations in the fourth sentence of paragraph 13 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in the fourth sentence of paragraph 13 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the Complaint, except denies that Lyft provides transportation services.  Denies the allegations in the second sentence of paragraph 14 of the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lowell's plans.

16.     Denies the allegations in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lowell's fears.

17.     Denies the allegations in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lowell's desires.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 of the Complaint.  The allegations in the second sentence of paragraph 18 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 18 of the Complaint.

19.     The allegations in paragraph 19 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     The allegations in paragraph 20 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     The allegations in paragraph 22 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 22 of the Complaint and avers that by decision dated November 29, 2018, the Court ruled that WDOMI lacks standing to pursue any claim under the New York State Human Rights Law and the New York City Human Rights Law.

23.     The allegations in paragraph 23 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in

paragraph 23 of the Complaint and avers that by decision dated November 29, 2018, the Court ruled that WDOMI lacks standing to pursue any claim under the New York State Human Rights Law and the New York City Human Rights Law.

24.     Admits the allegations in the first sentence of paragraph 24 of the Complaint. Denies the allegations in the second sentence of paragraph 24 of the Complaint.  Denies the allegations in the third sentence of paragraph 24 of the Complaint, and avers that thousands of riders use the Lyft Platform in New York and elsewhere.

## JURISDICTION AND VENUE

25.     The allegations in paragraph 25 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is required, denies the allegations in paragraph 25 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018.

26.     The allegations in paragraph 26 of the Complaint state conclusions of law to which no response is required.  Denies knowledge or information sufficient to form a belief as to Lowell's citizenship.

27.     The allegations in paragraph 27 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018.

## BACKGROUND FACTS

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and avers that Defendant is a technology company that operates the Lyft Platform and that WAVs are available via the Lyft Platform in various markets across the United States.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint, except admits that the Lyft Platform was launched to connect riders with independent contractor drivers in or about 2012 and that the Lyft Platform was launched in New York City on or about July 25, 2014 and is presently available in Westchester County.

33.     Denies the allegations in paragraph 33 of the Complaint, except admits that by using Defendant's ride-hailing application, a rider can be matched with an independent contractor driver, select a destination to which he or she wishes to be driven, and have all payments electronically processed.

34.     Denies the allegations in paragraph 34 of the Complaint.

35.     Denies the allegations in paragraph 35 of the Complaint.

36.     Admit the allegations in the first sentence of paragraph 36 of the Complaint. Denies the allegations in the second sentence of paragraph 36 of the Complaint and avers that Defendant is not required by the ADA, the New York States Human Rights Law, or the New York City Human Rights Law to purchase, convert, or provide WAVs, and that Plaintiffs' claims

under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018.

37.     Denies the allegations in paragraph 37, except admits that the Lyft platform provides a marketplace where persons who seek transportation to certain destinations can be matched with persons driving to or through those destinations.

38.     Denies the allegations in paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding taxi companies and the public's selection of options.

39.     Denies the allegations in paragraph 39 of the Complaint, and avers that the number of  rides logged on the Lyft Platform per quarter varies.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Denies the allegations in the first sentence of paragraph 41 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding entities other than Lyft.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Denies the allegations in paragraph 44 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the existence of transportation gaps for riders with disabilities.

45.     Denies the allegations in paragraph 45 of the Complaint.

46.     Denies the allegations in paragraph 46 of the Complaint, except admits that there are markets in the United States where rides are available through the Lyft Platform but there are no WAVs currently available in those markets through the Lyft Platform and avers that in such circumstances, when Access Mode is enabled, information regarding local services is sent directly to the passenger via message or notification when the ride is requested.

47.     Admits the allegations in paragraph 47 of the Complaint.

48.     Denies the allegations in the first sentence of paragraph 48 of the Complaint, except admits that in markets in the United States where rides provided by independent contractor drivers are available through the Lyft Platform but there are no WAVs currently on the Lyft Platform in those markets, riders who toggle on the Access Mode function and attempt to be matched with a WAV currently receive the following message or notification: "Lyft accommodates service animals and foldable wheelchairs.  If you need a vehicle with a ramp or lift, visit http://lft.to/access to connect to local services." Denies the allegations in the second sentence of paragraph 48 of the Complaint, except admits that the quoted language currently appears on the "Accessible vehicle dispatch" page of Lyft's website and refers the Court to the website for a full statement of its contents.

