UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARRIET LOWELL, *et al.*,

                                    Plaintiffs,

                    -against-

LYFT, INC.,

                                    Defendant.

**AMENDED STIPULATED
PROTECTIVE ORDER**

Civil Action No. 7:17-CV-06251-NSR-LMS

---

Lisa Margaret Smith, U.S. Magistrate Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties request that this Court issue a HIPAA-qualified protective order pursuant to 45 C.F.R. § 164.512(e)(1) to protect the exchange of public health information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the disclosure of nonpublic and competitively sensitive information in this action,

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

1.  During the course of this action, the Parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information," as defined by 45 C.F.R. §§ 160.103 and 164.501, pertaining to current and future parties, third parties and non-parties to other parties, third parties and non-parties and their attorneys and representatives. "Protected health information" ("PHI") includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2.  Notwithstanding federal or state law limiting the authority of the Parties and "Covered Entities," as defined by 45 C.F.R. § 160.103, to disclose PHI, the Parties and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this action. The Parties must maintain the confidentiality of the PHI outside of this action and are prohibited from using or disclosing the protected health information for any purpose other than this action.

3.  The Parties are permitted to use PHI released for this action in any manner that is reasonably connected with this action. This includes, but is not limited to, investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case. Disclosures

2

of PHI may be made to the Parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, and consultants), the Parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

4.    Within 60 days of the issuance of a final order, or the extinguishment of all appeals, all Parties, their attorneys, and any person or entity in possession of PHI received in connection with this lawsuit shall destroy the PHI or return it to the covered entity that released the PHI, except that counsel are not required to secure the return or destruction of PHI submitted to the Court and may retain one archival copy of documents with PHI constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

5.    Any document containing PHI is additionally subject to the following terms to the extent consistent with the foregoing.

6.    With respect to "Discovery Material" (i.e., information or documents of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" (together, the "Protected Material") pursuant to this Order, no person subject to this Order may disclose such Protected Material to anyone else except as this Order expressly permits.

7.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate Discovery Material as Confidential only if the Producing Party reasonably and in good faith believes such Discovery Material reflects:

(a)    trade secrets or other confidential research, development, technical, commercial or financial information (including without limitation previously non-disclosed business plans, product-development information, strategic or marketing plans or information or data regarding the use of the ridesharing platform of Lyft, Inc. ("Lyft"));

(b)    previously non-disclosed material relating to ownership or control of any non-public company;

(c)    any information of a personal or intimate nature regarding any individual (including but not limited to information about Lyft's employees and information regarding users of Lyft's ridesharing platform);

(d)    any information protected from disclosure by any federal, state or local law or regulation; or

(e)    any other category of information this Court affords confidential status.

8.    A Producing Party may designate Discovery Material as "Highly Confidential" only if the Producing Party reasonably and in good faith believes (1) such Discovery Material contains or reflects information that is extremely confidential and/or sensitive in nature and (2) the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

9.    With respect to the Protected portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential-Subject to Protective Order" or "Highly Confidential - Subject to Protective Order" the Protected Material in a

manner that will not interfere with legibility or audibility. A Producing Party may designate any electronic media (e.g., videotape or computer disk or DVD/CD Rom disk) as Protected Material by placing or affixing a label on such media marking it as "Confidential-Subject to Protective Order" or "Highly Confidential - Subject to Protective Order."

10. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information -Subject to Protective Order" "Highly Confidential Information -Subject to Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

11. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order

will treat such designated portion(s) of the Discovery Material as Protected Material.

12.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

13.     Where a Producing Party has designated Discovery Material as Confidential other persons subject to this Order may disclose such information only to the following persons:

    (a)     the Parties to this action, their employees, their insurers, counsel to their insurers and, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, the Parties' former employees.  For the avoidance of doubt, Discovery Material designated as Confidential may not be disclosed to members of Westchester Disabled On the Move, Inc.;

    (b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action;

(i)    this Court, including any appellate court, its support personnel, and court reporters; and

(j)    any other person with the prior written consent of the Producing Party.

14.    Unless otherwise ordered by the Court, Discovery Material designated as "Highly Confidential" may be disclosed only to:

(a)    The persons identified in, and subject to the conditions of, subparagraphs 13(b), 13(c), 13(d), 13(e), 13(g), 13(h), 13(i), and 13(j);

(b)    Current employees of Lyft; and

(c)    Officers and Directors of Westchester Disabled On the Move, Inc., and any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, but only if (a) such persons first execute a Non-Disclosure Agreement in the form annexed as an

Exhibit hereto, and (b) the Discovery Material designated as Highly
Confidential or any copies of the same are viewed while in the possession
of attorneys of record in this action.

15.     In filing Protected Material with this Court, or filing portions of any pleadings,
motions, or other papers that disclose such Protected Material ("Confidential
Court Submission"), the Parties shall publicly file a redacted copy of the
Confidential Court Submission via the Electronic Case Filing System. The Parties
shall file an unredacted copy of the Confidential Court Submission under seal
with the Clerk of this Court, and the Parties shall serve this Court and opposing
counsel with unredacted courtesy copies of the Confidential Court Submission.

16.     Any Party who objects to any designation of confidentiality may at any time
before the trial of this action serve upon counsel for the Producing Party a written
notice stating with particularity the grounds of the objection. If the Parties cannot
reach agreement after meeting and conferring in good faith, counsel for all
affected Parties will address their dispute to this Court in accordance with this
Court's Individual Practices. Pending the resolution of such dispute by the Court,
the Parties agree to treat the information that is the subject of the dispute in
accordance with the Producing Party's designation. The Producing Party shall at
all times carry the initial burden of establishing that the contested information
merits a "Confidential" or "Highly Confidential" designation.

