**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

August 23, 2021

**BY ECF**
Honorable Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *Lowell, et al. v. Lyft, Inc.*, **No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)**

Dear Judge Krause,

Pursuant to this Court's Stipulated Protective and Confidentiality Order dated May 24, 2019, ECF No. 67 ("Protective Order"), Westchester Disabled On The Move, Inc. and Harriet Lowell (collectively "Plaintiffs") respectfully move for leave to file under seal a document that Defendant Lyft, Inc. ("Lyft") designated as confidential and to redact references to that document and its contents in Plaintiffs' discovery dispute letter, which cites to the document.

In compliance with this Court's Electronic Case Filing Rules & Instructions § 6 ("ECF Rules"), the Protective Order also outlines the procedural requirements for filing documents containing confidential information under seal:

> In filing Protected Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

Protective Order, ¶ 15.

In light of the Protective Order, Plaintiffs respectfully request that an October 1, 2018 email that Lyft has designated as confidential be filed under seal.[1] Plaintiffs also request that references to that email and its contents be redacted from Plaintiffs discovery dispute letter. This request is narrowly tailored to cover only the relevant document that Defendant has designated as confidential, quotations of the document, or references to the substance of the document.

---

[1] Plaintiffs take no position as to whether Defendant's confidentiality designation is correct, and Plaintiffs have no objection to Defendant submitting a letter that better articulates their basis for designating the document as confidential.

1

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Redaction of the confidential information at issue is authorized by federal law. Although there is a presumption of public access to judicial documents, Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and alterations omitted). These "countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Id.* (internal quotations omitted).

Here, Plaintiffs are filing a letter regarding ripe discovery disputes -- a letter which references a confidential exhibit -- and therefore must submit this confidential exhibit under seal in keeping with Defendant's designation of the document. *See* Protective Order, ¶ 15. This request is narrowly tailored, in that it relates only to the relevant document that Defendant labeled as Confidential pursuant to the Protective Order and will allow Plaintiffs' discovery dispute letter to be redacted only to the extent necessary to protect Defendant's claimed confidentiality interests.

Based on the foregoing, Plaintiffs respectfully request that: (i) their Motion for Leave to File Under Seal be granted; (ii) the redacted versions of Plaintiffs' letter regarding ripe discovery disputes and the accompanying confidential exhibit electronically filed on August 23, 2021 be accepted as the public version of this filing; and (iii) that the Court grant Plaintiffs leave to file un-redacted versions of the same under seal.

Respectfully submitted,

Dated: August 23, 2021                By: */s/ Jeremiah Frei-Pearson*

Jeremiah Frei-Pearson
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
ckhalil@fbfglaw.com

Michael F. Ram (*Pro Hac Vice*)
**MORGAN AND MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

San Francisco, CA 94102
Tel: 415-358-6913
mram@forthepeople.com

CC:
All counsel of record by ECF

3