
FOLGER LEVIN LLP
Attorneys at Law

199 Fremont Street, 20th Floor
San Francisco, California 94105

PHONE 415.625.1050
WEBSITE folgerlevin.com

September 8, 2021

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    Notice of Supplemental Authority for September 15, 2021 Conference
                *Lowell, et al. v. Lyft, Inc.*
                Case No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Magistrate Judge Krause,

We write to advise you of the attached trial decision issued on September 1, 2021, by Judge William Alsup of the Northern District of California in *Independent Living Resource Center San Francisco v. Lyft, Inc.*, Case No. 19-01438 ("*ILRC* Decision"), in which Judge Alsup concluded that Lyft does not engage in discrimination in violation of the ADA.

Judge Alsup's detailed decision offers useful legal context for the discovery disputes to be decided by this Court on September 15, 2021.

First, as Judge Alsup confirmed, the only relevant theory of discrimination under the ADA is whether Plaintiffs can demonstrate that Lyft "failed to implement a requested – and reasonable – modification" to its policies, practices, or procedures under 42 U.S.C. § 12184(b)(2)(A) and § 12182(b)(2)(A)(ii). *ILRC* Decision, at pp. 14-15 [Conclusion of Law ("COL") Nos. 1-4]. *See also Namisnak v. Uber Techs., Inc.*, 444 F. Supp. 3d 1136, 1143-46 (N.D. Cal. 2020).

Second, under the reasonable modification provision, it is Plaintiffs' burden in these cases to demonstrate that the modification they requested of Lyft is *concrete and specific*, not iterative or experimental. *ILRC* Decision, at pp. 15-17 [COL Nos. 6-12]. It is worth noting that Plaintiffs in this lawsuit *never* requested a modification before filing the action and indeed, have yet to identify *any* potential modification – never mind one that is concrete and specific, rather than purely experimental and conjectural – that could plausibly lead to the creation of nationwide WAV service on the Lyft platform.

Third, assuming that Plaintiffs could identify a concrete and specific modification, such a modification must be "straightforward and simple." *ILRC* Decision, at p. 16 [COL No. 10]. In Judge Alsup's words, "[e]ven a vast bottom line does not transform exorbitant modifications into

Hon. Andrew E. Krause<br>
September 8, 2021<br>
Page 2

reasonable ones." *Id.*, at p. 27 [COL No. 54]. The types of "modifications" previously approved under Title III consist of things such as reserving movie theater seats or permitting the use of a golf cart. *Id.* As Judge Alsup concluded, there is no authority for approving a "modification" with a price tag of $5 million, never mind a purported "modification" with an *annual* cost of hundreds of millions as Plaintiffs here are apparently planning to put forth. *See* Dkt. No. 111, at page 3, fn. 4 and page 4.

Fourth, the ADA does not require Lyft to offer WAV nationwide just because it offers WAV in a select number of cities. *ILRC* Decision, at p. 29 [COL No. 60]. Instead, what the law demands is a case-by-case assessment of whether the concrete and specific modification requested of a defendant would be reasonable and effective. *Id.*; *see also Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995) (the determination of whether a particular modification is reasonable involves a fact-specific, case-by-case inquiry). A "case-by-case inquiry" for WAV means a location-by-location inquiry. Just as Judge Alsup declined to apply New York City data to the San Francisco Bay Area based on differences such as population density, Plaintiffs here will be required to undertake a location-by-location analysis to demonstrate how WAVs can be offered reasonably and effectively on a nationwide scale.

We would be happy to answer any questions regarding the *ILRC* Decision at the upcoming conference on September 15.

Respectfully submitted,

Jiyun Cameron Lee

Enclosure

1126045.1