

FOLGER LEVIN LLP
Attorneys at Law

199 Fremont Street, 20th Floor
San Francisco, California  94105

PHONE 415.625.1050
WEBSITE folgerlevin.com

September 13, 2021

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    For September 15, 2021 Conference – Limited Discovery of Putative Class
             *Lowell, et al. v. Lyft, Inc.*
             Case No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Magistrate Judge Krause,

The purpose of this letter is to raise one additional matter for the September 15, 2021 conference: the scope of limited discovery of putative class members. Despite meet and confer, the parties have not been able to reach agreement on the limited scope of discovery requested by Lyft.

**Background**.  On January 8, 2021, Lyft issued its Second Set of Interrogatories to Plaintiffs. Among the interrogatories were Interrogatory No. 20, which asked Plaintiffs to "[i]dentify all individuals whose testimony You intend to offer in support of class certification." After substantial meet and confer efforts, Plaintiffs provided a list of approximately 84 such individuals on July 16, 2021, in their Third Amended Responses to Second Set of Interrogatories. A true and correct excerpt of that response is attached hereto as Exhibit 1.

Based on our communications with Plaintiffs' counsel, we understand they intend to continue updating this list until their Motion for Class Certification is served on Lyft on February 25, 2022.

**Lyft's Proposal**. Lyft seeks limited discovery as to the putative class members who will submit declarations in support of the Motion for Class Certification (the "putative class declarants"). This is necessary for Lyft to be able to oppose Plaintiffs' Motion: Lyft otherwise has no way of knowing who these putative class members are. Unlike other class actions where putative class members may be actual consumers or employees of the defendant, the putative class members here are *complete strangers* to Lyft, comprised of persons who were allegedly deterred from signing up for Lyft. *See* Dkt. 20, Amended Complaint, ¶¶ 116-17.

Hon. Andrew E. Krause<br>
September 13, 2021<br>
Page 2

Recognizing that the 84 individuals may only be a subset of the full group of such putative class declarants, and/or that some of the individuals currently on the list may not submit a declaration in February 2022, Lyft proposed the following:

1. On or before February 11, 2022, Plaintiffs will identify a complete list of all putative class declarants. For each putative class declarant, including any putative class declarant previously identified in response to Lyft's Interrogatory No. 20, Plaintiffs shall:

    a. Provide the person's full name, present or last known address, and the present or last known place of employment, as required under Local Civil Rule 26.3(c)(3);

    b. Provide all email addresses and cell phone numbers used by the putative class declarants since August 2017. Lyft seeks this information because whether the putative class members have accepted the class action waiver and agreement to arbitrate is key to class certification – and Plaintiffs' class definition. *See Indep. Living Res. Ctr. San Francisco v. Lyft, Inc.,* 2020 U.S. Dist. LEXIS 217165 (N.D. Cal., November 19, 2020); *see also* Dkt. 20, Amended Complaint, ¶¶ 116-17 (defining class to include those individuals who have been deterred from signing up with Lyft). Having this information will make it possible for Lyft to quickly confirm that the putative class declarants are proper class members. As Lyft has assured Plaintiffs, Lyft will not make any effort to use the information to contact any of the putative class declarants.

2. Within 24 hours of receiving service of Plaintiffs' opening papers in support of their Motion for Class Certification, Lyft will identify up to 10% of the total putative class declarants for deposition.

    a. Each deposition will be no more than two hours. Lyft can and will take more than one deposition per day, as needed.

    b. Plaintiffs will arrange the depositions to be taken by March 11, 2021.

3. To the extent either party relies on the testimony of any previously undisclosed witness(es) in connection with plaintiffs' motion for class certification, the other party may take the deposition of any such person(s).

4. The deadline for service of Lyft's opposition to class certification will be extended by one week, to March 25, 2022. The time for Plaintiffs' reply brief in support of class certification will be extended by one week as well, so that the reply brief is due April 15, 2022.

Hon. Andrew E. Krause<br>
September 13, 2021<br>
Page 3

**Dispute**. Plaintiffs have agreed to allow a limited number of depositions to take place following the fact discovery cutoff, but are unwilling to allow more than 6 additional depositions despite a two-hour limit, and are unwilling to agree to provide critical identifying information about the declarants necessary for confirming that they are proper class members.

In an email dated Thursday, September 9, 2021, Plaintiffs wrote:

> Regarding putative class member depositions, we can agree that Plaintiffs will disclose witnesses in support of class certification by February 11 and Lyft to identify and take depositions by March 11 (we cannot agree to Lyft taking two weeks to identify witnesses and Plaintiffs then having two weeks to prepare witnesses for depositions and defend the depositions, so we suggest Lyft identify any witnesses by February 18). We can agree to Lyft taking two hour depositions of fact witnesses. Under the Rules, Lyft is limited to a total of ten fact depositions, which means Lyft currently has 6 depositions that it may use to depose witnesses Plaintiffs offer in support of class certification. We will provide all information regarding witnesses that Plaintiffs are required to provide under the operative rules.

On Friday, September 10, 2021, Lyft responded to Plaintiffs' above email with a concrete proposal consistent with the more simplified version outlined above. Lyft requested a response from Plaintiffs by noon Eastern/9 a.m. Pacific on Monday, September 13, 2021, but as of the time of this filing, Plaintiffs have not responded. A full copy of the parties' meet and confer on this issue is attached for the Court's review as Exhibit 2.

Lyft's proposal is similar to the procedure the parties followed in the *ILRC* case. In that case, Plaintiffs voluntarily produced putative class declarations in advance of their Motion for Class Certification, recognizing that providing such information would allow for a fair process.

We look forward to discussing this issue with you on Wednesday.

Respectfully submitted,

Jiyun Cameron Lee

Enclosure

1126800.3