# EXHIBIT 2

# Jiyun Cameron Lee

| | |
|---|---|
| **From:** | Jiyun Cameron Lee |
| **Sent:** | Friday, September 10, 2021 12:56 PM |
| **To:** | Jeremiah Frei-Pearson; Marie Jonas |
| **Cc:** | Michael Ram x20021; Marie Appel x20020; Christina Romero; Chantal Khalil; Amanda Chan; Keir Negron |
| **Subject:** | RE: Lowell v. Lyft:  Summary of Today's Call |

Jeremiah,

I write to clarify and respond to your email regarding fact discovery.

- The deadline is extended to October 29. Plaintiffs understand that Lyft will avoid scheduling these depositions during the period Oct 6-21.
- The following depositions are now scheduled:
    - Abbas Bozorgirad – 12 pm EST/9 am PST, September 20
    - Deepak Gupta – September 21
    - April Mims – September 24
    - We propose starting Mr. Gupta and Ms. Mims at 8:00 am PST/11:00 am EST. **Please confirm the start time** so that we can advise the witnesses. It is not fair to them, or to us, for you to unilaterally designate a start time by sending a Zoom link the day before as you have been doing.
- Given the agreement to extend the deadline, we do not object to trying to schedule Ms. Gerundio before the remaining deponents if we are able to do so. However, this will depend on witness availability. We will let you know of Ms. Gerundio's availability early next week, and follow up with the availability of other witnesses.
- With your withdrawal of Julian Tantzen, Plaintiffs are at 9 depositions – <u>assuming</u> that Plaintiffs are not intending to depose Dr. Bozorgirad, Mr. Selinger, Mr. Treger, Mr. Zhou and Ms. Ren in their individual capacities. To the extent that you end up going beyond the designated topics for these individuals, those will count as additional fact depositions. Lyft will not object to Plaintiffs going over the total number of ten with these individuals.
- As for the depositions of putative class members:
    - We can agree to the following.
        - On or before February 11, 2022, Plaintiffs will identify a complete list of all putative class members who will submit declarations in support of class certification (the "putative class declarants"). With respect to each putative class declarant, including any putative class declarant previously identified in response to Lyft's Interrogatory No. 19, Plaintiffs shall identify the person's full name, present or last known address, and the present or last known place of employment. This is the minimum information required under Local Civil Rule 26.3(c)(3).
        - In addition, Plaintiffs will provide all email addresses and cell phone numbers used by the putative class declarants since August 2017. As I noted in my original email, Lyft will not make any effort to contact these individuals. The reason we want to get the email addresses and cell phone numbers is so that we can confirm these individuals have not previously downloaded the Lyft app and accepted the Terms of Service. As you know, whether the putative class members have accepted the class action waiver and

1

> agreement to arbitrate is key to class certification – and Plaintiffs' class definition. *See Indep. Living Res. Ctr. San Francisco v. Lyft, Inc.,* 2020 U.S. Dist. LEXIS 217165 (N.D. Cal., November 19, 2020); *see also* Dkt. 20, Amended Complaint, ¶¶ 116-17 (defining class to include those individuals who have been deterred from signing up with Lyft).
>   - Lyft will identify those individuals it wishes to depose on or before February 21, 2022, ***provided that*** on or before February 20, 2022, Plaintiffs provide Lyft with the declarations of the putative class declarants. Otherwise, we will identify the deponents on February 25, after we have had an opportunity to review the declarations served with your motion.
>   - Each deposition will last no longer than 2 hours. The depositions will be completed on or before March 11, 2022.
>   o As for the number of putative class member depositions, we believe the total number should be larger of:
>     - The total number of fact depositions taken by Plaintiffs minus four **or** 10% of total putative class member declarants.
>   o This proposal is incredibly generous to Plaintiffs. After all, Lyft has no information regarding these putative class members, and will not have had any opportunity to conduct discovery as to them until long after the close of fact discovery.
>   o Please advise by no later than 9:00 am PST on Monday, September 13 if this proposal is not agreeable to you, so that we can raise it with Magistrate Judge Krause.
>   o The briefing schedule will be as set forth in my email dated September 8, 2021.
> - Except as specifically agreed, no other dates are affected.

As for the list of PowerPoint and Google slide documents you provided, we will get back to you.

