# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

HARRIET LOWELL and WESTCHESTER DISABLED ON THE MOVE, INC., individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

LYFT, INC.,

        Defendant.

Case No. 7:17-cv-06251

# MEMORANDUM OF LAW
# IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Harriet Lowell ("Ms. Lowell") and Westchester Disabled on the Move, Inc. ("WDOMI") (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's Opinion and Order (ECF No. 49) regarding Defendant Lyft, Inc.'s ("Lyft" or "Defendant") motion to dismiss.  Plaintiffs file this motion pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3 of the Southern District of New York's Local Civil Rules based on an intervening change in controlling law.

## INTRODUCTION

On August 23, 2021, the Second Circuit vacated and remanded a grant of summary judgment in a defendant's favor.  *Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transportation Auth.*, 11 F.4th 55, 67-68 (2d Cir. 2021) ("*BCID*").  In doing so, the Second Circuit examined and explicitly overruled this Court's motion to dismiss ruling with respect to Ms. Lowell's New York City Human Rights Law claims.  *Id.* (discussing *Lowell v. Lyft Inc.*, 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018)).

In light of the Second Circuit's controlling Opinion expressly holding that the Court applied an improper standard with respect to Plaintiff Lowell's NYCHRL claim, Plaintiffs respectfully request that the Court reconsider its dismissal of Ms. Lowell's NYCHRL claims.

## PROCEDURAL BACKGROUND

Ms. Lowell filed her original Complaint against Lyft on August 17, 2017.  ECF No. 1. Plaintiffs filed their Amended Complaint on December 6, 2017, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.*, ("NYCHRL").  ECF No. 20.  With respect to their NYCHRL

claims, Plaintiffs alleged that Lyft's discriminatory policies and practices denied Plaintiffs and putative class members full and equal enjoyment of Lyft's services, and had a disparate impact on Plaintiffs and the putative class. For example, Plaintiffs explain:

> Even in cities and regions where Lyft does make some wheelchair-accessible vehicles available, such vehicles typically make up only an extremely small portion of Lyft's vehicle fleet. Thus, customers with Access Mode enabled routinely experience significantly longer wait times to be matched with a wheelchair-accessible vehicle.

Am. Compl., ECF No. 20, ¶ 49.

> By forcing users of motorized and other non-folding wheelchairs to wait significantly longer to obtain rides from wheelchair-accessible vehicles than other users wait to obtain rides through its transportation services, Defendant denies such individuals, including Plaintiff Lowell, WDOMI members, and class members, full and equal enjoyment of Defendant's services[.]
>
> By failing to make reasonable modifications to its policies, practices, and procedures to make wheelchair accessible vehicles available with equivalent reliability and similar wait times as inaccessible vehicles, Defendant denies users of motorized and other nonfolding wheelchairs, including Plaintiff [] Lowell, WDOMI members, and class members, full and equal enjoyment of Defendant's transportation service[.]

Am. Compl, ECF No. 20, ¶¶ 137-138.

> By failing to operate its transportation service so that it is readily accessible and usable by people who use wheelchairs when viewed in its entirety, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on Plaintiff and members of the proposed class, each of whom qualifies as a member of a protected group under the provisions of the NYCHRL.

Am. Compl., ECF No. 20, ¶ 164.

On March 30, 2018, Defendant moved to dismiss Plaintiffs' Amended Complaint. ECF Nos. 31-33. On November 29, 2018, Judge Román issued an Opinion and Order regarding the motion to dismiss. ECF No. 49. The Opinion and Order denied Defendant's motion to dismiss with respect to Plaintiffs' ADA claims and Ms. Lowell's NYSHRL, and granted Defendant's

motion with respect to WDOMI's NYSHRL claim and Plaintiffs' NYCHRL claims. ECF No. 49 at 22.

In dismissing Plaintiff Lowell's NYCHRL claims, Judge Román reasoned:

> There is no case law to indicate that extended wait times for a public accommodation is a NYCHRL violation. While it is a NYCHRL violation to entirely exclude a person with a disability from accessing a public accommodation, *see All Island Airport Serv., Inc. v. N.Y. State Div. of Human Rights*, 127 A.D.3d 967, 968 (NY. App. Div. 2015), that is not the situation before the Court.

*Lowell v. Lyft Inc.*, 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018).

On August 23, 2021, the Second Circuit issued an Opinion in *Brooklyn Center for Independence of the Disabled v. Metropolitan Transportation Authority*, 11 F.4th 55 (2d Cir. 2021). Westlaw published the Opinion on September 29, 2021. Plaintiffs' counsel brought the Opinion to defense counsel's attention that same day and asked whether Defendant intended to oppose Plaintiffs' motion for reconsideration. On October 14, 2021, Defendant represented that Lyft does not intend to oppose this motion, but reserves the right to file a response.

