Case 7:17-cv-06251-PMH-AEK   Document 321   Filed in NYSD on 11/21/2022   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET LOWELL and WESTCHESTER DISABLED ON THE MOVE, INC., individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LYFT, INC.,<br><br>    Defendant. | Case No. 7:17-cv-06251-PMH-AEK<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER FOR TREATMENT OF CONFIDENTIAL MATERIALS AT TRIAL |

  Whereas, Lyft, Inc. ("Lyft") has previously designated materials identified in Plaintiffs' Exhibit List attached to the October 3, 2022 Joint Proposed Pretrial Order [Dkt. 312] as highly confidential pursuant to the Amended Stipulated Protective Order [Dkt. 67];

  Whereas, Lyft contends that these materials, including multiple years of internal ride data, have significant competitive value and disclosure of the information would give an unfair advantage to Lyft's competitors, both actual and potential;

  Whereas, following the Court's guidance at the November 7, 2022 hearing, the Plaintiffs and Lyft (collectively, the "Parties") have met and conferred regarding procedures to protect confidential information at trial and stipulate to entry of the following order;

  It is hereby ORDERED that the Court adopts the procedures set forth below governing the use of confidential material at trial:

  1.  **Confidential Material:** As used below, "Confidential" documents or information means those documents or information containing highly sensitive competitive business information that the parties believe in good faith are compliant with the precedent of, and would

survive scrutiny by, the Second Circuit Court of Appeals. The parties recognize that there is a strong presumption of public access to judicial documents (such as those introduced into evidence at trial). *See Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019)*; Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

2. **Lodging of Confidential Voluminous Data Reports:** The parties will not lodge with the court copies of voluminous data reports (including, but not limited to, those previously identified in Plaintiffs' Exhibit List [Dkt. 312-1] as Exhibits 24-30 and 35-36) which were designated by Lyft as highly confidential, and instead will transmit slip-sheet placeholders of such materials. Parties shall have such materials accessible for inspection or presentation at trial on an as-needed basis.

3. **Confidential Trial Exhibits:** For purposes of presentation at trial, the parties will meet and confer regarding Trial Exhibits identified in the December 7, 2022 revised Joint Proposed Pretrial Order. A party who contends that certain exhibits should be treated as confidential at trial shall identify all such exhibits for opposing counsel no later than January 3, 2022. As needed, the Parties will then meet and confer regarding the propriety of the designation for the purposes of adhering to the procedures set forth below. Any unresolved issues regarding the confidentiality of trial exhibits will be raised with the Court prior to trial.

4. **Confidential Deposition Designations:** For purposes of presentation at trial, the parties will meet and confer regarding deposition designations identified in the December 7, 2022 revised Proposed Joint Pretrial Order. A party who contends designated testimony should be treated as confidential at trial shall identify that information for opposing counsel no later than January 3, 2022. As needed, the Parties will then meet and confer regarding presentation of designated deposition testimony for the purposes of avoiding disclosure of Confidential

information at trial. Any unresolved issues regarding the confidentiality of designated material will be raised with the Court prior to trial.

5. **Confidential Deposition Testimony:** The following procedure shall be followed for deposition transcripts of any witnesses who will testify at trial:

   a. At least 72 hours before a witness who previously has been deposed is projected to testify, the party calling that witness shall inform the opposing party of its intent to call that witness.

   b. At least 48 hours before a witness identified pursuant to paragraph 5a above is expected to testify, the opposing party shall inform the party calling that witness of which, if any, portions of the witness's deposition transcript they believe contain Confidential information that should not be published in the public record at trial.

   c. The parties will meet and confer to resolve any dispute regarding the propriety of the designation outside of hours reserved for trial testimony.

6. **Presentation of Confidential Material at Trial:** To the extent the parties do present Confidential information at trial, the following procedure will be used:

   a. The Parties have the right to elicit Confidential information at trial. However, to the extent possible, the parties will structure their witness examinations to minimize the elicitation of Confidential information during public sessions. For example, the parties will attempt to minimize references to specific figures in, or quoting from, Confidential materials. For any testimony reflecting Confidential information, Parties may move to seal and redact the information from the transcript and public record pursuant to paragraph 7.

-3-

b. Prior to offering for display an exhibit with Confidential material, Parties will confer regarding limiting the display of material to the gallery. For an exhibit for which a Party seeks to limit display, counsel for that Party will seek leave of the Court to request that the Courtroom Deputy limit the visibility of evidence displayed on courtroom screens. A Party will only seek this limitation for narrowly tailored portions of materials for which good cause to seal exists.

7. ~~**Sealing of Confidential Material after Trial.** Following trial, a party may file a motion to seal portions of the trial transcript or trial exhibits containing Confidential information.~~

8. **Confidential Information Not Used At Trial:** This Order governs documents, information, and deposition testimony that the Parties identify for use at trial. Any documents, information, and deposition testimony containing Confidential information not used at trial shall continue to be governed by the Amended Stipulated Protective Order.

Dated: November 21, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Jiyun Cameron Lee*
　　　　　　　　　　　　　　　　　　　　　Jiyun Cameron Lee (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　Marie Jonas (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　FOLGER LEVIN LLP
　　　　　　　　　　　　　　　　　　　　199 Fremont Street, 20th Floor
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　　　Telephone: 415.625.1050
　　　　　　　　　　　　　　　　　　　　Facsimile: 415.625.1091
　　　　　　　　　　　　　　　　　　　　jlee@folgerlevin.com
　　　　　　　　　　　　　　　　　　　　mjonas@folgerlevin.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Lyft, Inc.

Dated: November 21, 2022

By: */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
FINKLESTEIN, BLANKINSHIP
FREI-PEARSON & GARBER LLP
1 North Broadway, Suite 900
White Plains, New York 10601
Telephone: 914.298.3281
Facsimile: 914.824.1561
jfrei-pearson@fbfglaw.com

Attorneys for Plaintiffs Harriet Lowell and Westchester Disabled on the Move, Inc.

### FILER'S ATTESTATION

I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated: November 21, 2022               */s/ Jiyun Cameron Lee*
                                       Jiyun Cameron Lee

Dated: _____

**SO ORDERED.**

_____
PHILIP M. HALPERN
United States District Judge

Dated: White Plains, New York
       November 28, 2022

1182857.1

-5-