

FOLGER LEVIN LLP
Attorneys at Law

199 Fremont Street, 20th Floor
San Francisco, California 94105

PHONE 415.625.1050
WEBSITE folgerlevin.com

January 20, 2023

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

  Re: <u>Lowell, et al. v. Lyft, Inc.</u>, Case No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Judge Halpern,

  Pursuant to the Court's Order dated December 13, 2022 [Dkt. 336], we submit this letter jointly on behalf of Plaintiffs and Defendant Lyft, Inc. ("Lyft") concerning the differences between the Parties' recitations of the burden of proof associated with each claim for relief and defense. Dkt. 339 ("Def. Sum."), Dkt. 349 ("Pls. Sum."). The Parties first identify their areas of resolved differences and then set forth their respective disagreements.

**<u>Stipulated Issues</u>**: The Parties resolved the following differences in their respective submissions:

  1. For purposes of this case, Lyft does not contest that it is subject to the ADA by being engaged in "specified public transportation" and Plaintiffs satisfy Element 2 of their ADA claim.

  2. To satisfy Element 3 of Plaintiffs' ADA claim under the reasonable modification prong, the modification must concern "policies, practices, or procedures"; Plaintiffs bear the burden of production and persuasion concerning the "effectiveness" of a proposed modification; and undue hardship is not an affirmative defense to a reasonable modification claim. 42 U.S.C. § 12184(b)(2)(A)(ii).

  3. To satisfy Element 3 of Plaintiffs' ADA claim under the barrier removal prong, Plaintiffs are required to identify a type of barrier defined in the statute. 42 U.S.C. § 12182(b)(2)(A)(iv).

**Plaintiffs' Position**: The Parties' areas of disagreement are: (1) Defendant improperly crafted three new "elements" for establishing a reasonable modification, which contradict the Second Circuit's elements; (2) Defendant has incorrectly limited the analysis and burden of a "reasonable modification" solely to the cost of the modification; (3) the definition of "plausible" used in an ADA context; and (4) whether the alternative methods prong to prove Element 3 of an ADA claim is limited to architectural barriers.[1]  While Plaintiffs agreed to five of Defendant's eight edits, Defendant was, unfortunately, unwilling to compromise on any of Plaintiffs' edits.

First, Defendant creates three new "elements" for a reasonable modification claim, which contradict Second Circuit precedent.[2]  *See* Def. Sum., at 2, I.C.b.  Citing no Second Circuit authority, Defendant incorrectly states that requesting a modification prior to filing is a required element.[3]  *See id.* at 2, I.C.1.b(i).  However, as the ADA states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions."  42 U.S.C. §12188(a).[4]

---

[1] Lyft also quibbles that Plaintiffs need not prove that Lyft is a public accommodation under Section 12182 since Lyft has stipulated to being engaged in specified public transportation under Section 12184.  However, the defenses available under Section 12184 are broader than under Section 12182.

[2] The Second Circuit identifies only three *prima facie* elements for ADA claims.  *See Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); Def. Sum. at 1, I.A.1-3; P. Sum. at 2, A.1-3.

[3] Defendant relies upon *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003), which is not binding on this Court and contradicts Second Circuit authority, and *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012).  Respectfully, the *Shaywitz* court incorrectly interpreted the Second Circuit's clear guidance and its statement that notice "is an assumed prerequisite[,]" is not supported by any Second Circuit opinion.  848 F. Supp. 2d at 466.  While Lyft may point out that the Uber court in California required pre-suit notice, *see Crawford v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 131670, at *14-15 (N.D. Cal. July 25, 2022) ("An essential element of the reasonable modification claim is that a plaintiff has requested and been denied a modification from the defendant before filing suit."), the Uber plaintiffs did not provide notice of a corrective action until three months after filing or formally request a modification from the defendant until more than a year after the plaintiffs filed suit.  *See* Amended Complaint, *Crawford*, No. 17-02664 (N.D. Cal. May 21, 2020), ECF No. 134, at ¶¶ 58-59.  Yet, the *Uber* court found this "essential element" satisfied.

[4] *See also, e.g., Fair Hous. Just. Ctr., Inc. v. Cuomo*, 2019 U.S. Dist. LEXIS 170119, at *37-38 (S.D.N.Y. Sept. 30, 2019) (futile gesture doctrine applies where "Plaintiffs have adequately alleged that [defendants] had categorical policies against wheelchairs and that any request for a reasonable accommodation would have been futile."); *Hampson v. State Farm Mut. Auto Ins. Co.*, 2015 U.S. Dist. LEXIS 192061, at *36 (N.D.N.Y. Mar. 26, 2015) (futile gesture doctrine applies where an entity "has essentially foreclosed the interactive process through its policies or explicit actions"); *cf. Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 255 (S.D.N.Y. 2018) (Román, J.) (denying Lyft's motion to dismiss and holding that Ms. Lowell need not engage in the futile gesture of downloading Lyft's App).

