**FBFG** | **Finkelstein, Blankinship,**
**Frei-Pearson & Garber, LLP**

One North Broadway, Suite 900
White Plains, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

<u>Via ECF</u>                                                                                          July 27, 2023
Hon. Philip M. Halpern, United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St., White Plains, NY 10601-4150

> **Re:** *Lowell v. Lyft, Inc.*, 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Judge Halpern,

The Parties write jointly to report on their progress in reducing the volume of pretrial submissions and to outline what the Parties believe may be the most efficient way to resolve the bulk of the remaining pretrial disputes. After conferring with Lyft, Plaintiffs have reduced their proposed Findings of Fact and Conclusions of Law from an original length of 233 pages and 520 paragraphs to 82 pages and 183 paragraphs. Plaintiffs have also reduced their list of potential exhibits from 280 to 116.

The Parties met and conferred on June 7 and 9. As a result of those conferrals, Plaintiffs agreed to remove nineteen pages of deposition testimony, from 340 to 321 pages. Despite the progress, the Parties continue to disagree about the admissibility and/or relevance of the vast majority of exhibits and a substantial portion of deposition testimony. Most of these disagreements relate to broad topics that might be resolved more efficiently through *in limine* rulings, as described below. The Parties therefore jointly and respectfully submit that the Court may be able to most efficiently resolve multiple pretrial issues through the motions *in limine* outlined below.

**<u>Plaintiffs' Intended Motions</u>** <u>*In Limine*</u>

Plaintiffs intend to bring the following two motions *in limine*[1]:

- Plaintiffs intend to bring a motion *in limine* precluding Lyft from submitting evidence regarding completion rates or wait times ("service level metrics"). Lyft provides standard mode service

---

[1] Plaintiffs initially intended to bring a third motion *in limine* regarding engineering costs. However, the Parties recently agreed to a stipulation which rendered that motion unnecessary. The Parties will file a letter and a revised pretrial order reflecting this stipulation.

to able-bodied people everywhere in the Country, regardless of service level metrics. Lyft justifies its refusal to serve people with disabilities who require WAVs by asserting that service level metrics for WAVs may be too low. However, since Lyft does not use service level metrics to deny or restrict standard service, service level metrics cannot be used as a pretext to deny service to people with disabilities. Service level metrics are therefore irrelevant and would waste time at trial.

- Plaintiffs intend to bring a motion *in limine* regarding the admissibility of Lyft's expert witness' testimony, which should be precluded for four reasons. *First*, Dr. Rysman opines that Lyft should not provide WAV service based upon service level metrics standards that Lyft does not apply to standard service. Dr. Rysman opines that WAV service would be "nonviable" based upon standards that, if Lyft applied to standard service, reflect that Lyft's standard service is nonviable in most places where Lyft operates. *Second*, Dr. Rysman's regression analysis is unscientific and unreliable because it is improperly limited only to one variable. *Third*, Dr. Rysman fails to analyze Lyft's own existing data on the WAV service that Lyft provides in regions where regulators force it to do so – even though this data is obviously relevant to Lyft's ability to serve people with disabilities. *Fourth*, as an economist with no expertise in designing transportation services for people with disabilities, Dr. Rysman is unqualified to opine on Plaintiffs' reasonable modifications and, without any expert analysis, he parrots unpersuasive hearsay testimony of Lyft's witnesses.

**Defendant's Response**

- **Plaintiffs' First Motion *in Limine* (to Exclude Evidence of Effectiveness)**: Plaintiffs seek to bar Lyft from introducing evidence of service levels, *i.e.,* evidence that Plaintiffs' proposed modifications would not be effective in creating accessible transportation by WAVs on the Lyft platform. Effectiveness of a proposed modification is an essential element of Plaintiffs' claim on which they bear the burden of production and persuasion. *See* Joint Letter Re: Burden of Proof [Dkt. 351]; *Dean v. Univ. at Buffalo Sch. Of Med. & Biomedical Scis.*, 804 F.3d 178, 189-90 (2d Cir. 2015); *Staron*

*v. McDonald's Corp.*, 51 F.3d 353 (2d Cir. 1995). To counter Plaintiffs' evidence, Lyft should be permitted to present evidence demonstrating that the modifications Plaintiffs propose would not be effective in creating an accessible transportation option.

- **Plaintiffs' Second Motion *in Limine* (to Exclude Testimony of Dr. Marc Rysman, Ph.D)**: Lyft disagrees with Plaintiffs' characterization of Dr. Rysman's expert testimony and his underlying analysis, which draws upon his expertise as an economist who studies platform industries. Dr. Rysman concludes, based on statistical analysis, that the scale of projected WAV use would be insufficient to support effective transportation on a ride-sharing platform due in large part to very low population density of WAV riders and drivers. Dr. Rysman is a qualified expert whose testimony would be helpful to the court.

## Defendant's Intended Motions *In Limine*

Lyft intends to bring the following three motions *in limine*.

- **Motion *in Limine* No. 1 - To Exclude Expert Testimony of Alex Elegudin**: The principal claim to be tried in this case is whether Lyft should be compelled under Title III of the ADA to make eight purported "reasonable modifications" that are "necessary to afford" service by WAVs on the Lyft platform. According to Plaintiffs, Mr. Elegudin is an "accessibility expert" who will testify regarding "the reasonable modifications Lyft can implement to provide WAV service." Proposed Joint Pretrial Order [Dkt. 381] at 16. But Mr. Elegudin lacks the basic qualifications to opine on these topics. Mr. Elegudin has never worked at a private transportation company or studied the transportation or platform industries. He has no background in app-based or on-demand transportation. He is not a statistician, an economist, an engineer, or a marketing expert. Nothing in his work or educational history qualifies him to render opinions in this case. *See* Fed. R. Evid. 702; *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005).

