

FOLGER LEVIN LLP
Attorneys at Law

33 New Montgomery Street, 19th Floor
San Francisco, California  94105

PHONE 415.625.1050
WEBSITE folgerlevin.com

March 4, 2024

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Court
300 Quarropas St.
White Plains, NY 10601-4150

> Application granted. The redacted document filed on the public docket (Doc. 415) will remain the publicly-filed version of the parties' joint proposed findings of fact and conclusions of law, and the unredacted version (Doc. 414) will remain under seal. The parties shall submit one courtesy copy of the revised submissions filed on March 4, 2024 to Chambers.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          March 5, 2024

Re:   *Lowell, et al. v. Lyft, Inc.*
      Case No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Judge Halpern,

We submit this letter on behalf of Defendant Lyft, Inc. ("Lyft") pursuant to Court's Electronic Case Filing Rules & Instructions § 6 and Paragraph 15 of the May 24, 2019 Protective Order (the "Protective Order"), *see* ECF No. 67, to request permission to publicly file a redacted version of the Parties' Joint Proposed Findings of Fact and Conclusions of Law ("Joint Proposed Findings"). Following this letter, Lyft will file under seal an unredacted, marked version of the Joint Proposed Findings.

Lyft submits this request because the Joint Proposed Findings references internal ride data that Lyft properly designated Highly Confidential pursuant to Paragraphs 7-8 of the Protective Order, due to the confidential and commercially sensitive nature of the material contained therein.

Hon. Philip M. Halpern<br>Page 2

Based on the language of the Protective Order and the nature of the documents, Lyft requests that the materials it has designated as Highly Confidential be filed under seal. This request is very narrowly tailored. This request is carefully limited to cover only specific internal ride data that Lyft has properly designated as Highly Confidential.

The sealing of these materials is warranted under the applicable law. *See* Fed. R. Civ. P. 26(c)(1)(H). The presumption in favor of public access applies only to "judicial" documents or records. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "In determining whether a document is a judicial record, the Court must evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Winfield v. N.Y.C.*, No. 15-CV-05236 (LTS) (KHP), 2017 U.S. Dist. LEXIS 103612, at *11 (S.D.N.Y. July 5, 2017) (alterations in original) (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435 F.3d at 119 (citation omitted).

Further, a determination that a document is a judicial record does not end the inquiry. Where exhibits include "highly sensitive documents that discuss proprietary . . . assumptions, processes, methodologies, and judgments," that is "sufficient to keep the exhibits and any references to the exhibits under seal." *Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2017 WL 5151357, at *2 (S.D.N.Y. Nov. 3, 2017); *see also, e.g., Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639

(RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (maintaining under seal a client list "contain[ing] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

The confidential materials Lyft seeks to protect in the Joint Proposed Findings generally constitutes internal ride data for Lyft's "Standard mode," and does not concern Lyft's wheelchair-accessible vehicle service (called "Access mode"). As the Court is aware, the subject matter of Plaintiffs' claims is Access mode, not Standard mode. The specific figures Lyft seeks to protect are irrelevant to the matters to be decided by the Court, as no expert will testify that Standard mode service can be replicated in Access mode. The figures have little, if any, bearing on the nature of this proceeding and will not assist the public in understanding the issues before the court. *See Newsday*, 730 F.3d at 166-67; *Winfield*, 2017 U.S. Dist. LEXIS 103612, at *11. Thus, these specific figures do not qualify as judicial records.

Moreover, the figures themselves are highly confidential, representing Lyft's internal ride data, extending through January 2021, which maintain competitive value. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not . . . [used] as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Lyft operates in a highly competitive industry, where the release of data of this nature can harm Lyft's competitive standing. *See e.g., Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing exhibits where they consisted "largely of 'highly confidential sales information, including pricing information,' which is not available to the

public, and emails revealing confidential negotiations between Skyline and one of its customers").

We note that no similar material was disclosed publicly in the matter of *ILRC v. Lyft,* including during the trial. Lyft has consistently protected this data, and data of this nature, from public disclosure. Lyft's internal ride data maintains competitive value and merits protection.

For the foregoing reasons, Lyft respectfully requests that the Court grant permission to file under seal portions of the Joint Proposed Findings.

Respectfully submitted,

*/s/ Jiyun Cameron Lee*

Jiyun Cameron Lee
Marie Jonas
FOLGER LEVIN LLP
33 New Montgomery Street, 19th Floor
San Francisco, CA  94105
Telephone: 415.625.1050
Facsimile:  415.625.1091
jlee@folgerlevin.com
mjonas@folgerlevin.com


Attorneys for Defendant Lyft, Inc.


cc:     All Counsel (via ECF)



4856-8539-5370, v. 1