49.     Denies the allegations in paragraph 49 of the Complaint.

50.     Denies the allegations in paragraph 50 of the Complaint.

51.     Denies the allegations in the first sentence of paragraph 51 of the Complaint.  As to the allegations in the second sentence of paragraph 51 of the Complaint, denies that Lyft provides transportation services and that an in-person interview is part of the driver onboarding process, avers that a criminal background check may go back further than seven years, and admits the remaining allegations in the sentence.  As to the allegations in the third sentence of paragraph 51 of the Complaint, denies that Lyft provides transportation services but admits the remaining allegations in the sentence.

52.     Denies the allegations in paragraph 52 of the Complaint and refers the Court to Section 16 of the Lyft Terms of Service ("TOS"), https://www.lyft.com/terms, for the contractually agreed upon bases for deactivation of Lyft User accounts.

53.     Denies the allegations in paragraph 53 of the Complaint and refers the Court to Section 1 of the Lyft TOS for the contractually agreed upon provisions regarding matching of independent contractor drivers and riders (collectively, "Users") on the Lyft Platform.

54.     Denies the allegations in paragraph 54 of the Complaint, except admits that Lyft requires all drivers on the Lyft Platform to provide it with information about the make, model, and age of the vehicles they will drive and avers that all vehicles on the Lyft Platform must meet any applicable city or state requirements.

55.     Denies the allegations in paragraph 55 of the Complaint, except admits that Lyft requires all drivers on the Lyft  Platform to provide it with information about the make, model, and age of the vehicles they will drive, avers that all vehicles on the Lyft Platform must meet any applicable city or state requirements, and refers the Court to https://www.lyft.com/driver-application-requirements for further information about vehicle requirements.

56.     Denies the allegations in paragraph 56 of the Complaint, except admits that Lyft requires all drivers on the Lyft  Platform to provide it with information about the make, model, and age of the vehicles they will drive and avers that all vehicles on the Lyft Platform must meet any applicable city or state requirements and that drivers must meet certain qualifications to be listed on the Lyft Platform for Lyft XL and Lyft Lux.

57.     Admits the allegations in paragraph 57 of the Complaint and refers the Court to Section 9(o) of the TOS for the contractually agreed upon "Restricted Activities" on the Lyft Platform.

58.     Denies the allegations in paragraph 58 of the Complaint and refers the Court to Section 19 of the Lyft TOS for the contractually agreed upon terms of the relationship between independent contractor drivers on the Lyft Platform and Lyft.

59.     Admits the allegations in paragraph 59 of the Complaint and refers the Court to Section 10 of the Lyft TOS for the contractually agreed upon "Driver Representations, Warranties and Agreements."

60.     Denies the allegations in paragraph 60 of the Complaint and refers the Court to Section 2.A of the Lyft Privacy Policy regarding User Profile Information.

61.     Denies the allegations in paragraph 61 of the Complaint and avers that Lyft offers information to drivers on its website, during onboarding events, in the Lyft Platform, and in communications with Lyft's customer service team.

62.     Denies the allegations in paragraph 62 of the Complaint and refers the Court to the Lyft TOS for the contractually agreed upon terms of the relationship between independent contractor drivers on the Lyft Platform and Lyft.

63.      Denies the allegations in paragraph 63 of the Complaint and refers the Court to Sections 2.A & B of Lyft's Privacy Policy, https://lyft.com/privacy, for the contractually agreed upon terms regarding information provided to Lyft by Users of the Lyft Platform (riders and independent contractor drivers) and information collected when Users use the Lyft Platform.

64.      Denies the allegations in paragraph 64 of the Complaint, except admits that at the end of each ride on the Lyft Platform, the driver and the rider are prompted to rate each other on a scale of 1-5 stars and may also have the chance to write specific feedback.

65.      Denies the allegations in paragraph 65 of the Complaint and refers the Court to Section 16 of the Lyft TOS for the contractually agreed upon bases for deactivation of Lyft user accounts.

66.      Denies the allegations in paragraph 66 of the Complaint and refers the Court to the "Insurance Policy" article found on Lyft's website at https://help.lyft.com/hc/en-us/articles/115013080548-Insurance-Policy.