17.     Any Party who requests additional limits on disclosure may at any time before the
trial of this action serve upon counsel for the recipient Parties a written notice
stating with particularity the grounds of the request. If the Parties cannot reach
agreement after meeting and conferring in good faith, counsel for all affected

Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

18.  Recipients of Protected Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19.  Nothing in this Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party: (1) gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure; and (2) informs, in writing, the Party who caused the subpoena or other compulsory process to issue that some or all of the material covered is the subject of this Order and promptly delivers to the same a copy of this Order. Upon receiving notice from the Party receiving the Discovery Material from the Producing Party (the "Receiving Party"), the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20.  Each person who has access to Protected Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  If the Receiving Party discovers a breach of security, including

any actual or suspected unauthorized access, related to another Party's
Confidential or Highly Confidential Information, the Receiving Party shall: (1)
promptly provide written notice to the Producing Party of such breach; (2)
investigate and take reasonable efforts to remediate the effects of the breach, and
provide the Producing Party with assurances reasonably satisfactory to the
Producing Party that such breach shall not recur; and (3) provide sufficient
information about the breach that the Producing Party can reasonably ascertain
the size and scope of the breach. The Receiving Party agrees to cooperate with
the Producing Party in investigating any such security incident. In any event, the
Receiving Party will promptly take all necessary and appropriate corrective action
to terminate the unauthorized access.

21.   In the event of a disclosure of any Discovery Material pursuant to this Order to
any person or persons not authorized to receive such disclosure under this Order,
the Party responsible for having made such disclosure shall promptly notify, in
writing, counsel for the Producing Party whose Discovery Material has been
disclosed and provide to such counsel all known relevant information concerning
the nature and circumstances of the disclosure. The responsible disclosing party
shall also promptly take all reasonable measures to retrieve the improperly
disclosed Discovery Material and to ensure that no further or greater unauthorized
disclosure and/or use thereof is made, including securing the agreement of the
recipient(s) not to further disseminate such improperly disclosed Discovery
Material in any form. The Receiving Party shall notify the Producing Party in
writing of the failure to retrieve any such documents. This notice shall (1)
specifically identify the Protected Material not returned; (2) identify the person

from whom the Protected Material could not be retrieved; and (3) state the efforts made to retrieve such Protected Material and the reasons these efforts were unsuccessful.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

22.    The unauthorized or inadvertent disclosure of Protected Material does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Confidential.

23.    If a Producing Party inadvertently produces documents containing privileged information or work product (i.e., any information that may properly be withheld from discovery pursuant to Federal Rule of Civil Procedure 26(b)(5) on the grounds of attorney client privilege, work product protection, or other applicable privileges or immunities), such Party's inadvertent production of any such documents will not constitute a waiver of privilege.  Upon receiving notice from the Producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged, or to contain privileged information, the parties in receipt of the inadvertently produced document(s) will promptly take reasonable steps to locate and return or destroy all copies of any such documents.  Any such documents shall not thereafter be used by the parties in receipt of the documents for any purpose, unless and until the documents are adjudicated to be non-privileged.  Nothing in this paragraph shall alter an attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information.

24.    Within 60 days of the final disposition of this action – including all appeals – all recipients of Protected Material must either return it – including all copies thereof

– to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

25. This Order will survive the termination of the action and will continue to be binding upon all persons to whom Protected Material is produced or disclosed. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

26. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different protections than those set forth herein.

27. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as

"Confidential" or "Highly Confidential" pursuant to the terms of this Order. A non-party's use of this Order to protect its Discovery Material does not entitle that non-party access to the Discovery Material produced by any party in this case.

28.   This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED, AND AGREED.

Dated: May 23, 2019

White Plains, New York

Dated: 5/23/17

New York, New York

SO ORDERED.

Lisa Margaret Smith
United States Magistrate Judge                5/24/2019

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRIET LOWELL, *et al.*,

                   Plaintiffs,

         -against-

LYFT, INC.,

               Defendants

**NON-DISCLOSURE
AGREEMENT WITH RESPECT TO
CONFIDENTIAL
AND PROTECTED
HEALTH INFORMATION**

Civil Action No. 7:17-CV-06251-NSR-LMS

       I, _____, acknowledge that I have read and understand the

CONFIDENTIALITY AGREEMENT AND HIPAA-QUALIFIED PROTECTIVE ORDER in

this action governing the non-disclosure of protected health information ("PHI") and those

portions of Discovery Material that have been designated as "Confidential" or "Highly

Confidential" (the "Protected Material"). I agree that I will not disclose such PHI or Protected

Material to anyone other than for purposes of this action and that at the conclusion of the action I

will return all PHI or Protected Material to the Party or attorney from whom I received it. By

acknowledging these obligations under the Protective Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New

York for the purpose of any issue or dispute arising hereunder and that my willful violation of

any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____   _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF      :
SEALED DOCUMENTS IN CIVIL CASES    :
                                   :
                                   :
------------------------------------X



STANDING ORDER
M-10-468

MICHAEL B. MUKASEY, CHIEF JUDGE:

     Any protective order in any civil case that provides
for the filing of information under seal shall include the
following provision:

    "Sealed records which have been filed with the clerk shall
    be removed by the party submitting them (1) within ninety
    (90) days after a final decision is rendered if no appeal is
    taken, or (2) if an appeal is taken, within thirty (30) days
    after final disposition of the appeal.  Parties failing to
    comply with this order shall be notified by the clerk that,
    should they fail to remove the sealed records within thirty
    (30) days, the clerk may dispose of them."

     This order will be self-executing, in that the Clerk
will treat all protective orders that direct the sealing of
documents in civil cases as if they contain the above provision.

     SO ORDERED:

Dated:  New York, New York
       October 5, 2001

     Michael B. Mukasey,
     U.S. District Judge

MICROFILM

OCT - 5 2001