Best regards,
Jiyun

---

**FOLGER LEVIN LLP**
**Jiyun Cameron Lee**

Direct:    415.625.1075
Email:     jlee@folgerlevin.com

---

**From:** Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>
**Sent:** Thursday, September 9, 2021 2:24 PM
**To:** Jiyun Cameron Lee <jlee@folgerlevin.com>; Marie Jonas <mjonas@folgerlevin.com>
**Cc:** Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>; Christina Romero <christinaromero@forthepeople.com>; Chantal Khalil <ckhalil@fbfglaw.com>; Amanda Chan <AChan@FBFGLaw.com>; Keir Negron <KNegron@fbfglaw.com>
**Subject:** RE: Lowell v. Lyft: Summary of Today's Call

Jiyun,

Thank you for your proposal.  We can agree to extend the fact deposition deadline to October 29.

We agree that both parties will be limited to ten fact depositions.  We continue to believe that Ms. Gerundio should be the first deponent, as you originally suggested and as we requested (we agreed to depose Ms. Chan first as a courtesy).  Do you have a sense as to when she will be available?  In order to keep things moving, we can also agree to take Mr. Gupta and Ms. Mims' depositions on the currently scheduled dates even if Ms.

Gerundio is unavailable. We can agree to take Mr. Wu's deposition after Ms. Gerundio's deposition and one week after the complete production of all LyftSub documents, which is pending your review of the privilege log for any additional erroneously withheld documents (as discussed on Tuesday) and pending Judge Krause's possible resolution of any disputes regarding privilege assertions. We are currently suspending our request to depose Mr. Julien Tantzen pending further discovery. We agree that both parties will be limited to 10 fact depositions (with expert depositions being a separate issue).

Regarding putative class member depositions, we can agree that Plaintiffs will disclose witnesses in support of class certification by February 11 and Lyft to identify and take depositions by March 11 (we cannot agree to Lyft taking two weeks to identify witnesses and Plaintiffs then having two weeks to prepare witnesses for depositions and defend the depositions, so we suggest Lyft identify any witnesses by February 18). We can agree to Lyft taking two hour depositions of fact witnesses. Under the Rules, Lyft is limited to a total of ten fact depositions, which means Lyft currently has 6 depositions that it may use to depose witnesses Plaintiffs offer in support of class certification. We will provide all information regarding witnesses that Plaintiffs are required to provide under the operative rules.

Please let us know if the above works or if you would like to discuss. Also, as you requested during our conferral, attached is a list of PowerPoint and Google Slide documents from Defendant's production that we request be produced in native format or PowerPoint. We look forward to hearing from you on the other outstanding items.

Best,

Jeremiah


Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: 914-298-3284 | Fax: 914-908-6722

---

**From:** Jiyun Cameron Lee <jlee@folgerlevin.com>
**Sent:** Wednesday, September 8, 2021 6:51 PM
**To:** Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; Marie Jonas <mjonas@folgerlevin.com>
**Cc:** Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>; Christina Romero <christinaromero@forthepeople.com>; Chantal Khalil <ckhalil@fbfglaw.com>; Amanda Chan <AChan@FBFGLaw.com>; Keir Negron <KNegron@fbfglaw.com>
**Subject:** RE: Lowell v. Lyft: Summary of Today's Call

Jeremiah,

We will respond more fully to your below "summary" of our meet-and-confer session in the next day or so. However, with respect to the fact deposition cutoff, we propose the following.

- Lyft will agree to extend Plaintiffs' deadline for completing depositions of fact witnesses to Friday, October 29, 2021. As a heads up, you should know that Marie and I have conflicts during the period from October 6 to 21. For this reason, we ask that the parties not set any depositions during that period unless it is reasonably necessary to do so.
    - Notwithstanding this extension, we should move forward with the depositions of Christopher Wu and April Mims, as these are former employees who have already set aside September 14 and 24, respectively, for their depositions.