## ARGUMENT

### I. Legal Standard

**"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."** *Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (emphasis added) (modifying prior decision granting summary judgment in light of recent controlling precedent) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), and citing *In re Ski Train Fire*, 224 F.R.D. 543, 548 (S.D.N.Y. 2004)). It is well established that "[c]ontrolling decisions include decisions from the United States Court of Appeals for the Second Circuit[.]" *Heffernan v. Straub*, 655 F.

Supp. 2d 378, 380-81 (S.D.N.Y. 2009) (citing *Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994)).

Motions for reconsideration are governed by Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3 of the Southern District of New York's Local Civil Rules.

> "The Court has authority under Fed. R. Civ. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." *Richman v. W.L. Gore & Assocs.,* 988 F. Supp. 753, 755 (S.D.N.Y. 1997). Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities." Fed. R. Civ. P. 54(b). . . .
>
> In this District, a motion to reargue, modify or vacate a prior decision must comply with Local Civil Rule 6.3, which "requires a party to submit a motion to reconsider a decision within ten days of the docketing of the Court's original determination, unless the movant presents a compelling reason to ignore the time limit." *Richman,* 988 F. Supp. at 755. The court retains "discretion to consider a motion for reargument notwithstanding the movant's failure to comply with Local Rule [6.3]'s requirements, but it will only exercise this discretion when justice so requires." *Church of Scientology Int'l v. Time Warner, Inc.,* No. 92-CV-3024, 1997 WL 538912, at *4 [] (S.D.N.Y. Aug. 27, 1997). **Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law**, such as the issuance of a relevant United States Supreme Court decision. *See Filler v. Hanvit Bank,* No. 01-CV-9510, 2003 WL 21729978, at *1 [] (S.D.N.Y. July 23, 2003) (vacating prior orders where recent United States Supreme Court decision altered outcome); *Richman,* 988 F. Supp. at 755, 759 (modifying prior opinion where Supreme Court decision constituted intervening change in controlling law).

*Clinton*, 652 F. Supp. 2d at 530 (emphasis added); *Lyons v. New York*, No. 15-3669, 2021 WL 1226957, at *5 (S.D.N.Y. Mar. 31, 2021) (Román, J.) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). . . . They 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.' *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).") (granting the plaintiffs' motions for reconsideration and reinstating dismissed claim in light of legal error).

4

Motions for reconsideration are virtually always granted when there is an intervening change in controlling law. *See, e.g.*, *Clinton*, 652 F. Supp. 2d at 530 (modifying prior decision granting summary judgment pursuant to Rule 54(b) and Local Rule 6.3 in light of recent controlling precedent); *In re Nassau Cty. Strip Search Cases*, 958 F. Supp. 2d 339, 343-53 (E.D.N.Y. 2013) (earlier rulings must be disregarded when an intervening controlling decision indicates "'a clear conviction of error' with respect to a point of law on which its previous decision was predicated" (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981))) (reversing prior grant of summary judgment pursuant to Rule 54(b) due to a subsequent Supreme Court decision, which constituted an intervening change in governing law); *cf. In re ITT Corp. Derivative Litig.*, 588 F. Supp. 2d 502, 507-08 (S.D.N.Y. 2008) (Seibel, J.) (granting motion for reconsideration of motion to dismiss decision pursuant to Local Rule 6.3 where court failed to apply the correct legal standard); *Jimenez v. Sommer*, No. 14-5166, 2016 WL 3181155, at *1-*2 (S.D.N.Y. June 3, 2016) (Román, J.) (finding that the "interests of justice warrant" reconsideration of the court's motion to dismiss opinion "well past the appropriate period to seek reconsideration" in light of controlling precedent, and reinstating previously dismissed claim pursuant to Rule 60(b) and Local Rule 6.3).

**II.** ***Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transportation Auth.* Constitutes A Change In Controlling Law And Compels Reconsideration And Reinstatement Of Plaintiff's NYCHRL Claims.**

A straightforward application of the Second Circuit's decision and the case law delineating appropriate circumstances for reconsideration mandate reconsideration and reinstatement of Ms. Lowell's NYCHRL claim here.

In *Brooklyn Center for Independence of the Disabled v. Metropolitan Transportation Authority*, "[a] certified class of people with impaired mobility who rely on elevators to access the New York City subway system, along with six disability-rights organizations, allege[d] that the disrepair of subway-station elevators violates," *inter alia*, the NYCHRL. Akin to Plaintiffs here

5

with respect to Lyft, the *BCID* plaintiffs alleged that the New York City subway system is a public accommodation under the NYCHRL.  *See BCID*, 11 F.4th at 59 (citing N.Y.C. Code § 8-107(4), which pertains to public accommodations); *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 261 (S.D.N.Y. 2018) (Plaintiffs plausibly alleged that Lyft is a public accommodation).  Additionally, much like Plaintiffs' claim that Lyft's excessively longer wait times to be matched with a wheelchair-accessible vehicle due to a lack of accessible vehicles violates the NYCHRL, the *BCID* plaintiffs asserted that individuals with disabilities lack meaningful access to the subways due to frequent outages and poor maintenance of elevators in violation of the NYCHRL.  *Lowell*, 352 F. Supp. 3d at 262-63; *BCID*, 11 F.4th at 59-60.  The *BCID* district court granted summary judgment in the defendant's favor with respect to the plaintiffs' NYCHRL claims, "reasoning that the plaintiffs were not 'denied full access' to the subway."  *BCID*, 11 F.4th at 67 (quoting *Ctr. for Indep. of Disabled, New York v. Metro. Transportation Auth.*, No. 17-2990, 2020 WL 1503454, at *7 (S.D.N.Y. Mar. 30, 2020)).