Second, without citing to any case law, Defendant incorrectly claims that effectiveness and cost are "elements" of a reasonable modification claim.  *See* Def. Sum. at 2, I.C.1.b(ii)-(iii).  Defendant also states that Plaintiffs bear a burden to "produce a cost estimate" to establish "reasonableness" and that Defendant's burden of persuasion is limited to showing the cost is not reasonable.  *See* Def. Sum. at 2, I.C.1.c(ii)-(iii).  According to Second Circuit precedent, a court may consider a number of factors when determining "reasonableness," including the benefits, costs, effectiveness, nature of the class's disabilities, and financial and administrative burden, but these factors are not elements.  *See* P. Sum. at 3, B.3.b.i.3 (citing Second Circuit cases).  Each party's burden requires a more holistic analysis than just cost and effectiveness.[5]

Third, Defendant states that the definition of a "plausible" proposal for barrier removal should be defined by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which does not involve the ADA.  *See* Def. Sum. at 4, I.C.2.c(ii).  The reasonable approach is to rely on the Second Circuit's definition of "plausible" within the context of the ADA, which is informed by a cost-benefit analysis.  *See* P. Sum. at 4, B.3.c.i.a (citing *Roberts*, 542 F.3d at 373).

Fourth, Defendant argues that Plaintiffs' alternative method prong should only apply to "architectural barriers."[6]  P. Sum. at 5, B.3.d.  Defendant cites no case law and misreads the text of the ADA, which allows for evidence that Defendant can make its "goods, services, facilities, privileges, advantages, or accommodations available through alternative methods," without restriction to architectural barriers.  42 U.S.C. § 12182(b)(2)(A)(v).

---

[5] Defendant's only cited authority for its additional elements also supports Plaintiffs' position.  In *Roberts*, 542 F.3d at 370-71, the Second Circuit considered whether a modification is an alteration, stating that courts "can (but need not) include factors such as: 1. The overall cost . . ."  The Second Circuit explicitly stated that "the plaintiff's burden does not require him or her to furnish exact or highly detailed cost estimates."  *Id.*  Additionally, "[w]here plaintiffs propose 'plausible, simple remedies, [whose costs] are de minimis compared with the corresponding benefits[,]' plaintiffs need not quantify such costs for the modification to be deemed reasonable."  *Celeste v. East Meadow Union Free School Dist.*, 373 F.App'x 85, 88 (2d Cir. 2010).

[6] Lyft claims that Plaintiffs' pleadings do not identify this prong of an ADA claim, yet Plaintiffs' ADA pleaded claim encompasses the ADA – including 42 U.S.C. §§ 12181 and 12182 – and is not limited to subsections.  Furthermore, the text of 42 U.S.C. § 12182(b)(2)(A)(v) demonstrates that it is an alternative to a claim for barrier removal.

**Lyft's Position**: Lyft believes that its Summary sets out the elements of the claims, the affirmative defenses, and burdens of proof in a straightforward and easy-to-follow manner. Among other things, it recites the statutory language and controlling Second Circuit precedent for each item without unnecessarily complicating the claims. After all, the two theories of discrimination alleged by Plaintiffs under Title III of the ADA ask the same question: how can Lyft deliver on-demand transportation by WAVs to Plaintiffs at a reasonable cost? The parties do not dispute that in order to prove discrimination, Plaintiffs (1) have the burden to articulate a "modification in policies, practices, or procedures" or a "plausible proposal for barrier removal" (meaning that whatever plan they produce must result in a removal of a barrier), (2) have the burden to produce a cost estimate that is "reasonable," and (3) have the ultimate burden of persuasion to prove that their modification would be effective in creating access to on-demand transportation by WAVs.