- **Motion *in Limine* No. 2 - To Exclude Claudia Stern's Exhibits Prepared at the Direction of Counsel**: As Ms. Stern testified on December 22, 2022, Plaintiffs' trial exhibits 106 to 115 [Dkt. 381-3] are exhibits prepared at the direction of counsel, and reflect counsel's selection and interpretation of data produced by Lyft. These exhibits are improper summaries lacking an appropriate foundational witness, and their admission would be unhelpful to the Court.

- **Motion *in Limine* No. 3 - To Exclude Evidence of LyftSub and Other Untested Proposals**: From approximately 2016 to 2018, Lyft employees explored potential WAV program models, called LyftSub, NewCo, Perseus, and API Integration. These proposals exist only in documents, and whether they would have delivered effective WAV service, or at what cost, is not known. Plaintiffs, moreover, are not requesting that Lyft implement these programs as "reasonable modifications." Nonetheless, Plaintiffs have identified sixteen exhibits (totaling over 180 pages) and over 80 pages of deposition designations on these topics. Lyft believes that these materials should be excluded under FRE 403 and 801-803.

**Plaintiffs' Response**

- Lyft's *Motion in Limine* No. 1: Mr. Elegudin is an accessibility professional who has assisted numerous companies and government agencies in modifying their policies to better serve people with disabilities. After Lyft argued to regulators that it could not provide any WAV service in New York City, Mr. Elegudin, who was the Accessibility Program Manager for the New York City Taxi and Limousine Commission, designed detailed regulations to force Lyft to provide WAV service. Due to Lyft's forced compliance with Mr. Elegudin's regulations, Lyft now provides WAV service in New York City that is better than Lyft's standard mode service in most of the country (including Westchester). Mr. Elegudin will opine regarding how Lyft can modify its policies to serve WAV users nationwide. Mr. Elegudin is a qualified expert whose testimony will be useful to the Court and an expert with similar (but substantially less) experience than Mr. Elegudin survived a *Daubert* challenge

in a similar case. *See Crawford v. Uber*, 2021 U.S. Dist. LEXIS 161969, at *11-12 (N.D.CA Aug 26, 2021) (denying a *Daubert* motion against one of Mr. Ellegudin's colleagues).

- Lyft's *Motion in Limine* No. 2: Plaintiff's exhibits 106 to 115 are appropriate summaries of the relevant data. As Ms. Claudia Stern testified at her deposition in December of 2022, the exhibits are merely representations of Lyft's own data, which is of course available to Defendant.

- Lyft's *Motion in Limine* No. 3: Lyft's own internal projections indicate that Lyft could profitably and effectively provide nationwide WAV service by implementing the LyftSub program. The head of Lyft's national WAV team designed LyftSub and Lyft's WAV team spent thousands of hours working on LyftSub and modeling out detailed projections about the number of WAV rides Lyft could generate via LyftSub and the profits and losses that would ensue. Lyft's national WAV team presented LyftSub to Lyft's executives and asked the executives to implement LyftSub. For undisclosed reasons, the executives declined. However, the fact that the head of Lyft's national WAV team calculated that Lyft could profitably and effectively provide nationwide WAV service is certainly relevant to the issue of whether Lyft can provide nationwide WAV service. While Plaintiffs are not specifically requesting that Lyft implement LyftSub exactly as it was formulated, Plaintiffs do request that Lyft implement almost all aspects of the LyftSub model. Lyft's own internal projections that it could viably provide nationwide WAV service constitute admissions; they are highly relevant to whether Lyft can provide nationwide WAV service. Notably, Magistrate Judge Krause rejected Lyft's arguments that LyftSub is irrelevant to this litigation and granted Plaintiffs' request to compel Lyft to provide discovery about the program.

The Parties appreciate the Court's continued time and attention to this matter and look forward to receiving additional guidance at the upcoming conference.

Respectfully submitted,

| | |
|---|---|
| s/ *Jeremiah Frei-Pearson*<br>Andrew Finkelstein<br>Jeremiah Frei-Pearson<br>**Finkelstein, Blankinship,**<br>**Frei-Pearson & Garber, LLP**<br>1 North Broadway, Suite 900<br>White Plains, New York 10601<br>Tel: (914) 298-3281<br>Fax: (914) 824-1561<br>afinkelstein@lawampm.com<br>jfrei-pearson@fbfglaw.com<br><br>Michael F. Ram (*Pro Hac Vice*)<br>Marie Appel (*Pro Hac Vice*)<br>**Morgan and Morgan**<br>**Complex Litigation Group**<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: 415-358-6913<br>mram@forthepeople.com<br>mappel@forthepeople.com<br><br>Michael T. Hellmann (*Pro Hac Vice*)<br>**ADA Compliance Service**<br>27 Fieldstone Drive, Suite 209<br>Hartsdale, NY 10530<br>adatty@aol.com<br>Tel. 646-662-1335<br>Fax. (914) 682-8518<br><br>*Attorneys for Plaintiffs*<br>*and the Classes* | By: /s *Jiyun Cameron Lee*<br>  Jiyun Cameron Lee (Admitted *Pro Hac Vice*)<br>  Marie Jonas (Admitted *Pro Hac Vice*)<br>  FOLGER LEVIN LLP<br>  199 Fremont Street, 20th Floor<br>  San Francisco, CA 94105<br>  Telephone: 415.625.1050<br>  Facsimile: 415.625.1091<br>  jlee@folgerlevin.com<br>  mjonas@folgerlevin.com<br><br>  Attorneys for Defendant Lyft, Inc. |