67.      Denies the allegations in paragraph 67 of the Complaint.

68.      Denies the allegations in paragraph 68 of the Complaint.

69.      Denies the allegations in paragraph 69 of the Complaint, except admits that the Lyft Platform is available to people who have a credit card and a smartphone capable of downloading the ridesharing app.

70.      Admits the allegations in paragraph 70 of the Complaint, except denies that the term "customers" is the proper characterization to describe riders who become Users of the Lyft Platform pursuant to the Lyft TOS and refers the Court to Section 3 of the Lyft Driver Addendum for the contractually agreed terms concerning "Payments, Adjustments and Settlement."

71.     Denies the allegations in paragraph 71 of the Complaint, avers that the term "customers" is not the proper characterization to describe riders who become Users of the Lyft Platform pursuant to the Lyft TOS, and refers the Court to Section 4 of the Lyft TOS for the contractually agreed upon terms regarding "Charges."

72.     Denies the allegations in paragraph 72 of the Complaint, avers that the term "customers" is not the proper characterization to describe riders who become Users of the Lyft Platform pursuant to the Lyft TOS, and refers the Court to Section 4 of the Lyft TOS for the contractually agreed upon terms regarding tips.

73.     Denies the allegations in paragraph 73 of the Complaint.

74.     Denies the allegations in paragraph 74 of the Complaint and refers the Court to Section 4 of the Lyft TOS for the contractually agreed upon terms regarding "Charges."

75.     Denies the allegations in paragraph 75 of the Complaint and refers the Court to Section 5 of the Lyft Driver Addendum for the contractually agreed upon terms regarding "Lyft Fees."

76.     Denies the allegations in paragraph 76 of the Complaint and refers the Court to Sections 3 and 5 of the Lyft Driver Addendum for the contractually agreed upon terms regarding "Payments, Adjustments and Settlements" and "Lyft Fees."

77.     Admits the allegations in paragraph 77 of the Complaint, except denies that the term "customers" is the proper characterization to describe riders who become Users of the Lyft Platform pursuant to the Lyft TOS.

78.     Denies the allegations in paragraph 78 of the Complaint and refers the Court to the "User Feedback" paragraph of Section 2.B of the Lyft Privacy Policy regarding ratings by riders and independent contractor drivers.

79.     Denies the allegations in paragraph 79 of the Complaint.

80.     Denies the allegations in paragraph 80 of the Complaint, except admits that the Lyft Platform operates in approximately 300 markets, and avers that the number of rides per month facilitated through use of the Lyft Platform varies.

81.     Denies the allegations in paragraph 81 of the Complaint.

82.     Denies the allegations in paragraph 82 of the Complaint, except admits that the Lyft Platform provides riders with the ability to choose to connect with independent contractor drivers operating luxury vehicles, standard vehicles, and large vehicles and that in certain regions in which the Lyft Platform is available riders can choose an option to share a car with other riders.

83.     Denies the allegations in paragraph 83 of the Complaint, except avers that riders have the ability to choose between a variety of ride modes and then to request a ride from an independent contractor driver on the Lyft Platform.

84.     Admits the allegations in paragraph 84 of the Complaint, except to the extent the allegations suggest that Defendant provides transportation or travel services, which it denies, further denies that Lyft Plus is a current option on the Lyft Platform, and avers that drivers on the Lyft Platform are independent contractors and that an independent contractor driver operating a six-seater vehicle can be found using the Lyft XL or Lux Black XL options on the Lyft Platform.

85.     Admits the allegations in paragraph 85 of the Complaint and refers the Court to Section 1 of the Lyft TOS for the contractually agreed upon terms regarding matching of drivers and riders on the Lyft Platform.

86.     Denies the allegations in paragraph 86 of the Complaint.

13

87.     Denies the allegations in the first sentence of paragraph 87 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 87 of the Complaint.

88.     As to the allegations in paragraph 88 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to features available in connection with taxicab services, admits that riders on the Lyft Platform pay for rides without using cash or presenting a credit card, and refers the Court to Section 4 of the Lyft TOS regarding charges using the Lyft Platform.

89.     Denies the allegations in paragraph 89 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations relating to taxi companies and neighborhood livery services and avers that the Lyft Platform is available in New York City and Westchester and in hundreds of other cities across the United States.