- o We should also move forward with the deposition of Abbas Bozorgirad, as this deposition is already on the calendar for this Friday, September 10.
- o Deepak Gupta is available on September 20 or 21. Based on our agreement to postpone Richard Zhou's deposition, please let me know if you'd like to take Mr. Gupta's deposition on September 21.
- o Let us know whether you would like to keep the other depositions for which we've already selected dates. Our preference is to keep as many of them on the calendar as possible. We will get you dates for Kaleb Miller, Julian Tantzen, and Isabella Gerundio. As we told you yesterday, Lyft does not agree to postponing all depositions until Ms. Gerundio can be deposed.
- To date, you have identified the following ten depositions. You agree that Plaintiffs will be limited to these ten.
    1. PMK
        a. Joyce Chan
        b. Isabella Gerundio
        c. Abbas Bozorgirad
        d. Asaf Selinger
        e. Leon Treger
        f. Rich Zhou
        g. Audrey Ren
    2. Joyce Chan
    3. Isabella Gerundio
    4. Paul Davis
    5. Christopher Wu
    6. April Mims
    7. Don Lee
    8. Kaleb Miller
    9. Deepak Gupta
    10. Julian Tantzen
- Putative Class Member Discovery:
    - o To date, Plaintiffs have identified approximately 84 putative class members on whose testimony they may rely in support of their Motion for Class Certification to be served in February 2022. Plaintiffs have represented that the list is not complete, and that they plan to keep supplementing this list until the Motion for Class Certification is served. It is impossible for Lyft to know with any certainty whether the individuals they select for depositions today will, in fact, end up submitting a declaration in support of Plaintiffs' Motion for Class Certification in February 2022.
    - o To avoid wasting everyone's time and resources, Lyft proposes the following:
        - On or before February 11, 2022, Plaintiffs shall provide a complete list of those individuals who will submit declarations in support of their Motion for Class Certification. The list will include the following information as to each declarant:
            - Full name
            - City, State, and Zip Code of residence
            - Cell phone number
            - Email Address
            
            Lyft will not make any effort to contact the declarants using the information provided.
        - On or before February 25, 2022, Lyft will identify ten individuals for deposition. This number is equal to the number of total individuals (14) Plaintiffs are deposing in their individual or representative capacity, less the four depositions Lyft has taken to date. The number of putative class member depositions will be adjusted in the event the parties mutually agreed to additional depositions (or the Court allows additional depositions).
        - Plaintiffs agree to produce, on or before March 11, 2022, the individuals identified by Lyft for deposition.
        - All depositions will be taken by Zoom, and each deposition will be limited to a maximum of two hours.

- o To the extent either party relies on the testimony of any previously undisclosed witness(es) in connection with plaintiffs' motion for class certification, the other party may take the deposition of any such person(s).
- o The deadline for Lyft's opposition to class certification will be extended by one week, to March 25, 2022. Plaintiffs' reply brief in support of class certification will be due April 15, 2022.
- Except as expressly agreed above, all other deadlines, including expert discovery deadlines, shall remain in place.

We believe this is a reasonable proposal that meets everyone's interests. Please let me know if you would like to discuss.

Best,
Jiyun

**FOLGER LEVIN LLP**
**Jiyun Cameron Lee**

Direct:   415.625.1075
Email:    jlee@folgerlevin.com

---

**From:** Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>
**Sent:** Tuesday, September 7, 2021 6:08 PM
**To:** Jiyun Cameron Lee <jlee@folgerlevin.com>; Marie Jonas <mjonas@folgerlevin.com>
**Cc:** Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>; Christina Romero <christinaromero@forthepeople.com>; Chantal Khalil <ckhalil@fbfglaw.com>; Amanda Chan <AChan@FBFGLaw.com>; Keir Negron <KNegron@fbfglaw.com>
**Subject:** Lowell v. Lyft: Summary of Today's Call

Counsel,

Thank you for conferring with us today.  Below is a summary of today's meet and confer:

**Data**
Plaintiffs asked if Lyft would supplement to provide the data identified in prior correspondence that Lyft failed to produce.  Defendant noted that Lyft is planning on supplementing its production to produce the data, but that the data was voluminous so identifying and producing it would "take some time."  Plaintiffs noted that, given the deposition deadlines, the data is needed ASAP, and asked Lyft to commit to a date certain for its production.  Lyft refused to do so, again noting the voluminous nature of the deposition.  However, Marie committed to producing the data "as soon as possible."  Jiyun stated that the data is needed for expert work, but expert work is not due for several months.  Jiyun did recognize that Richard Zhou is the "data guru" and that Plaintiffs should receive the full data before his deposition, but objected to "unwarranted delay" of delaying any other depositions so as to allow Plaintiffs time to review the data that Lyft was obligated to produce in February before taking the depositions.  Ultimately, Lyft agreed to produce all outstanding data by one week in advance of Mr. Zhou's deposition.  Upon receipt of the data, Plaintiffs will evaluate whether this allows for sufficient time to review the data, understand the data, and incorporate all necessary data into any deposition outline.