In reversing and vacating the district court's decision granting summary judgment on behalf of the defendants, the Second Circuit explained that Judge Román's reasoning for dismissing Plaintiffs' NYCHRL claim was predicated on an improper standard:

> The court relied on *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248 (S.D.N.Y. 2018), in which plaintiffs claimed that they experienced "extended wait times" for wheelchair-accessible rideshare vehicles, *id.* at 263.  *Lowell* was dismissed for failure to state a claim because "[w]hile it is a NYCHRL violation to *entirely exclude* a person with a disability from accessing a public accommodation, that [was] not the situation before the [c]ourt."  *Id.* (emphasis added) (internal citation omitted).  Here, the district court similarly reasoned that, to support an NYCHRL claim, the plaintiffs must have been entirely excluded from the subway -- that is, they must have had no access at all.
>
> Under the NYCHRL, providers of public accommodations may not, "[b]ecause of any person's . . . disability, . . . refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or

6

> provider of public accommodation." NYCHRL § 8-107(4)(1)(a). The NYCHRL is "construed liberally for the accomplishment of [its] uniquely broad and remedial purposes thereof." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). "[F]ederal civil rights statutes can serve only as a floor below which the [NYCHRL] cannot fall." *Id.* (alteration in original) (quoting *Mihalik*, 715 F.3d at 109). Accordingly, "courts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing [the NYCHRL's] provisions broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." *Id.* (quoting *Mihalik*, 715 F.3d at 109). In short, conduct that does not violate federal law may violate the NYCHRL. *See Mihalik*, 715 F.3d at 109.
>
> It follows that we must vacate summary judgment on the NYCHRL claim at least to the same extent as on the federal claims. On remand, some independent analysis under the NYCHRL is required, and we "leave it to the district court to interpret any specific, applicable provisions in the first instance." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009).

*BCID*, 11 F.4th at 67-68 (emphasis original). Thus, according to the Second Circuit, it is not necessary that a public accommodation "entirely exclude" individuals with disabilities from using its accommodations. Rather, Plaintiffs' allegation that Lyft fails to provide individuals with disabilities with equal access due to a lack of accessible vehicles, thereby causing excessive wait times, is sufficient to allege a violation of the NYCHRL.

In addition to the Second Circuit's decisively holding that this Court's NYCHRL decision was predicated upon an improperly stringent liability standard, it is also notable that *BCID* was rendered on summary judgment, meaning that the *BCID* plaintiffs were subject to a higher burden of proof than that applicable to the motion to dismiss in the instant action. *Compare Lowell*, 352 F. Supp. 3d at 254 ("To survive a Rule 12(b)(6) motion, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [] (2007). A claim is facially plausible when the factual content pleaded allows a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 [] (2009).") *with BCID*, 11 F.4th at 61 ("'Summary judgment is warranted only

7

upon a showing that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' . . . We must 'resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" (quoting *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012))). Since the *BCID* plaintiffs' NYCHRL claim survived a motion for summary judgment without having to prove that people with disabilities were "entirely excluded" from the defendants' services, there was no basis to apply a different, heightened standard here in the context of Defendant's motion to dismiss.

Because of the Second Circuit's holding that this Court's decision dismissing Ms. Lowell's NYCHRL claims was decided using an improper standard, and in light of the relatively minimal evidentiary standard applicable to surviving a motion to dismiss, *BCID* mandates reversal of the Court's NYCHRL claims' dismissal. *See, e.g.*, *Clinton* 652 F. Supp. 2d at 530. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for reconsideration and reverse its prior holding with respect to Ms. Lowell's NYCHRL claims.

## CONCLUSION

Plaintiffs recognize that motions for reconsideration should only be made under exceptional circumstances. Plaintiffs make this motion because such circumstances exist here. For the foregoing reasons, Plaintiffs respectfully request that the Court reverse its prior decision dismissing Plaintiff Lowell's NYCHRL claim.

Dated: October 15, 2021         Respectfully submitted,

*s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900

8

White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
ckhalil@fbfglaw.com

Michael Ram (*Pro Hac Vice*)
**MORGAN AND MORGAN COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel:  415-358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs and the Putative Class*

Michael Hellman (*Pro Hac Vice*)
**ADA COMPLIANCE SERVICE**
27 Fieldstone Drive, Suite 209
Hartsdale, NY 10530
Tel: (646) 662-1335
Fax: (914) 682-8518
adatty@aol.com

*Attorney for Plaintiff Harriet Lowell and the Putative Class*