Plaintiffs have raised four issues regarding Lyft's Summary. *First*, Plaintiffs claim that the elements of effectiveness and cost in proving the reasonableness of a modification are not in fact "elements." This semantic point is inconsistent with *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995), because under *Staron,* the reasonableness of a modification cannot be proved absent a showing of effectiveness and cost. *See also Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019).[7] *Second*, Plaintiffs claim they do not need to provide an estimate of the cost of their modifications if the modification is "plausible and simple." But if Plaintiffs' contention is that a particular modification is so simple that its costs would be *de minimis,* that is something they need to prove. *See Antolini v. Thurman*, No. 19-CV-9674 (JMF) (KNF), 2021 U.S. Dist. LEXIS 135989, at *9

---

[7] A majority of the cases that Plaintiffs cite are architectural barrier removal cases, unrelated to *Staron'*s controlling rubric of effectiveness and cost. Indeed, there are few Title III reasonable modification cases in the Second Circuit. Other circuits, however, have followed *Staron*'s clear guidance in evaluating the effectiveness and cost of a modification to establish reasonableness. *See, e.g.*, *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004); *Crawford v. Uber Techs.*, Inc., No. 17-cv-02664-RS, 2022 U.S. Dist. LEXIS 131670, at *19 (N.D. Cal. July 25, 2022); *Indep. Living Res. Ctr. S.F. v. Lyft, Inc.*, No. C 19-01438 WHA, 2021 U.S. Dist. LEXIS 166229, at *29 (N.D. Cal. Sep. 1, 2021).

(S.D.N.Y. July 21, 2021) (installing two "accessible lifts in unspecified locations" "goes beyond the 'plausible, simple' kind of remedy" where cost estimates are "not necessarily required"). *Third*, Plaintiffs have claimed that Lyft bears the burden regarding some element other than costs as to their reasonable modification claim. They are incorrect. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 370-71 (2d Cir. 2008). *Fourth*, as to Plaintiffs' barrier removal theory, Plaintiffs assert that Lyft's citation to *Iqbal* regarding the appropriate definition for "plausible" is inapposite, and that the Court should instead be directed to *Roberts*. But *Roberts* never defines the term "plausible." Lyft believes *Iqbal*'s basic definition of the term "plausible" should be applied to the facts of this case.

As for Plaintiffs' Summary, Lyft has three concerns that the parties were not able to resolve. *First*, Lyft has stipulated that for purposes of this case, it does not contest that it is subject to ADA Title III as an entity engaged in "specified public transportation." Plaintiffs nonetheless intend to try the issue of whether Lyft is subject to the ADA as a "place of public accommodation." This is a waste of time.[8] *Second*, Plaintiffs left out from their Summary a prerequisite for a reasonable modification claim, which is that they requested the modification before filing suit. *See* Def. Sum. § I.C.1.b. Plaintiffs state that the futile gesture doctrine excuses their compliance with this element. It does not. Plaintiffs refuse to acknowledge this necessary element because they have no evidence in support of it. *Third*, for the first time in this lawsuit, Plaintiffs allege a claim of discrimination under 42 U.S.C. § 12182(b)(2)(A)(v). *See, e.g.*, Pls' Am. Compl. [Dkt. 20]; Prop. Joint Pretrial Order [Dkt. 333]. Lyft does not know the basis of the claim, which requires some "alternative method" through which WAV service can be provided because "barrier removal" is not readily achievable. This makes no sense in the context of on-demand WAV service, because providing such service requires creating a supply of WAVs. If the Court allows the claim, Lyft agrees that Plaintiffs bear the burden of proof.

---

[8] Plaintiffs assert, without citation, that Lyft's defenses are "broader" under § 12184 than § 12182. Lyft is unaware of any basis for this conclusion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| *s/ Jeremiah Frei-Pearson* | */s/ Jiyun Cameron Lee* |
| Andrew Finkelstein<br>Jeremiah Frei-Pearson<br>Joshua Cottle<br>**Finkelstein, Blankinship,**<br>**Frei-Pearson & Garber, LLP**<br>1 North Broadway, Suite 900<br>White Plains, New York 10601<br>Tel: (914) 298-3281<br>Fax: (914) 824-1561<br>afinkelstein@lawampm.com<br>jfrei-pearson@fbfglaw.com<br>jcottle@fbfglaw.com | Jiyun Cameron Lee<br>Marie Jonas<br>FOLGER LEVIN LLP<br>199 Fremont Street, 20th Floor<br>San Francisco, CA<br>Telelphone: 415.625.1050<br>Facsimile:  415.625.1091<br>jlee@folgerlevin.com<br>mjonas@folgerlevin.com<br><br>Attorneys for Defendant Lyft, Inc. |

Michael F. Ram (*Pro Hac Vice*)
Marie Appel (*Pro Hac Vice*)
**Morgan and Morgan**
**Complex Litigation Group**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel:  415-358-6913
mram@forthepeople.com
mappel@forthepeople.com

Michael T. Hellmann (*pro hac vice*)
**ADA Compliance Service**
27 Fieldstone Drive, Suite 209
Hartsdale, NY 10530
adatty@aol.com
Tel. 646-662-1335
Fax. (914) 682-8518

*Attorneys for Plaintiffs*
*and the Classes*