90.     Denies the allegations in the first sentence of paragraph 90 of the Complaint, except admits that the Lyft Platform operates in New York City, in Westchester County, and in hundreds of cities across the United States.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Denies the allegations in paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.     The allegations in paragraph 94 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 94 of the Complaint.

95.     Denies the allegations in the first sentence of paragraph 95 of the Complaint and avers that response times vary based on geographic and temporal factors.  The allegations in second sentence of paragraph 95 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in the second sentence of paragraph 95 of the Complaint.

96.     The allegations in paragraph 96 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 96 of the Complaint..

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, except denies that Lyft has vehicles and avers that Lyft operates a ridesharing platform that matches riders and independent contractor drivers.

100.    The allegations in the first sentence of paragraph 100 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in the first sentence of paragraph 100 of the Complaint.  Denies knowledge or

information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 100 of the Complaint.

101.    The allegations in paragraph 101 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, except denies that Lyft provides transportation services and avers that Lyft operates a ridesharing platform that matches riders and independent contractor drivers.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, except denies that Lyft provides transportation services and avers that Lyft operates a ridesharing platform that matches riders and independent contractor drivers.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.     The allegations in paragraph 109 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 109 of the Complaint, except denies knowledge or information sufficient to form a belief at to the truth of the allegations regarding what Lowell would or would not do and avers that Lyft operates a ridesharing platform that matches riders and independent contractor drivers.

110.     The allegations in paragraph 110 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies  the allegations in paragraph 110 of the Complaint.

111.     The allegations in paragraph 111 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 111 of the Complaint.

112.     The allegations in paragraph 112 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 112 of the Complaint.

## CLASS ACTION ALLEGATIONS

113.     The allegations in paragraph 113 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is required, denies the allegations in paragraph 113 of the Complaint.

114.     The allegations in paragraph 114 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is required, denies the allegations in paragraph 114 of the Complaint.

115.     The allegations in paragraph 115 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is

required, denies the allegations in paragraph 115 of the Complaint and avers that by decision
dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City
Human Rights Law; accordingly, there is no putative New York City subclass in this action.

116.    The allegations in paragraph 116 of the Complaint state conclusions of law and
characterizations of this action to which no response is required.  To the extent a response is
required, denies the allegations in paragraph 116 of the Complaint.

117.    The allegations in paragraph 117 of the Complaint state conclusions of law and
characterizations of this action to which no response is required.  To the extent a response is
required, denies the allegations in paragraph 117 of the Complaint.

118.    The allegations in paragraph 118 of the Complaint state conclusions of law and
characterizations of this action to which no response is required.  To the extent a response is
required, denies the allegations in paragraph 118 of the Complaint and avers that Plaintiffs'
claims under the New York City Human Rights Law were dismissed by the Court by decision
dated November 29, 2018; accordingly, there is no New York City subclass in this action.

119.    The allegations in paragraph 119 of the Complaint state conclusions of law to
which no response is required.  To the extent a response is required, denies the allegations in
paragraph 119 of the Complaint and avers that by decision dated November 29, 2018, the Court
dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that
WDOMI lacks standing to bring claims under the New York State Human Rights Law;
accordingly, there is no putative New York City subclass in this action and WDOMI cannot
represent any putative New York State subclass in this action.

120.    The allegations in paragraph 120 of the Complaint state conclusions of law to
which no response is required.  To the extent a response is required, denies the allegations in

paragraph 120 of the Complaint and avers that by decision dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that WDOMI lacked standing to bring claims under the New York State Human Rights Law; accordingly, there is no putative New York City subclass in this action and WDOMI cannot represent any putative New York State subclass in this action.

121.    The allegations in paragraph 121 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 121 of the Complaint and avers that by decision dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that WDOMI lacked standing to bring claims under the New York State Human Rights Law; accordingly, there is no putative New York City subclass in this action and WDOMI cannot represent any putative New York State subclass in this action.

122.    The allegations in paragraph 122 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 122 of the Complaint and avers that by decision dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that WDOMI lacked standing to bring claims under the New York State Human Rights Law; accordingly, there is no putative New York City subclass in this action and WDOMI cannot represent any putative New York State subclass in this action.