**Shared Documents**
Jiyun stated that Lyft is unable to review an email and have the reviewer click on the link to view the attached document.  Plaintiffs do not understand this, as when the documents were in Lyft's email Lyft was certainly able to click the link and see the attached document.  Jiyun stated that Plaintiffs should identify the missing shared documents.  I explained that Plaintiffs identified 692 of such documents previously and Lyft only produced 90 – we want the other 602 plus all others.  Lyft refused, stating that it will not produce any more hyperlinked documents.

**Slack**
Jeremiah asked if Lyft ran the search terms on Slack. Jiyun stated that Lyft did not search Slack and that Plaintiffs have "known from the get go that slack documents were not concluded." I explained that Jiyun's statement is false; Plaintiffs and Lyft never discussed Slack, but Plaintiffs expected that Lyft would produce all responsive ESI. It was only after completing review of Lyft's production that Plaintiffs realized that (1) Lyft uses Slack; and (2) responsive Slack documents exist but were not produced. Jiyun went on a diatribe stating that Plaintiffs seek Slack documents only to delay and that Slack is "ephemeral communications"; the diatribe included Jiyun calling Plaintiffs' counsel "unprofessional." I responded that Jiyun's comments were not appreciated and I also called Jiyun unprofessional. Moving out of the heat of the moment, I apologize for my language and I hope we are all able to act more professionally moving forward. In response to Jiyun's statement that Slack should not be produced because Slack is an "ephemeral communication", I asked Jiyun to explain how Slack was more ephemeral than an email or other written documents. I did not understand Jiyun's response. In any event, Lyft will not produce communications on Slack, and all agree this issue is ripe for the Court's involvement.

**LyftSub**
Plaintiffs asked what burden was associated with Lyft simply producing all LyftSub documents. Marie stated that there is no burden associated with LyftSub, but more recent documents do not exist. I pointed out that Plaintiffs only saw LyftSub documents in the *ILRC* production made in May, as not a single LyftSub document was produced in the *Lowell* production. Marie explained that the LyftSub documents in the *Lowell* production were erroneously withheld as privileged and that those erroneously withheld documents were produced via *ILRC* so Plaintiffs received them. Jiyun stated that, as of now, all LyftSub documents are either produced or on the privilege logs, excluding Slack documents.

**Native Documents**
I asked Lyft to produce PowerPoints and Google Slides in native format, as the documents Lyft produced were not legible. Jiyun stated that on some documents the comments were redacted, and that redacting those documents cannot be done when the documents are in native format. Jiyun stated that Lyft's final position is that it will produce documents, but producing in native isn't standard so Plaintiffs need to provide a list of all illegible documents. I explained that Plaintiffs are in the process of (1) reviewing Defendants' current production, which was only fully produced in useable format late last month; (2) preparing for and taking 8 depositions this month; and (3) dealing with numerous discovery issues. Therefore, Lyft should simply search its own production for PowerPoint and Google Slides documents and produce them in a legible manner. Jiyun refused. Accordingly, although we do not believe that it is Plaintiffs' burden to identify every single illegible document Lyft produced, we will provide Lyft with the list asap.

**Privilege Log**
I noted that there are 502 entries marked for redaction without Bates numbers and that the corresponding Bates numbers must be identified. Jiyun said Lyft would "have to take a look at it." I said I understand that, but given timing we need this information asap as the conference with Judge Krause is on the 15th. Lyft agreed to get back to us by September 10.
Jiyun asked about Plaintiffs' privilege log. I apologized for the delay and said it would be produced this week and would be substantially shorter than Lyft's privilege log. Jiyun stated that she finds Plaintiffs' "lack of professionalism disheartening."
I noted that there are many emails in Lyft's privilege log that do not include attorneys. Jiyun asked for specifics, so I pointed to one of the first documents on the log, a July 16, 2018 email from Paul Davis, which involved no attorneys. Jiyun stated that such entries likely parrot legal advice. I stated that if the entries parrot legal advice then we need more fulsome description, as the log itself provides no indication of the subject matter of the communication, the topic about which legal advice is provided, or who is providing the legal advice. Jiyun stated that Lyft is standing on the entries provided in the privilege log.