123.    The allegations in paragraph 123 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 123 of the Complaint and avers that by decision dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that

WDOMI lacked standing to bring claims under the New York State Human Rights Law; accordingly, there is no putative New York City subclass in this action and WDOMI cannot represent any putative New York State subclass in this action.

124.    The allegations in paragraph 124 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 124 of the Complaint and avers that by decision dated November 29, 2018, the Court dismissed Plaintiffs' claims under the New York City Human Rights Law and also ruled that WDOMI lacked standing to bring claims under the New York State Human Rights Law; accordingly, there is no putative New York City subclass in this action and WDOMI cannot represent any putative New York State subclass in this action.

## CLAIMS FOR RELIEF

### COUNT I – DISABILITY DISCRIMINATION IN VIOLATION
### OF TITLE III OF THE AMERICANS WITH DISABILTIES ACT
### (On Behalf Of Plaintiff And The Nationwide Class)

125.    In response to the allegations in paragraph 125 of the Complaint, repeats each response contained in paragraphs 1 through 124 above as if fully set forth herein.

126.    The allegations in paragraph 126 of the Complaint state conclusions of law to which no response is required.

127.    The allegations in paragraph 127 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint.

128.    The allegations in paragraph 128 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 128 of the Complaint.

129.    The allegations in paragraph 129 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 129 of the Complaint.

130.    The allegations in paragraph 130 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 130 of the Complaint.

131.    The allegations in paragraph 131 of the Complaint state conclusions of law to which no response is required.

132.    The allegations in paragraph 132 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 132 of the Complaint.

133.    The allegations in paragraph 133 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 133 of the Complaint.

134.    The allegations in paragraph 134 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 134 of the Complaint.

135.    The allegations in paragraph 135 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 135 of the Complaint.

136.    The allegations in paragraph 136 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 136 of the Complaint.

137.    The allegations in paragraph 137 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 137 of the Complaint.

138.    The allegations in paragraph 138 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 138 of the Complaint.

139.    The allegations in paragraph 139 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 139 of the Complaint.

140.    The allegations in paragraph 140 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 140 of the Complaint.

### COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
(On Behalf Of Plaintiff Lowell And The New York State Subclass)

141.    In response to the allegations in paragraph 141 of the Complaint, repeats each response contained in paragraphs 1 through 140 above as if fully set forth herein.

142.    The allegations in paragraph 142 of the Complaint state conclusions of law to which no response is required.

143.    The allegations in paragraph 143 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint.

144.    The allegations in paragraph 144 of the Complaint state conclusions of law to which no response is required.

145.    Denies the allegations in paragraph 145 of the Complaint.

146.    Denies the allegations in paragraph 146 of the Complaint.

147.    The allegations in paragraph 147 of the Complaint state conclusions of law to which no response is required.

148.    The allegations in paragraph 148 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies  the allegations in paragraph 148 of the Complaint.

149.    The allegations in paragraph 149 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 149 of the Complaint.

150.    The allegations in paragraph 150 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 150 of the Complaint.

### COUNT III – DENIAL OF FULL AND EQUAL ENJOYMENT IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW (On Behalf Of Plaintiff Lowell And The New York City Subclass)

151.    In response to the allegations in paragraph 151 of the Complaint, repeats each response contained in paragraphs 1 through 150 above as if fully set forth herein.

152.    The allegations in paragraph 152 of the Complaint state conclusions of law to which no response is required.

153.    The allegations in paragraph 153 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 153 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

154.     The allegations in paragraph 154 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 154 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

155.     The allegations in paragraph 155 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 155 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

156.     The allegations in paragraph 156 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 156 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

157.     The allegations in paragraph 157 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 157 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

158.    The allegations in paragraph 158 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 158 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

159.    The allegations in paragraph 159 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 159 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

160.    The allegations in paragraph 160 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 160 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

161.    The allegations in paragraph 161 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in

paragraph 161 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there

is no New York City subclass in this action.

**COUNT IV – DISPARATE IMPACT IN
VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
(On Behalf Of Plaintiff Lowell And The New York City Subclass)**

162.     In response to the allegations in paragraph 162 of the Complaint, repeats each

response contained in paragraphs 1 through 161 above as if fully set forth herein.