I noted that Lyft's privilege log reflects 40 documents that were sent to, from, or cc'd a government domain.  Jiyun agreed that Lyft would look into this and get back to us in a day or to.
I noted that the ILRC log has no specificity and every entry simply says "[c]onfidential communication with lawyer concerning legal advice", which is not sufficient.  Jiyun stated that Disability Rights Advocate agreed on the parameters of that privilege log so Lyft will stand on it.  Jiyun stated that if I called Stuart Seaborn he would say that "the parameters of the privilege log were agreed to."  I communicated with Stuart this evening and he has no memory of any agreed upon parameters limiting the amount of detail or information included in privilege logs (Rebecca Serbin, who could have also been involved in discussions, is out this week).  In any event, Plaintiffs position is that, in this case, the log falls short of the specificity required by the SDNY and we request an acceptable privilege log with requisite detail.  Although this issue may be ripe for dispute, we will wait until the parties have completed conferring about the privilege log (or until delay is no longer fair to Judge Krause) before raising privilege issues with the Court.
I noted that 502 documents were sent to and from Gmail accounts, which would appear to break the privilege.  Jiyun agreed to look into it and get back to us in a few days.
We discussed LyftSub.  I noted that the privilege log does not identify topics, so we can only identify documents relating to LyftSub from the documents' subject line (as opposed to from a description of the subject matter as is required by the Rules) and that many documents relating to LyftSub likely did not contain LyftSub in the subject line so Plaintiffs could not identify which LyftSub documents were withheld.  Jiyun stated that documents relating to LyftSub were erroneously labeled as privileged in *Lowell*, but that the documents were produced in *ILRC*.  Jiyun agreed to look at all documents relating to LyftSub and produce any if appropriate.  Plaintiffs asked when that would happen.  Joyin said "we will let you know."  Plaintiffs request a new log that identifies all LyftSub documents.  Plaintiffs also again request a log that describes the subject matter of the withheld documents.
I noted that there are 433 entries sent to third parties that appeared to break privilege.  Jiyun stated that those entries might involve consultants and "law firms and such."  Jiyun asked Plaintiffs to send Lyft a list of all such documents.  Attached please find that list.
I asked if Lyft would provide calendar entries.  Jiyun stated that the calendar entries contain information about the reasons for the meeting and that those reasons are privileged.  I disagree with that characterization, but in the spirit of trying to reach agreement, Plaintiffs are unlikely to involve the Court in a dispute over calendar entries.

**Depositions**
I stated that we hope Ms. Gerundio's health is ok and asked when Ms. Gerundio's deposition would occur.  Jiyun stated that Ms. Gerundio is out on leave, that her health is more important than this case and that Lyft will "think that through with [Ms. Gerundio]" and will get back to us.  I noted that Plaintiffs would still like to take Ms. Gerundio's deposition before taking other depositions – especially given that Jiyun told us in the first half of the year that we should depose Ms. Gerundio first.  Jiyun stated that Lyft's position is that we had "months" to depose Ms. Gerundio.  I noted that when Jiyun first told us to depose Ms. Gerundio Lyft had not come close to completing its document production (a process that is still not close to complete) and Plaintiffs would be prejudiced by taking depositions without documents.
I asked about Lyft's request to depose witnesses who may not have yet been identified.  Jiyun stated that Lyft believed Plaintiffs would object to the depositions of class members because they are not parties until certification and that Lyft views the depositions as putative class members as seperate from fact depositions.  I hereby request any law to support the claims that the deposition of class members who are witnesses are not encompassed in fact discovery.  I noted that we could agree to extend the fact deposition deadline until two weeks after class certification to allow for Lyft to depose fact witnesses, but we could only agree to this if the deadline for Plaintiffs to depose Lyft's witnesses is also extended.  This deal would allow both parties to take full discovery and would not affect any deadline.  Jiyun stated that she would consult with her client and endeavor to get back to Plaintiffs by close of business tomorrow.

Best,

Jeremiah

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: 914-298-3284 | Fax: 914-908-6722

**Please consider the environment before printing this e-mail.**

**Confidentiality Notice**

**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.**

**Thank you..**

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.