163.     The allegations in paragraph 163 of the Complaint state conclusions of law to

which no response is required.  To the extent a response is required, denies the allegations in

paragraph 163 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there

is no New York City subclass in this action.

164.     The allegations in paragraph 164 of the Complaint state conclusions of law to

which no response is required.  To the extent a response is required, denies the allegations in

paragraph 164 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there

is no New York City subclass in this action.

165.     The allegations in paragraph 165 of the Complaint state conclusions of law to

which no response is required.  To the extent a response is required, denies the allegations in

paragraph 165 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

166.     The allegations in paragraph 166 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 166 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

### COUNT V – DECLARATORY RELIEF
#### (On Behalf Of Plaintiffs And Nationwide Class)

167.     In response to the allegations in paragraph 167 of the Complaint, repeats each response contained in paragraphs 1 through 166 above as if fully set forth herein.

168.     The allegations in paragraph 168 of the Complaint state conclusions of law and characterizations of this action to which no response is required.  To the extent a response is required, denies the allegations in paragraph 168 of the Complaint, except admits that Defendant denies any violation of law alleged by Plaintiffs in this action.

169.     The allegations in paragraph 169 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in paragraph 169 of the Complaint and avers that Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court by decision dated November 29, 2018; accordingly, there are no claims for relief under the New York City Human Rights law and there is no New York City subclass in this action.

170.     The allegations in paragraph 170 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denies the allegations in

paragraph 170 of the Complaint and avers that Plaintiffs' claims under the New York City

Human Rights Law were dismissed by the Court by decision dated November 29, 2018;

accordingly, there are no claims for relief under the New York City Human Rights law and there

is no New York City subclass in this action.

**PRAYER FOR RELIEF**

171.    The allegations contained in the section of the Complaint titled "Prayer for

Relief" state Plaintiffs' requests for relief, to which no response is required.  To the extent a

response is required, denies the allegations in the section and avers that Plaintiffs' claims under

the New York City Human Rights Law were dismissed by the Court by decision dated

November 29, 2018; accordingly, there are no claims for relief under the New York City Human

Rights law and there is no New York City subclass in this action.

**DEMAND FOR JURY TRIAL**

172.    The allegations contained in the section of the Complaint titled "Demand for Jury

Trial" state conclusions of law to which no response is required.  To the extent a response is

required, denies the allegations in the section.

**DEFENSES**

**AS AND FOR A FIRST DEFENSE**

173.    The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

174.    Plaintiffs' claims under the New York City Human Rights Law were dismissed by

the Court by decision dated November 29, 2018.  Accordingly, there are no claims for relief

under the New York City Human Rights law and there is no New York City subclass in this

action.

28

## AS AND FOR A THIRD DEFENSE

175.    Defendant does not provide a "specified public transportation service" and is not "primarily engaged in the business of transporting people" under the ADA.  *See* 42 U.S.C. §§ 12184; 12181(10).  Defendant is a technology company that operates a ridesharing platform accessed on a smartphone which matches riders with independent contractor drivers.

## AS AND FOR A FOURTH DEFENSE

176.    Even if Defendant provided a "specified public transportation service" (which it does not) or was "primarily engaged in the business of transporting people" (which it is not), neither the ADA nor the New York State Human Rights Law would require Defendant to provide WAVs.  *See* 42 U.S.C. § 12184(b)(3); 49 C.F.R. § 37.29(b); 49 C.F.R. § 37.103(c); 49 C.F.R. Pt. 37, Appl. D; *Noel v. New York Taxi and Limousine Comm'n*, 687 F.3d 63 (2d Cir. 2012); N.Y. EXEC. LAW § 296(2)(c)(iii).

## AS AND FOR A FIFTH DEFENSE

177.    Requiring Defendant to modify its policies, practices, or procedures to provide WAVs would fundamentally alter the nature of Defendant's business.  Defendant is a technology company that operates a ridesharing platform accessed on a smartphone which matches riders with independent contractor drivers.  The vehicles that transport riders are owned or leased by the independent contractor drivers who become Users on the Lyft Platform.  Requiring Lyft to own or lease or otherwise provide WAVs would require a fundamental alteration to its business model, which neither the ADA nor the NYSHRL requires.  *See* 42 U.S.C. § 12184(b)(2)(A) (citing § 12182(b)(2)(A)(ii)) and 42 U.S.C. § 12184(b)(2)(B) (citing § 12182(b)(2)(A)(iii)); N.Y. Exec. Law §296(2)(c)(i) and (iii).

## AS AND FOR A SIXTH DEFENSE

178.    Defendant is not a "public accommodation" or a "travel service" under the ADA. *See* 42 U.S.C. § 12181(7) & (7)(F).  Nor does it operate a "demand responsive system" under the ADA.  *See* 42 U.S.C. § 12181(3).

## AS AND FOR A SEVENTH DEFENSE

179.    Defendant is not required by the ADA to "alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."  *See* 28 C.F.R § 36.307.  Defendant is a technology company that operates a ridesharing platform accessed on a smartphone which matches riders with independent contractor drivers.  The vehicles that transport riders are owned or leased by the independent contractor drivers who become Users on the Lyft Platform.  Accordingly, even if Defendant were a public accommodation, which it is not, it would not be required to own, lease, or otherwise provide WAVs.

## AS AND FOR AN EIGHTH DEFENSE

180.    Requiring Defendant to undertake the modifications and/or accommodations demanded in the Complaint, to the extent any are identified, is unreasonable and would subject Defendant to an undue burden.

## AS AND FOR A NINTH DEFENSE

181.    Requiring Defendant to remove transportation barriers alleged in the Complaint, if any, is not readily achievable.

## AS AND FOR A TENTH DEFENSE

182.    Plaintiffs are barred from recovering under the Complaint, in whole or in part, because Plaintiffs' alleged injuries, if any, were caused by the acts and omissions of persons or

entities acting separately and independently from Defendant, for which Defendant is not responsible, and any judgment rendered against Defendant must be reduced or denied accordingly.

## AS AND FOR AN ELEVENTH DEFENSE

183.    Defendant has complied with any and all applicable statutes, regulations and/or laws.

## AS AND FOR A TWELFTH DEFENSE

184.    Plaintiffs and the purported class members they represent are subject to the same arbitration and class action waiver provisions in the Lyft Terms of Service that apply to all Users of the Lyft Platform.  Plaintiffs are required to arbitrate any alleged discrimination claims against Defendant and may not assert any class claims in arbitration.  Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' claims and the claims should be dismissed.

## AS AND FOR A THIRTEENTH DEFENSE

185.    All of the class claims should be dismissed because Plaintiffs cannot establish ascertainability, typicality, commonality, numerosity, adequate representation, or that Defendant has acted or refused to act on grounds that apply generally to the class.

## AS AND FOR A FOURTEENTH DEFENSE

186.    By decision dated November 29, 2018, the Court ruled that WDOMI lacks standing to bring claims under the New York State Human Rights Law.  Accordingly, WDOMI cannot represent any putative New York State subclass in this action.

## **AS AND FOR A FIFTEENTH DEFENSE**

187.   Defendant expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

## **DEFENDANT'S PRAYER FOR RELIEF**

Wherefore, Defendant Lyft, Inc. prays as follows:

That all claims contained in the Complaint against it be dismissed with prejudice; and

For such other and further relief as the Court deems just and proper.

Dated:  January 15,  2019
     New York, New York

                            Respectfully submitted,

                            ARNOLD & PORTER KAYE SCHOLER LLP

                          By: /s/ *Sara L. Shudofsky*
                            Sara L. Shudofsky
                            Harry K. Fidler
                            Debra E. Schreck
                            250 West 55th Street
                            New York, NY  10019-9710
                            T:  (212) 836-7922
                            F:  (212) 836-8689
                            sara.shudofsky@apks.com
                            harry.fidler@apks.com
                            debra.schreck@apks.com

                            *Attorneys for Defendant Lyft, Inc.*

To:     Jeremiah Frei-Pearson
         Chantal Khalil
         Andrew Charles White
         FINKELSTEIN, BLANKINSHIP,
         FREI-PEARSON & GARBER, LLP
         445 Hamilton Avenue, Suite 605
         White Plains, New York 10601
         Telephone: (914) 298-3281
         Facsimile: (914) 824-1561
         Email: jfrei-pearson@fbfglaw.com

         *Attorneys for Plaintiffs*