**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HARRIET LOWELL and WESTCHESTER DISABLED ON THE MOVE, INC., individually and on behalf of all other similarly situated, | Case No.  7:17-cv-06251-PMH-AEK |
| Plaintiffs, |  |
| v. | ~~[PROPOSED]~~ JOINT PRETRIAL ORDER |
| LYFT, INC., |  |
| Defendant. |  |

**i.      The full caption of the action.**

*Harriett Lowell and Westchester Disabled on the Move, Inc. v. Lyft, Inc.*, No. 7:17-cv-06251-PMH-

AEK (S.D.N.Y.)

**ii.      The amount of trial time that each party anticipates needing for their case in chief.**

Plaintiffs anticipate that their case in chief will require three days.

Defendant anticipates that its case in chief will require no more than two court days.

**iii.      The names, addresses (including firm names), email addresses, and office and
mobile telephone and fax numbers of trial counsel.**

Trial Counsel for Plaintiffs Harriet Lowell and Westchester Disabled on the Move, Inc., and the
Classes:[1]

Andrew Finkelstein
Jeremiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, New York 10601
Tel: 914-298-3281
Mobile: 718-666-7693
Fax: 914-824-1561
afinkelstein@lawampm.com
jfrei-pearson@fbfglaw.com

Michael F. Ram (admitted *pro hac vice*)
Marie Appel (admitted *pro hac vice*)
**MORGAN AND MORGAN
COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel:  415-358-6913
Mobile: 415-846-3862
Fax: 415-358-6923
mram@forthepeople.com
MAppel@forthepeople.com

Michael T. Hellmann (admitted *pro hac vice*)
**ADA COMPLIANCE SERVICE**
27 Fieldstone Drive, Suite 209

---

[1] Jeremiah Frei-Pearson will be Plaintiffs' lead counsel.  Additional counsel may sit in the gallery.

Hartsdale, NY 10530
adatty@aol.com
Tel: 646-662-1335
Mobile:
Fax: 914-682-8518


<u>Trial Counsel for Defendant Lyft, Inc.:</u>

Jiyun Cameron Lee (Admitted Pro Hac Vice)
Marie Jonas (Admitted Pro Hac Vice)
**FOLGER LEVIN LLP**
33 New Montgomery Street, 19th Floor
San Francisco, CA 94105
Telephone: 415-625-1050
Mobile (Lee): 415-987-5086
Mobile (Jonas): 510-219-4924
Facsimile:  415-625-1091
jlee@folgerlevin.com
mjonas@folgerlevin.com

**iv.    A brief statement by plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

**<u>Plaintiff</u>:**        Plaintiffs seek injunctive relief under Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the New York State Human Rights Law,

N.Y. Exec. Law § 290, *et seq.* ("NYSHRL").  This Court has federal question jurisdiction under the

ADA pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331, and has supplemental jurisdiction over

Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 because those claims are related to

Plaintiffs' federal claims and arise out of a common nucleus of operative facts.

**<u>Defendant</u>:**     Defendant asserts Plaintiffs cannot establish subject matter jurisdiction

because they lack standing to assert any claims on behalf of themselves or any class.

*First*, Plaintiffs lack standing to bring claims anywhere outside of Westchester County.

*Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022).

*Second*, Plaintiffs cannot establish, by a preponderance of the evidence, "a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Plaintiffs' asserted injury is a lack of reliable access to on-demand transportation by WAVs. But Plaintiffs cannot show that Lyft's alleged failure to make reasonable modifications to policies, practices, or procedures causes this harm because they have no evidence of a ready supply of WAVs for the Lyft platform.

*Third,* Plaintiffs cannot establish, by a preponderance of the evidence, that it is "'likely,' as opposed to merely 'speculative,' that their injury will be 'redressed by a favorable decision'" because Plaintiffs have no evidence of a ready supply of WAVs and WAV drivers for the Lyft platform. *See Lujan,* 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43).

**v.     A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  The parties shall also identify all claims and defenses previously asserted that are not to be tried.**

<u>Plaintiffs' Claims:</u>

1.  Disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(ii), 12184(a), 12184(b)(2)(A), by engaging in the following types of discrimination:

    a.  Refusing to implement the following reasonable modifications, 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A):

        i.  Remove the current categorical preclusion ("blocker") of WAVs on its platform in approximately 96% of its service regions (the "non-Access

Regions"[2]) and prevent implementation of Lyft's hidden Access Mode toggle to view WAV options on the App's home screen. Lyft's policies and practices prevent WAV drivers from identifying their vehicles as WAVs and riders from having the option to select WAVs, even when they are available.

ii. Ask all drivers on its platform in the non-Access Regions and those onboarding in the non-Access Regions whether they have access to WAVs and whether they are interested in driving WAVs on Lyft's platform. Plaintiffs envision that this question would be added to Lyft's mandatory driver onboarding process, during which Lyft requires drivers to disclose all relevant information about their vehicles, such as makes and models, and insurance information.

iii. Utilize cross-dispatching (*i.e.*, allow WAV drivers to receive and accept ride requests for different ride modes) and prioritization logic (*i.e.*, whereby Lyft prioritizes dispatching WAVs to riders seeking WAVs to ensure efficient vehicle allocation) to optimize WAV drivers' efficiencies and profitability.

iv. Explore and form partnerships with car rental, taxi, non-emergency medical transportation, and other transportation companies that have WAVs, as Lyft's competitors have done to improve WAV service.

v. Include WAVs as options in Lyft's Express Drive and FlexDrive programs

---

[2] The non-Access Regions include the following Classes and geographical areas: the Westchester County Class; the New York State Other Than New York City Class; and the Non-Access Region Class.

for its existing and potential drivers.

vi.   Engage in both WAV driver- and rider-facing marketing to attract potential WAV drivers and to increase awareness of WAVs on Lyft's platform among potential WAV riders, and thereby increase the supply of WAVs and demand for WAV services on Lyft's app.  Lyft may do so by employing targeted advertising and advertising campaigns similar to those Lyft uses for its standard and other non-WAV services.

vii.  Increase the supply of WAVs on its platform by offering potential drivers baseline bonuses and incentives for guaranteed periods of time, such as six months, one year, or eighteen months.

viii. Implement a ten-cent accessibility surcharge on all rides nationwide to fund robust WAV services.

b. Failing to remove barriers where such removal is readily achievable; where removal of a barrier is not readily achievable, failing to make services available through alternative methods if such methods are readily achievable, 42 U.S.C. § 12182(b)(2)(A)(iv), 12184(b)(2)(C).

2. Disability discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 296(2)(a) by engaging in the following types of discrimination:

a. Failing to implement the reasonable modifications identified above in Section V(1)(a)-(i), § 296(2)(c)(i); and

b. Refusing to remove barriers where such removal is readily achievable, § 296(2)(c)(iii).

Plaintiffs previously asserted claims for disparate treatment and disparate impact under the New York City Human Rights Law and a claim for Declaratory Relief, which are not to be tried.

<u>Defendant's Defenses:</u>

1. Defenses To Plaintiffs' Claim Under the ADA:

    a. As to Plaintiffs' claim that Lyft failed to make requested reasonable modifications to its policies, practices, or procedures under 42 U.S.C. §§ 12182(b)(2)(A)(ii) and 12184(b)(2)(A), Lyft asserts the following defenses:

        i. Plaintiffs cannot state a claim against Lyft under 42 U.S.C. § 12182(b)(2) because Lyft is not a "public accommodation." For purposes of this lawsuit, Lyft does not contest that it is subject to 42 U.S.C. § 12184.

        ii. Plaintiffs cannot meet their burden of proving that they ever requested that these alleged "reasonable modifications" be made. *Dudley v. Hannaford Bros. Co.,* 333 F.3d 299, 307 (1st Cir. 2003); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n.38 (2001).

        iii. Plaintiffs cannot meet their burden of proving that any of their proposed "reasonable modifications" would be effective or reasonable in cost as required under *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995).

        iv. As a matter of law, the ADA does not require Lyft to provide WAVs. *Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 73 (2d Cir. 2012); *see also Toomer v. City Cab*, 443 F.3d 1191, 1195 (10th Cir. 2006); 28 C.F.R. § 36.307.

        v. In the ADA, Congress specifically exempted private entities like Lyft from having to purchase or lease WAVs. *See* 42 U.S.C. § 12184(b)(3). A general provision of the ADA, such as 42 U.S.C. § 12184(b)(2)(A), cannot be construed to override a specific exemption provided by

Congress in Section 12184(b)(3). *RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 556 U.S. 639, 645 (2012).

vi. Plaintiffs, who have never downloaded or used the Lyft app, lack standing to pursue certain of the proposed modifications relating to the design or operation of the Lyft app. *Harty v. West Point Realty,* 28 F.4th 435, 443 (2d Cir. 2022).

vii. Requiring Lyft to provide WAVs would fundamentally alter the nature of Lyft's business and/or its ridesharing platform. *See* 42 U.S.C. § 12184(b)(2)(A) (citing § 12182(b)(2)(A)(ii)) and 42 U.S.C. § 12184(b)(2)(B) (citing § 12182(b)(2)(A)(iii)).

b. As to Plaintiffs' claim that Lyft fails to remove barriers where such removal is readily achievable; where removal of a barrier is not readily achievable, failing to make services available through alternative methods if such methods are readily achievable, 42 U.S.C. § 12182(b)(2)(A)(iv), 12184(b)(2)(C):

i. Plaintiffs cannot state a claim against Lyft under 42 U.S.C. § 12182(b)(2) because Lyft is not a "public accommodation." For purposes of this lawsuit, Lyft does not contest that it is subject to 42 U.S.C. § 12184.

ii. Plaintiffs have failed to recite any theory of liability or state a claim on which relief can be granted because Plaintiffs have not identified what barrier removal is readily achievable.

iii. Plaintiffs cannot meet their burden of producing a plausible barrier removal proposal, including an estimate of the cost of the alleged barrier removal. *Roberts v. Royal Atl. Corp.*, 542 F.3d 368, 373 (2d Cir. 2008). LEXIS 135989, at *10-12 (S.D.N.Y. July 21, 2021).

iv.  Plaintiffs lack standing to pursue a claim for the removal of a "technological barrier" because they have not downloaded the Lyft app and thus cannot trace any injury allegedly resulting from the way the app is designed. *See Calcano*, 36 F.4th at 72.

v.  As a matter of law, Lyft need not remove "transportation barriers" if such barrier removal would require retrofitting the vehicles to create WAVs. 42 U.S.C. § 12182(b)(2)(A)(iv).

vi.  In the ADA, Congress specifically exempted private entities like Lyft from having to purchase or lease WAVs. *See* 42 U.S.C. § 12184(b)(3). A general provision of the ADA, such as 42 U.S.C. § 12184(b)(2)(C), cannot be construed to override a specific exemption provided by Congress in Section 12184(b)(3). *RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 556 U.S. 639, 645 (2012).

vii.  As a matter of law, the ADA does not require Lyft to provide WAVs. *Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 73 (2d Cir. 2012); *see also Toomer v. City Cab*, 443 F.3d 1191, 1195 (10th Cir. 2006); 28 C.F.R. § 36.307.

2.  Defenses To Plaintiff Harriet Lowell's Claim Under the NYSHRL:

a.  As to Lowell's claim that Lyft fails to implement reasonable modifications:

i.  *See* Lyft's defenses in Paragraphs 1.a.ii through vii.

b.  As to Lowell's claim that Lyft refuses to remove barriers where such removal is readily achievable:

i.  *See* Lyft's defenses in Paragraphs 1.b.ii through vii.

**vi.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

This case will be tried without a jury.  The trial is expected to take five days.

**vii.    A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties do not consent to trial of the case by a magistrate judge.

**viii.    Any stipulations or agreed statements of fact or law.**

1.    Plaintiff Harriet Lowell is an individual with a disability under the Americans with Disabilities Act.  42 U.S.C. § 12102(1)(A).

2.    Plaintiff Harriet Lowell is an individual with a disability under the New York State Human Rights Law and the New York City Human Rights Law.  N.Y. Exec. Law § 292(21).

3.    For purposes of this case, Defendant does not contest that it is an entity that is engaged in "specified public transportation" under the Americans with Disabilities Act.  42 U.S.C. § 12184.

4.    For purposes of this case, Defendant does not contest that it falls within the definition of "public accommodation" under the New York State Human Rights Law.  N.Y. Exec. Law § 292(9).

5.    Defendant will not dispute the authenticity of documents produced by Defendant during discovery, and Plaintiffs will not dispute the authenticity of documents produced by Plaintiffs during discovery.

6.    The parties will not dispute that the individual in the sender line of an email drafted that email and the email's contents are that individual's statement.  Individuals in the recipient lines of an email are assumed to have received the respective email.

**STIPULATED FACTS**

1.    Plaintiff Harriet Lowell ("Ms. Lowell") is a citizen of Westchester County and a

resident of White Plains, New York, who relies on a motorized scooter for travel.

2.     Plaintiff Westchester Disabled on the Move, Inc. ("WDOMI") is a non-profit community-based organization headquartered in Yonkers, New York.

3.     Ms. Lowell is a citizen of White Plains in Westchester County, New York.

4.     Ms. Lowell has never downloaded Lyft's mobile-based application (the "App").

5.     A significant percentage of WDOMI's constituents, clients, and staff are persons with disabilities, including mobility-related disabilities.  WDOMI is staffed, directed, and driven by the individuals with disabilities that it seeks to serve, including wheelchair-users.

6.     Lyft, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

7.     Lyft launched its peer-to-peer marketplace for on-demand ridesharing in or about 2012.

8.     Lyft operates multimodal transportation networks in the United States that offer access to a variety of transportation options through Lyft's platform and App.

9.     Lyft's transportation network is designed to address a wide range of mobility needs. The Lyft network spans rideshare, car rentals, bikes, scooters, and transit.

10.     Lyft's stated mission is to "improve people's lives with the world's best transportation."

11.     Members of the general public may download the App and agree to the Terms of Service.

12.     Drivers on the Lyft ridesharing platform must agree to the Terms of Service and Driver Addendum, and meet applicable state and/or local regulatory vehicle, driver, and documentation requirements that vary by region.

13.     Charges, fares, and payments are governed by the Lyft Terms of Service and the Driver

Addendum.

14.     Lyft organizes its coverage areas into more than 300 geographic Regions ("Regions") nationwide.

15.     Lyft offers a variety of ride modes on the App, but does not offer every ride mode in every Region.

16.     Lyft offers its standard mode service ("Standard mode") in all 50 states.

17.     Lyft makes Standard mode available in all regions where it operates, regardless of population density, wait time, number of available vehicles, or any other considerations or metrics.

18.     In every Region where Lyft operates, Standard mode appears as an available ride mode when a user inserts their destination address.

19.     When a non-Access mode is available on the Lyft platform in a Region, riders are able to request a ride in that "mode" at any time, 24 hours a day, but Lyft makes no guarantee that the ride request will be matched or that a driver will be available or accept the ride request.

20.     Depending on a user's location, the App displays information specific to that location, such as available ride modes, price, and availability.  In addition to ridesharing options, the App may show local information such as public transportation options, bike share, or rental car offerings.

21.     Wait times (*i.e.,* the amount of time between the time a ride is requested and the time when the driver arrives) and completion rates (*i.e.,* the percentage of requested rides that are completed) on the Lyft platform vary by location and by mode.

22.     Lyft does not guarantee any service levels or outcomes to its users, including wait times, completion rates, or that a requested ride will be completed.

23.     Lyft does not restrict its Standard mode in any Region based upon the level of service, including wait times and completion rates.

24.     Lyft offers Standard mode through an independent contractor model (the "IC model").

25.     The IC model depends on drivers who personally own or rent a car. These drivers set their own hours and drive where they want to drive.

26.     Prior to 2016 when it began offering WAV service in Portland, Oregon, Lyft did not offer WAV service in any Region.

27.     WAVs are vehicles built to accommodate fixed-frame wheelchairs, and typically feature a wheelchair ramp or lift, a lowered floor to accommodate the equipment, and a securement device to keep the wheelchair in place when the vehicle is in motion.

28.     Lyft spent approximately $10-13 million on its WAV programs in 2019.

29.     Lyft spent approximately $13-15 million on its WAV programs in 2020.

30.     Lyft's WAV budget for 2021 was $20 million.

31.     Lyft's projected WAV budget for 2022 is $25 million.

32.     To date, Lyft has launched WAV service (called "Access" mode) in nine cities in the United States: Boston, Massachusetts; Chicago, Illinois; Dallas, Texas; Los Angeles, California; New York, New York; Philadelphia, Pennsylvania; Portland, Oregon; Phoenix, Arizona; and San Francisco, California ("Access Regions").

33.     Lyft launched Access mode in these nine markets in response to regulatory requirements, financial incentives, or a partnership with a transit agency.

34.     Whenever local regulators require Lyft to provide WAV service as a condition of doing business, Lyft has complied with the regulators and provided WAV service.

35.     Lyft does not offer Access mode in Regions other than the Access Regions ("the non-Access Regions").

36.     The non-Access Regions include Westchester County and all of New York State outside of New York City.

37.     Lyft offers Access mode in the Access Regions using two models: the IC model and the "Partner model."

38.     As in the case of Standard mode, the IC model for WAV depends on drivers who personally own or rent WAVs. These drivers ("IC WAV drivers"), like other independent drivers on the Lyft platform, set their own hours and drive where they want to drive.

39.     The second method, the Partner model, relies on third-party transportation companies with whom Lyft contracts.

40.     Under the Partner model, Lyft pays the third-party companies a negotiated hourly rate that varies by city and by company.  In exchange for the hourly rate, the third-party companies provide the contracted-for number of WAVs and drivers to drive the WAVs on the Lyft platform.

ix.   **A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness.**

<u>Plaintiffs' Anticipated Witnesses</u>:

Plaintiffs expect to call the following witnesses in its case in chief.

1.  <u>Harriet Lowell</u>: Plaintiff

    Explanation: Ms. Lowell will testify regarding the harm she has experienced as a result of being denied access to WAVs by Lyft.  Ms. Lowell will testify why and how she seeks to use Lyft's WAV services in the future should Lyft expand its WAV service.

    Direct Time Estimate: N/A, Testimony by Affidavit

2.  <u>Melvyn Tanzman</u>: Former Executive Director of Plaintiff WDOMI

    Explanation:  Mr. Tanzman was the Executive Director of WDOMI for 21 years, until 2020, where he was responsible for management of WDOMI's activities.  Mr. Tanzman will testify regarding the harm that many of WDOMI's members experienced as a result of being denied access to WAVs by Lyft, the statements and requests made by WDOMI to make Lyft offer WAV service, and why many of WDOMI's members seek to use Lyft.

    Direct Time Estimate: N/A, Testimony by Affidavit

    **Lyft's Objections**: Hearsay: Mr. Tanzman's testimony is based on hearsay. Fed. R. Evid. 802.

    Personal Knowledge: Mr. Tanzman is testifying on matters as to which he lacks personal knowledge. Fed. R. Evid. 602.

3. <u>Donna Drumm</u>: Able-Bodied Lyft User and Founder of DrummAdvocacy, Law Firm Dedicated To Advocating For Individuals With Disabilities

Explanation: Ms. Drumm will testify regarding her experience as an able-bodied Lyft user who continues to use Lyft, despite the poor service that Lyft provides to able-bodied users in Westchester County.

Direct Time Estimate: N/A, Testimony by Affidavit

**Lyft's Objections**: Cumulative, Relevance: Ms. Drumm's testimony is unnecessary because the parties have already stipulated that Lyft provides WAV service in New York City but not in Westchester County. Fed. R. Evid. 401-403.

Undisclosed expert opinion: Ms. Drumm's testimony is not the testimony of a fact witness. She appears to be offering expert testimony but Plaintiffs did not disclose Ms. Drumm as an expert witness. Fed. R. Civ. Proc. 26, 37.

Hearsay: Ms. Drumm's testimony is based on hearsay. Fed. R. Evid. 802.

Personal Knowledge: Ms. Drumm is testifying on matters as to which she lacks personal knowledge. Fed. R. Evid. 602.

Belated disclosure: Ms. Drumm is testifying on factual matters for which she was not previously identified as a witness on topics not disclosed in discovery. Fed. R. Civ. Proc. 26, 37.

4. <u>Timothy Adubato</u>: Class Member

Explanation: Mr. Adubato will testify regarding his personal experiences, including his desire and inability to use Lyft.

Direct Time Estimate: N/A, Testimony by Affidavit

**Lyft's Objections**: Cumulative, Relevance: The parties have already stipulated that Lyft does not provide WAV service in New Jersey; testimony does not include proposed modifications that are both effective and reasonable in cost. Fed. R. Evid. 401-403.

5.  <u>Daniel Bussani</u>: CEO of Bussani Mobility

    Explanation: Mr. Bussani will testify regarding the available supply of WAVs that he offers through his WAV dealership in Westchester County and across New York State.  Mr. Bussani will testify regarding the affordability of WAVs and the numerous options drivers and Lyft has regarding available WAVs.

    Direct Time Estimate: N/A, Testimony by Affidavit

6.  <u>Peter Ruprecht</u>: CEO of Drive Master Co. Inc.

    Explanation: Mr. Ruprecht will testify regarding the available supply of WAVs that he offers through his WAV dealership in New Jersey and in the nearby areas.  Mr. Ruprecht will testify regarding the availability of WAVs for rental or partnerships.

    Direct Time Estimate: N/A, Testimony by Affidavit

7.  <u>Claudia Stern</u>: Accountant & Data Analysis Expert

    Explanation: Ms. Stern is a CPA and an expert in data analysis, forensic accounting, and economic damages.  Ms. Stern will testify regarding the data analysis she performed at the direction of Mr. Elegudin relating to the cost estimates, tables, and charts.  Ms. Stern will also testify as a summary witness preparing Exhibits 105-115, which are summaries of data produced by Lyft in this action.

    Direct Time Estimate: 1.5 hours

    **Lyft's Objections**: Inadmissible expert opinion: the opinions contained in Plaintiffs' expert reports are inadmissible under FRE 702.

8.  <u>Alex Elegudin</u>: Accessibility Expert

    Explanation: Mr. Elegudin is an accessibility expert who has worked as the Accessibility Program Manager of the New York City Taxi and Limousine Commission ("TLC")and as the Accessibility Chief at the New York City Metropolitan Transportation Association.  While at the TLC, his guidance of regulatory changes forced Lyft to expand its WAV service.  Mr. Elegudin will testify regarding Lyft's current inefficient method of offering WAV service, explain why Lyft's practices fail to meet the needs of disabled users, and opine about the reasonable modifications Lyft can implement to provide WAV service.

    Time Estimate: 2 hours

**Lyft's Objections**: Inadmissible expert opinion: the opinions contained in Plaintiffs' expert reports are inadmissible under FRE 702. To the extent Plaintiffs are granted additional time for direct examination of Mr. Elegudin, Lyft would request the same amount of time for cross-examination.

9. <u>Isabella Gerundio</u>: Head of Lyft's WAV Team

Explanation: Plaintiffs will call Ms. Gerundio as an adverse witness to testify regarding Lyft's WAV services.

Time Estimate: 1 hour

10. <u>Abbas Bozorgirad:</u> Data Scientist at Lyft

Explanation: Plaintiffs will call Mr. Bozorgirad as an adverse witness regarding Lyft's WAV service and Lyft's use of data.

Time Estimate: 1 hour

11. <u>Dongwon Lee:</u> Former Operations Strategy Manager at Lyft

Explanation: Plaintiffs will call Mr. Lee as an adverse witness regarding Lyft's WAV service.

Time Estimate: 1 hour

<u>Lyft's Anticipated Witnesses</u>:

Lyft expects to call the following witnesses in its case in chief.

1. <u>Isabella Gerundio</u>: Program Manager for WAV at Lyft.

Ms. Gerundio has worked exclusively on Lyft's WAV program since she joined Lyft in February 2019, overseeing Lyft's WAV program, called "Access" mode, in every market where Access mode has been offered in the United States: Boston, Massachusetts; Chicago, Illinois; Dallas, Texas; Los Angeles, California; New York City, New York; Philadelphia, Pennsylvania; Portland, Oregon; Phoenix, Arizona; and San Francisco, California. She will testify regarding Lyft's efforts to offer "Access mode," the differences between regions, the challenge of finding a supply of WAVs, the cost of such efforts, and other operational challenges relating to Access mode. Lyft will offer Ms. Gerundio's direct testimony by affidavit, but anticipates that Plaintiffs will cross-examine Ms. Gerundio.

Time Estimate: 1 hour.

2. <u>Abbas Bozorgirad</u>: Data Scientist at Lyft.

Mr. Bozorgirad has worked on data science in support of Lyft's WAV program. Mr.

Bozorgirad will testify regarding his data analysis of Lyft's Access mode, including his review of data collected in support of this litigation, operational challenges relating to Access mode, and the supply-and-demand nature of Lyft's ridesharing platform generally. Lyft will offer Mr. Bozorgirad's direct testimony by affidavit, but anticipates that Plaintiffs will cross-examine Mr. Bozorgirad.

Time Estimate: 1 hour.

3. <u>Leon Treger</u>: Operations Lead for WAV and HVM at Lyft.

Mr. Treger will testify regarding Lyft's ridesharing platform. He will discuss the Lyft app, the importance of supply-and-demand to the Lyft ridesharing platform, the importance of population density, the role of pricing and bonuses, and modes in general. Mr. Treger will also testify about his experience with Lyft's WAV program in the New York City region. Lyft will offer Mr. Treger's direct testimony by affidavit, but anticipates that Plaintiffs will cross-examine Mr. Treger.

Time Estimate:  1 hour.

4. <u>Marc Rysman, PhD</u>.: Professor of Economics at Boston University.

Dr. Rysman is Lyft's expert witness in this matter. Dr. Rysman will testify regarding the contents of his expert report, which offers economic insights into the functioning of platform industries like Lyft's and opines on whether a WAV service could function on Lyft's supply-and-demand-based platform.

Time Estimate:  2 hours.

**Plaintiffs' Objection:** Plaintiffs object to the testimony of Dr. Rysman.  Dr. Rysman's opinions, reports, and testimony are unreliable, do not assist the trier of fact, and are not based upon independent analysis of sufficient facts and data.  As a result, his opinions fail to meet the standards of *Daubert* and Rule 702.

5. <u>Pauline Scudieri</u>: Class member from the Dallas, Texas area.

Lyft will call Ms. Scudieri to testify regarding the conditions under which she would download and use Lyft.

Time Estimate: 10  minutes.

**x.    For testimony to be taken from unavailable witnesses pursuant to Fed. R. Civ. P. 32(a)(4), a page and line designation by each party of witness deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

Plaintiffs:

1. Christopher Wu: 30:14-32:6; 34:1-37:1; 38:21-41:8; 57:18-60:7; 66:4-68:20; 69:23-77:15; 77:24-80:3; 86:16-87:10; 89:1-91:3; 92:20-102:9; 106:25-107:12; 108:12-108:21; 110:12-113:4; 114:21-114:24; 116:20-118:8; 130:13-135:4; 151:19-155:19; 159:22-162:23; 168:11-173:3; 180:8-183:25; 185:22-199:13; 215:20-218:19.

2. Joyce Chan: 24:1-25:6; 30:22-32:13; 40:12-42:23; 45:5-50:13; 57:23-61:2; 81:18-85:19; 88:7-23; 101:6-103:15; 108:8-114:10; 118:3-122:18; 124:7-129:21; 133:8-134:7; 140:9-149:25; 160:5-165:3; 168:13-174:12; 224:7-231:16; 237:8-238:15.

3. Richard Zhou: 22:19-24:11; 38:15-25; 42:7-12, 42:16-44:19; 59:7-10; 67:25-68:24; 68:25-69:22; 71:4-21; 74:8-21;  82:9-83:12; 84:10-20; 94:24-96:12; 104:12-107:5; 110:6-111:1; 118:4-24; 160:16-19; 161:18-20; 165:21-166:1; 171:5-172:6; 199:17-200:12; 200:13-201:17; 206:3-207:7297:23-299:18

4. Karim Bousta: 14:11-22; 18:2-18:13; 25:8-27:15; 29:17-33:6; 48:3-16; 68:23-71:6.

5. Ansel Lurio: 12:22-14:25; 20:8-24:24; 29:18-34:2; 40:17-43:4; 68:1-23; 94:13-100:21; 106:22-110:3; 128:18-130:12.

6. Deepak Gupta: 13:17-17:11; 73:11-21; 74:9-18; 132:10-136:10; 151:21-154:16.

7. Audrey Ren: 32:10-32:22; 134:3-135:14; 143:3-145:2; 164:12-170:7; 199:21-201:15.

8. Asaf Selinger: 16:15-19; 17:16-22; 31:18-32:11; 33:15-34:22; 36:4-11; 40:17-42:6; 42:9-45:3; 45:9-45:15; 47:19-49:23; 51:5-8; 51:17-20; 53:9-24; 54:5-54:13; 56:8-22; 58:2-59:24; 65:2-67:20; 72:9-75:13; 81:18-83:24; 96:23-97:25; 101:13-102:1; 104:16-19; 106:6-25; 107:1-6; 112:3-15; 113:1-118:20; 119:2-25; 121:13-18; 169:2-170:9; 187:5-18; 202:7-23; 203:6-19

**Defendant**:  Lyft objects to Plaintiffs' designation of several hundred pages of deposition testimony. Substantial portions of the testimony identified by Plaintiffs are not relevant to the elements of Plaintiffs' claims and are duplicative. Defendant has prepared its responses to Plaintiffs' designation as set forth in attached **Exhibit A**.

Defendant designates the following testimony:

1. Pamela Daly: 27:18-30:7; 37:21-38:25; 40:6-21.

    **Plaintiffs' Counter Designations:** 33:14-16

Pursuant to Your Honor's Individual Practices 6(D)(ii), copies of the deposition excerpts and 1-page synopses of those excerpts are being lodged concurrently with Lyft's trial affidavits.

**Plaintiff:**  Plaintiffs object to Lyft's designated testimony as not relevant.  Plaintiff has prepared its responses and counter designations to Defendants' designations as set forth in attached Exhibit B.

**xi.      A list by each party of exhibits to be offered in its case in chief, with a notation indicating the basis for admissibility of each exhibit with citation to Fed. R. Evid., as well as a notation indicating exhibits to which there is an objection and the basis therefor.  The failure to include a notation and basis may be deemed a waiver of any objection.**

Plaintiffs' Anticipated Exhibits To Be Offered In Its Case In Chief:

Plaintiffs' list of anticipated exhibits to be offered in their case in chief is attached hereto as **Exhibit C.**

Defendant's Anticipated Exhibits To Be Offered In Its Case In Chief:

Lyft's list of anticipated exhibits to be offered in its case in chief is attached hereto as **Exhibit D**.

**xii.     A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

Plaintiffs seek the following relief:

1.    First, Plaintiffs respectfully request that the Court issue an Order enjoining Lyft from operating its WAV programs and Access mode in a manner that is discriminatory pursuant to section 12182 of the ADA, including subsections 12182(b)(2)(A)(ii), (b)(2)(A)(iv), (b)(2)(A)(v).

2.    Second, Plaintiffs respectfully request that the Court issue an Order enjoining Lyft from operating its WAV programs and Access mode in a manner that is discriminatory pursuant to section 12184 of the ADA, including subsections 12184(b)(2)(A), (b)(2)(C).

3.    Third, Plaintiffs respectfully request that the Court issue an Order enjoining Lyft from operating its WAV programs and Access mode in a manner that is discriminatory pursuant to

20

section 296(2)(a) of the NYSHRL, including subsections 296(2)(c)(i)-(iii).

4.    Fourth, Plaintiffs respectfully request that the Court issue an Order enjoining Lyft's discriminatory policies, practices, and procedures, and require that it comply with the applicable statutes using any means and methods it would like.

5.    Fifth, Plaintiffs respectfully request that the Court issue Orders pursuant to the ADA and the NYSHRL requiring that Lyft implement the following remedial measures:

    a.    Order Lyft to remove the current categorical preclusion ("blocker") of WAVs on its platform in approximately 96% of its non-Access Regions and prevent implementation of Lyft's hidden Access Mode toggle to view WAV options on the App's home screen. Lyft's policies and practices prevent WAV drivers from identifying their vehicles as WAVs and riders from having the option to select WAVs, even when they are available.

    b.    Order Lyft to ask all drivers on its platform in the non-Access Regions and those onboarding in the non-Access Regions whether they have access to WAVs and whether they are interested in driving WAVs on Lyft's platform. Plaintiffs envision that this question would be added to Lyft's mandatory driver onboarding process, during which Lyft requires drivers to disclose all relevant information about their vehicles, such as makes and models, and insurance information.

    c.    Order Lyft to utilize cross-dispatching and prioritization logic to optimize WAV drivers' efficiencies and profitability.

    d.    Order Lyft to explore and form partnerships with car rental, taxi, non-emergency medical transportation, and other transportation companies that have WAVs, as Lyft's competitors have done to improve WAV service.

    e.    Order Lyft to include WAVs as options in Lyft's Express Drive and FlexDrive

programs for its existing and potential drivers.

    f.    Order Lyft to engage in both WAV driver- and rider-facing marketing to attract potential WAV drivers and to increase awareness of WAVs on Lyft's platform among potential WAV riders, and thereby increase the supply of WAVs and demand for WAV services on Lyft's app. Lyft may do so by employing targeted advertising and advertising campaigns similar to those Lyft uses for its standard and other non-WAV services.

    g.    Order Lyft to increase the supply of WAVs on its platform by offering potential drivers baseline bonuses and incentives for guaranteed periods of time, such as six months, one year, or eighteen months.

    h.    Order Lyft to implement a ten-cent accessibility surcharge on all rides nationwide to fund robust WAV services.

6.    Sixth, Plaintiffs respectfully request that the Court issue an Order awarding Plaintiffs' reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action.

7.    Finally, Plaintiffs respectfully request that the Court issue an Order granting any further relief the Court deems just, necessary, and proper.

**xiii.**    **A statement as to whether the parties consent to a less than unanimous verdict.**

Not applicable.

**FINKLESTEIN, BLANKINSHIP**
**FREI-PEARSON & GARBER LLP**

By: ___*/s/ Jeremiah Frei-Pearson*_____
    Jeremiah Frei-Pearson
    FINKLESTEIN, BLANKINSHIP
    FREI-PEARSON & GARBER LLP
    1 North Broadway, Suite 900
    White Plains, New York 10601
    Telephone: 914.298.3281
    Facsimile: 914.824.1561
    jfrei-pearson@fbfglaw.com

*Attorney for Plaintiffs and the Certified*
*Classes*

**FOLGER LEVIN LLP**

By: ___*/s/ Marie Jonas*_____
    Jiyun Cameron Lee (Admitted *Pro*
    *Hac Vice*)
    Marie Jonas (Admitted *Pro Hac Vice*)
    33 New Montgomery Street,
    19th Floor
    San Francisco, CA 94105
    Telephone: 415.625.1050
    Facsimile: 415.625.1091
    jlee@folgerlevin.com
    mjonas@folgerlevin.com

*Attorneys for Defendant*

## FILER'S ATTESTATION

    I attest that concurrence in the filing of the document has been obtained from each of the

other Signatories.

Dated: April 26, 2024

                    */s/ Marie Jonas*_____
                    Marie Jonas

Dated: May 2, 2024_____
      White Plains, New York

                    **SO ORDERED.**

                    _____
                    HON. PHILIP M. HALPERN
                    United States District Judge

4880-8124-9208, v. 1

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Karim Bousta** | 14:11-22 | Fed. R. Evid. 401-403 (not relevant) | |
| **Karim Bousta** | 18:2-18:13 | No objection | |
| **Karim Bousta** | 25:8-27:15 | No objection | |
| **Karim Bousta** | 29:17-33:6 | No objection | |
| **Karim Bousta** | 48:3-16 | No objection | |
| **Karim Bousta** | 68:23-71:6 | Fed. R. Evid. 403 (cumulative); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge)<br><br>If allowed, counter designation: 67:16-68:9<br><br>Object to Bousta Depo Ex. 2 [TR EX 66] as stated in response to Plaintiffs' identification of trial exhibits | |
| **Christopher Wu** | 30:14-32:6 | No objection to 31:16-32:6<br><br>Object to remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant) | |
| **Christopher Wu** | 34:1-37:1 | No objection | |
| **Christopher Wu** | 38:21-41:8 | No objection | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Christopher Wu** | 57:18-60:7 | No objection | |
| **Christopher Wu** | 66:4-68:20 | No objection | |
| **Christopher Wu** | 69:23-77:15 | No objection to 69:23-75:12 with objections and colloquy excerpted<br><br>Lyft generally objects to the remainder on the following grounds: Fed. R. Evid. 403 (cumulative of other witnesses; voluminous, "wasting time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation)<br><br>Object to Wu Depo. Ex. 3 [TR EX 73] as stated in response to Plaintiffs' identification of trial exhibits. | |
| **Christopher Wu** | 77:24-80:3 | No objection with objections and colloquy excerpted | |
| **Christopher Wu** | 86:16-87:10 | Fed. R. Evid. 403 (cumulative of other witnesses; voluminous, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Christopher Wu** | 89:1-91:3 | No objection | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Christopher Wu** | 92:20-102:9 | No objection | |
| **Christopher Wu** | 106:25-107:12 | No objection | |
| **Christopher Wu** | 108:12-108:21 | No objection | |
| **Christopher Wu** | 110:12-113:4 | Object to 110:12-16 and 111:8-113:4 on grounds of Fed. R. Evid. 602 (lack of personal knowledge)<br><br>Object to 110:17-111:7 on grounds of Fed. R. Evid. 403 (cumulative and argumentative) | |
| **Christopher Wu** | 114:21-114:24 | Fed. R. Evid. 403 (cumulative) | |
| **Christopher Wu** | 116:20-118:8 | No objection | |
| **Christopher Wu** | 130:13-135:4 | Object on grounds of Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (cumulative)<br><br>Object to Wu Depo. Exs. 7, 8, 9 as not identified in Plaintiffs' identification of trial exhibits | |
| **Christopher Wu** | 151:19-155:19 | Object on grounds of Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (cumulative) | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Christopher Wu** | 159:22-162:23 | Object on grounds of Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (cumulative)<br><br>Object to Wu Depo Ex. 14 [TR EX 99] as stated in response to Plaintiffs' identification of trial exhibits | |
| **Christopher Wu** | 168:11-173:3 | Object on grounds of Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (voluminous, cumulative) | |
| **Christopher Wu** | 180:8-183:25 | Object on grounds of Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (voluminous, cumulative)<br><br>Object to Wu Depo Ex. 16 [TR EX 75] as stated in response to Plaintiffs' identification of trial exhibits | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Christopher Wu** | 185:22-199:13 | Object on grounds of Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 403 (voluminous, cumulative)<br><br>Object to Wu Depo Ex. 17, 18 [TR EX 70, 80] as stated in response to Plaintiffs' identification of trial exhibits | |
| **Christopher Wu** | 215:20-218:19 | Object on grounds of Fed. R. Evid. 401-403 (not relevant) | |
| **Joyce Chan** | 24:1-25:6 | No objection | |
| **Joyce Chan** | 30:22-32:13 | No objection | |
| **Joyce Chan** | 40:12-42:23 | No objection to testimony<br><br>Object to Chan Depo. Ex. 3 as not identified in Plaintiffs' identification of trial exhibits | |
| **Joyce Chan** | 45:5-50:13 | Fed. R. Evid. 401-403 (not relevant)<br><br>Object to Chan Depo. Ex. 3 as not identified in Plaintiffs' identification of trial exhibits | |
| **Joyce Chan** | 57:23-61:2 | No objection | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Joyce Chan** | 81:18-85:19 | No objection to 83:8-85:19<br><br>Object to 81:18-83:7 on grounds of Fed. R. Evid. 401-403 (not relevant) | |
| **Joyce Chan** | 88:7-23 | No objection | |
| **Joyce Chan** | 101:6-103:15 | No objection to 102:4-103:2<br><br>Object to remainder: Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Joyce Chan** | 108:8-114:10 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Joyce Chan** | 118:3-122:18 | Object on grounds of Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Joyce Chan** | 124:7-129:21 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Joyce Chan** | 133:8-134:7 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Joyce Chan** | 140:9-149:25 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Joyce Chan** | 160:5-165:3 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation) | |
| **Joyce Chan** | 168:13-174:12 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation) | |
| **Joyce Chan** | 224:7-231:16 | Object on grounds of Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation) | |
| **Joyce Chan** | 237:8-238:15 | Object on grounds of Fed. R. Evid. 403 (cumulative, "wasting | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(b)(argumentative) | |
| **Deepak Gupta** | 13:17-17:11 | No objection to 16:17-17:1<br><br>Lyft generally objects to the remainder on the following grounds: Fed. R. Evid. 403 (voluminous, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Deepak Gupta** | 73:11-21 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 901 (lack of foundation) | |
| **Deepak Gupta** | 74:9-18 | No objection.<br>Counter-designate 74:19-21 for completeness. | |
| **Deepak Gupta** | 132:10-136:10 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 901 (lack of foundation)<br><br>Object to Depo. Ex. 10 [TR EX 85] as stated in response to | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | Plaintiffs' identification of trial exhibits | |
| **Deepak Gupta** | 151:21-154:16 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 901 (lack of foundation).<br><br>Object to Depo. Ex. 12 [TR EX 96] as stated in response to Plaintiffs' identification of trial exhibits. | |
| **Audrey Ren** | 32:10-32:22 | No objection | |
| **Audrey Ren** | 134:3-135:14 | Fed. R. Evid. 403 ("wasting time"); Fed. R. Evid. 401- 403 (not relevant); Fed. R. Evid. 701 (speculation)<br><br>Object to Depo. Ex. 6 [TR EX 81] as stated in response to Plaintiffs' identification of trial exhibits | |
| **Audrey Ren** | 143:3-145:2 | No objection | |
| **Audrey Ren** | 164:12-170:7 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant); Fed. R. | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation)<br><br>Object to Depo. Ex. 7 [TR EX 67] as stated in response to Plaintiffs' identification of trial exhibits | |
| Audrey Ren | 199:21-201:7 | Fed. R. Evid. 403 ("wasting time"); Fed. R. Evid. 401- 403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation)<br><br>Object to Depo. Ex. 9 [TR EX 77] as stated in response to Plaintiffs' identification of trial exhibits. | |
| Ansel Lurio | 12:22-14:25 | No objection | |
| Ansel Lurio | 20:8-24:24 | No objection | |
| Ansel Lurio | 29:18-34:2 | No objection | |
| Ansel Lurio8 | 40:17-43:4 | No objection | |
| Ansel Lurio | 68:1-23 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---------|------------------------|---------------------------------------------|--------|
| | | of personal knowledge); Fed. R. Evid. 701 (speculation) | |
| **Ansel Lurio** | 94:13-100:21 | Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 802 (hearsay) | |
| **Ansel Lurio** | 106:22-110:3 | Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 802 (hearsay) | |
| **Ansel Lurio** | 128:18-130:12 | No objection | |
| **Richard Zhou** | 22:19-24:11 | Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Richard Zhou** | 38:15-25 | No objection | |
| **Richard Zhou** | 42:7-12,42:16-44:19 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Richard Zhou** | 59:7-10 | No objection | |
| **Richard Zhou** | 67:25-68:24 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation); Fed. R. Evid. 602 (lack of personal knowledge) | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Richard Zhou** | 68:25-69:22 | Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation) | |
| **Richard Zhou** | 71:4-21 | Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |
| **Richard Zhou** | 74:8-21 | Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |
| **Richard Zhou** | 82:9-83:12 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Richard Zhou** | 84:10-20 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Richard Zhou** | 94:24-96:12 | Fed. R. Evid. 401-403 (not relevant) | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Richard Zhou** | 104:12-107:5 | No objection to 106:4-13.<br><br>Object to the remainder of the designation on the following grounds: Fed. R. Evid. 701 (speculation); Fed. R. Evid. 401-403 (not relevant) | |
| **Richard Zhou** | 110:6-111:1 | Fed. R. Evid. 401-403 (not relevant) | |
| **Richard Zhou** | 118:4-24 | Fed. R. Evid. 401-403 (not relevant) | |
| **Richard Zhou** | 160:16-19 | No objection | |
| **Richard Zhou** | 161:18-20 | No objection | |
| **Richard Zhou** | 165:21-166:1 | Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Richard Zhou** | 171:5-172:6 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Richard Zhou** | 199:17-200:12 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | designation); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Richard Zhou** | 200:13-201:17 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Richard Zhou** | 206:3-207:7 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Civ. Proc. 32(a)(3) (outside scope of designation); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Richard Zhou** | 297:23-299:18 | Fed. R. Evid. 401-403 (not relevant) | |
| **Asaf Selinger** | 16:15-19 | No objection | |
| **Asaf Selinger** | 17:16-22 | No objection | |
| **Asaf Selinger** | 31:18-32:11 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 602 (lack of personal knowledge); Fed. R. Evid. 701 (speculation) | |
| **Asaf Selinger** | 33:15-34:22 | Fed. R. Evid. 401-403 (not relevant) | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Asaf Selinger** | 36:4-11 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| **Asaf Selinger** | 40:17-42:6 | No objection to 40:17-41:19.<br><br>Object to the remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant) | |
| **Asaf Selinger** | 42:9-45:3 | No objection to 44:13-45:1.<br><br>Object to the remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant) | |
| **Asaf Selinger** | 45:9-45:15 | Fed. R. Evid. 401-403 (not relevant) | |
| **Asaf Selinger** | 47:19-49:23 | No objection | |
| **Asaf Selinger** | 51:5-8 | No objection | |
| **Asaf Selinger** | 51:17-20 | No objection | |
| **Asaf Selinger** | 53:9-24 | No objection to 53:21-24. | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | Object to the remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Asaf Selinger** | 54:5-54:13 | Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Asaf Selinger** | 56:8-22 | Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Asaf Selinger** | 58:2-59:24 | No objection | |
| **Asaf Selinger** | 65:2-67:20 | No objection to 65:2-19, 67:4-20. Object to the remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 403 (cumulative, "wasting time") | |
| **Asaf Selinger** | 72:9-75:13 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 701 (speculation) | |
| **Asaf Selinger** | 81:18-83:24 | No objection to 82:2-83:3. Object to the remainder on the following grounds: Fed. R. Evid. | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| | | 401-403 (not relevant); Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 701 (speculation) | |
| Asaf Selinger | 96:23-97:25 | Fed. R. Evid. 401-403 (not relevant) | |
| Asaf Selinger | 101:13-102:1 | Fed. R. Evid. 401-403 (not relevant) | |
| Asaf Selinger | 104:16-19 | No objection | |
| Asaf Selinger | 106:6-25 | Fed. R. Evid. 403 (cumulative, "wasting time"); Fed. R. Evid. 401-403 (not relevant) | |
| Asaf Selinger | 107:1-6 | No objection | |
| Asaf Selinger | 112:3-15 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |
| Asaf Selinger | 113:1-118:20 | No objection to 113:12-14. Object to the remainder on the following grounds: Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 403 (cumulative, "wasting time") | |

**Exhibit A**
Plaintiffs' Deposition Designations with Lyft's Objections and Counter-Designations

| Witness | Plaintiffs' Designation | Lyft's Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Asaf Selinger** | 119:2-25 | Fed. R. Evid. 401-403 (not relevant) | |
| Asaf Selinger | 121:13-18 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |
| **Asaf Selinger** | 169:2-170:9 | No objection | |
| **Asaf Selinger** | 187:5-18 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation); Fed. R. Evid. 602 (lack of personal knowledge) | |
| **Asaf Selinger** | 202:7-23 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |
| **Asaf Selinger** | 203:6-19 | Fed. R. Evid. 401-403 (not relevant); Fed. R. Evid. 701 (speculation) | |

4890-2745-8215, v. 2

18

**Exhibit B**
Lyft's Deposition Designations with Plaintiffs' Objections and Counter-Designations

| Witness | Lyft's Designation | Plaintiffs' Objections and Counter-Designations | Ruling |
|---|---|---|---|
| **Pamela Daly** | 27:18-30:7 | Fed. R. Evid. 401-403 (not relevant)<br>**Counter Designations**<br>33:14-16 | |
| **Pamela Daly** | 37:21-38:25 | Fed. R. Evid. 401-403 (not relevant) | |
| **Pamela Daly** | 40:6-21 | Fed. R. Evid. 401-403 (not relevant) | |

4890-9906-1672, v. 1

1

Exhibit C- Plaintiffs' Exhibit List

**Plaintiffs' Exhibit List**

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 1. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Lyft's Annual Losses", page 12. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified) | ADMITTED over objection |
| 2. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Regions with Losses for Standard Service", page 16. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified) | ADMITTED over objection |
| 3. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Regions with Highest Losses for Standard Service", page 16. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified) | ADMITTED over objection |
| 4. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Sample of Cities in New York State Incurring Losses for the First Five Consecutive Quarters", page 17. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 5. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "New York State (excluding New York City) Trip Data", page 26. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 6. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Lyft's Performance for People With Disabilities in Access Regions", page 27. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 7. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "WAV Rides Grew Faster Than Non-WAV Rides", page 34. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 8. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Growth in WAV Passengers and Rides", page 35. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 9. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | Figure Titled "Unique WAV Passengers Growth", page 35. | | qualified, unsound methodology) | |
| 10. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cost And Profit Data for WAV Service in Phoenix", page 36. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 11. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "2019 and 2020 Standard Rides and Access Rides (includes New York City)", page 38. | Fed. R. Evid. 402, 702 | No objection to Non-Access and Access Regions figures. Lyft objects to the "Estimated Non-Access" figures, and derivatives of those figures, because the estimates are not methodologically sound. FRE 702. | ADMITTED over objection |
| 12. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Unmet WAV Demand – Measured by Lyft Usage", page 46. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 13. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Average Cost per Access Ride", page 51. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 14. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "New York City – Access Rides", page 68. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 15. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Even in Access Regions With Few WAVs, Lyft Provides Wait Times for WAV Service that Are Much Better than Providing No Service", page 70. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 16. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "WAV Growth in Boston", page 70. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 17. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cross-Dispatching Dramatically Improves WAV Service in Phoenix", page 79. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 18. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cross-Dispatching Further Improves WAV Service and Reduces Costs in Months With Ten or More Cross-Dispatches Per Driver (Phoenix)", page 79. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 19. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cross-Dispatching Improves Service and Reduces Costs (Portland)", page 80. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 20. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cross-Dispatching More Than Ten Times Monthly Dramatically Improves Completion Percentages and Reduces Costs (All Regions With Cross Dispatching)", page 80. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 21. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "A Ten Cent Subsidy Would Cover the Cost of a Projected 487,518 WAV Rides in 2019 or 26,784 WAV Rides in 2020", page 83. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 22. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Access Rides as a Percent of Standard Rides", page 84. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED. |
| 23. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Ten Cent Surcharge Would Cover Cost of Providing WAV Access in Non-Access Regions Even If Each Accessible Ride Cost $475.24", page 84. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 24. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "A Ten Cent | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | Subsidy Would Have Been More Than Enough to Cover Lyft's Entire Access Budget For 2020", page 85. | | | |
| 25. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 1-Westchester", page 91. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 26. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Lowest Average Access Cost per Ride", page 91. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 27. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Cost per Access Ride", page 92. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 28. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 2-Westchester", page 92. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 29. | Corrected Expert Report of Alex Elegudin and Claudia J. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | Stern, CPA/ABV/CFF – Figure Titled "Model 3 – Westchester", page 95. | | qualified, unsound methodology) | |
| 30. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model Summary – Westchester", page 96. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 31. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 1- New York State (excluding New York City)", page 98. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 32. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 2- New York State (excluding New York City)", page 100. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 33. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 3- New York State (excluding New York City)", page 102. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 34. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model Summary – New York State (excluding New York City)", page 103. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 35. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 1 - All Non-Access Regions", page 105. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 36. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 2 - All Non-Access Regions", page 107. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 37. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure Titled "Model 3 - All Non-Access Regions", page 109. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 38. | Corrected Expert Report of Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | Figure Titled "Model Summary – All Non-Access Regions", page 110. | | qualified, unsound methodology) | |
| 39. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 1 | Fed. R. Evid. 402, 702 | No objection. | ADMITTED. |
| 40. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure 3 | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 41. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure 4 | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 42. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure 5 | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 43. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | Stern, CPA/ABV/CFF – Figure 6 | | | |
| 44. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure 7 | Fed. R. Evid. 402, 702 | FRE 401-403 (irrelevant, waste of time); 702 (expert not qualified, unsound methodology) | ADMITTED over objection |
| 45. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 2 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 46. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 3 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 47. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 4 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 48. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 5 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 49. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 6 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 50. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Table 7 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 51. | Rebuttal to the Expert Report of Marc Rysman, Ph.D. by Alex Elegudin and Claudia J. Stern, CPA/ABV/CFF – Figure 9 | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 52. | Curriculum Vitae of Alex Elegudin, Esq. | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 53. | Curriculum Vitae of Claudia Stern, CPA/ABV/CFF | Fed. R. Evid. 402, 702 | No Objection. | ADMITTED |
| 54. | Defendant's Index of Lyft's 3-5-21 Data Production | Fed. R. Evid. 402, Business Records - FRE 803(6). | No Objection. | ADMITTED |
| 55. | Highly Confidential – Subject to Protective Order – Demand 2021-02-26.csv | For identification purposes only. | No Objection. | ADMITTED |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 56. | Highly Confidential – Subject to Protective Order – Demand 2021-09-20.csv | For identification purposes only. | No Objection. | ADMITTED |
| 57. | Highly Confidential – Subject to Protective Order – Supply 2021-02-26.csv | For identification purposes only. | No Objection. | ADMITTED |
| 58. | Highly Confidential – Subject to Protective Order – Toggle Report 2021-02-26.csv | For identification purposes only. | No Objection. | ADMITTED |
| 59. | Highly Confidential – Subject to Protective Order – WAV 2021-02-26.csv | For identification purposes only. | No Objection. | ADMITTED |
| 60. | Highly Confidential – Subject to Protective Order – WAV PAX 2021-02-26.csv | For identification purposes only. | No Objection. | ADMITTED |
| 61. | Lowell-demand-2020-09-18.csv | For identification purposes only. | No Objection. | ADMITTED |
| 62. | Lowell-supply-2020-09-18.csv | For identification purposes only. | No Objection. | ADMITTED |
| 63. | Lyft Rider Records | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 901 (authenticity | FRE 401-403 (irrelevant, cumulative of stipulated fact); Fed. R. Civ. Proc. 37 (failure to timely disclose exhibit - produced for the first time on October 12, 2022). | OBJECTION SUSTAINED |

13

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | established by Plaintiffs' witness with personal knowledge). | | |
| 64. | Declaration of Jon McNeill | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by former Lyft employee with personal knowledge); Fed. R. Evid. 803(b)(3) (statement against interest); Fed. R. Evid. 901 (authenticity established by declarant). | FRE 401-403 (irrelevant, cumulative, waste of time); 802 (hearsay). | ADMITTED |
| 65. | WAV Recommendation Deck; LYFT_ILRC00004720 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties). | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

14

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Document includes an email written by a Lyft employee and trial witness recommending a partnership program, called LyftSub, to economically offer nationwide WAV service.  All of Lyft's work related to LyftSub indicated that it would be effective, but Lyft failed to attempt to implement LyftSub.  One of Plaintiffs' proposed modifications is for Lyft to engage in partnerships to offer WAV service. | | |
| 66. | WAV Proposal – LyftSub; LYFT_ILRC00004743 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | (statement by employee made within the scope of employment duties).<br><br>Document includes an email written by Lyft employees recommending the LyftSub partnership described in Exhibit 16 be implemented and shared with Lyft's executive leadership team to improve Lyft's WAV programs, which are described as "costly and gives us limited control[.]" No Lyft witness has credibly explained why Lyft failed to implement LyftSub. | no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | |
| 67. | Audrey Ren's Identification Of The WAV Problem And Solution; LYFT_ILRC00009579 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (Lyft witness established record was prepared in the regular course of business).<br><br>Document was written by Lyft's employee who stated that Lyft "do[es] not promote WAV demand beyond offering Access mode[.]" This supports Plaintiffs' claims of discrimination, as Lyft invests substantially in promoting its standard service. Moreover, one of Plaintiffs' proposed modifications to improve and expand | extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | WAV service is to advertise and market Lyft's WAV services to riders. | | |
| 68. | Financial Modeling Of Three WAV Partnership Proposals; LYFT_ILRC00009589 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness).<br><br>Document shows three financial models prepared by a Lyft employee and trial witness projecting that Lyft can profitably offer WAV service | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

18

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | throughout the country by engaging in partnerships. Plaintiffs propose engaging in partnerships, similar to those modeled in this exhibit, to expand WAV service. | | |
| 69. | Logic for CA WAV Pilot Number of Drivers; LYFT_ILRC00009715 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange amongst Lyft employees discussing how to expand Lyft's WAV offerings and provide more efficient WAV | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is an email exchange concerning planning for a rental pilot program in the San Francisco Bay Area. Absent additional information regarding the specific purpose for which it is offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | service. Exchange discusses the benefits of cross-dispatching all WAV drivers (cross-dispatching means to allow WAV vehicles to transport able-bodied people as well as people with disabilities). Plaintiffs propose a modification to allow all WAV drivers to cross-dispatch, which would allow Lyft to more efficiently offer WAV service. In addition to being horrible economics, Lyft's ban on cross-dispatching is inherently discriminatory as it unnecessarily segregates able-bodied people and disabled people. | the hearsay exclusion. No witness testified about this document in deposition.

Moreover, the document is irrelevant as it concerns preliminary discussions of a pilot program that was discontinued because of the COVID-19 pandemic. There is no evidence that the pilot would have been effective or how much it would have cost. Indeed, Lyft witnesses testified that it no longer uses the "rental model" because most drivers who rented WAVs via the New York City program spent only a small fraction of their time providing WAV rides. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 70. | Texas WAV Pilot Scale Discussion; LYFT_ILRC00011992 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange where the former head of Lyft's WAV team states that the "price of success" in offering successful WAV service in Dallas would be being forced to offer more WAV service.  This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is an email exchange concerning the launch of a WAV program in Dallas. Absent additional information regarding the specific purpose for which it is offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion.<br><br>Moreover, the document is irrelevant as it has nothing to do with the cost or effectiveness of any proposed modification. Presumably, Plaintiffs seek to admit this document because an employee asks if the consequence of a successful pilot could be regulators forcing | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | intentionally suppressing the efficiency of Access mode. | Lyft to expand its WAV program. Mr. Wu testified that he was "trying to read the future and trying to assess risks." Wu Depo. 196:14-15. This statement, and this document, has no bearing on any matter at issue in this litigation. | |
| 71. | WAV Model – NewCo; LYFT_ILRC00014654 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document written by the former head of Lyft's WAV team describing LyftSub, which supports one of Plaintiffs' modifications. The document also admits | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | to Lyft's concern about expanding Lyft's WAV partnerships, namely that it "would endanger our IC Status and ADA exemption", which supports Plaintiffs' claim of discrimination. | | |
| 72. | WAV Model – NewCo; LYFT_ILRC00014666 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document written by Lyft employees describing the benefits to Lyft of having a WAV program, such as being "unable to | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | bid on other ride programs because we don't have WAV as part of our fleet solution" and that Lyft "lost $3 million dollars" in subsidized ride partnerships 4 major cities during 2018 "due to our lack of WAV service." <br><br> Plaintiffs propose modifications that Lyft implement partnership programs and expand Lyft's WAV offerings, which allow Lyft to alleviate the large cost of being shut out of government partnerships and subsidies worth millions of dollars each year, and which would allow Lyft to obtain the financial benefits of serving | | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | people with disabilities. | | |
| 73. | WAV Update; LYFT_ILRC00016900 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Email exchange written by the former head of Lyft's WAV team describing cross-dispatching WAV drivers as "low hanging fruit to providing Lyft its first scalable WAV model", and stating that cross-dispatching is "more scalable" and "an easy | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | fix." Plaintiffs propose that Lyft implements cross-dispatching for all Lyft drivers as one of their modifications. The document also admits that Lyft's reasons for not cross-dispatching are "legal" reasons that Lyft has refused to expound on in discovery. | | |
| 74. | Project Access Deck; LYFT_ILRC00020178 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay). Testimony does not establish application of hearsay exception for records of a regularly conducted activity. Document is an 11-page presentation from September 2017 concerning preliminary WAV proposals. The presentation does not bear indicia of reliability for the purposes of records of a | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | business established by Lyft witness).<br><br>Powerpoint presentation prepared by a Lyft employee regarding how to expand and improve Lyft's WAV service, such as by implementing the Perseus program.  As the employee wrote, Perseus can "mitigate partner risk and reduce per ride costs." Lyft abandoned and did not pursue Perseus, as it did with almost all of its viable WAV proposals. As part of Plaintiffs' proposed modifications to implement partnerships, Plaintiffs' recommend using the Perseus proposal. | regularly conducted activity.<br><br>Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Don Lee testified that the proposals outlined in this document were never pursued, and, moreover, more recent analyses supersede contents of this presentation. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. Finally, this document is redundant of other trial exhibits. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 75. | Wheelchair Access Vehicles (WAV) @ Lyft Deck; LYFT_ILRC00022617 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness).<br><br>Powerpoint presentation prepared by the former head of Lyft's WAV team regarding how to expand and improve Lyft's WAV service, such as by including WAVs in Lyft's FlexDrive program, a rental program for Lyft drivers.  Lyft | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | never pursued this proposal and still excludes WAVs from its FlexDrive program. One of Plaintiffs' proposed modifications is to include WAVs in the FlexDrive program. | | |
| 76. | WAV RFP Debrief Deck; LYFT_ILRC00023273 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness).<br><br>Powerpoint presentation prepared | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | by a Lyft employee discussing Lyft's available partnership opportunities for expanding WAV nationwide.<br><br>This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by repeatedly refusing to enter into partnerships for WAV service, despite numerous promising available partners to help expand WAV service. | | |
| 77. | Project Kombucha; LYFT_ILRC00024196 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is an 18-page | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Evid. 801(d)(2)(D) (Lyft deponent established record prepared in regular course of business). Presentation prepared by a Lyft employee reviewing the pros and cons of the LyftSub partnership proposal, such as allowing Lyft more structure and more control over costs of the program. One of Plaintiffs' proposed modifications is for Lyft to engage in partnerships to offer WAV service. | presentation from 2018 with various authors concerning internal Lyft business strategy. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. Moreover, the document is irrelevant as it concerns a potential business strategy unrelated to WAV that was not adopted by the company. A Lyft witness, Audrey Ren, who was responsible for the project, testified that "Actually, Kombucha didn't have anything to do with WAV." Ren Depo. at 193:22-23. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 78. | WAV BKN Plan; LYFT_ILRC00025027 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness).<br><br>Document prepared by Lyft employee describing Lyft's WAV program in New York City.  This document describes Lyft's efforts in increasing the supply of WAVs and attendants costs involved. | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Testimony does not establish application of hearsay exception for records of a regularly conducted activity. Document is a 16-page overview of plans for WAV operations in New York City, outlining preliminary proposals and modeling. The presentation does not bear indicia of reliability for the purposes of records of a regularly conducted activity.<br><br>Moreover, the document is irrelevant as it concerns Lyft's preliminary planning for WAV operations in New York City, which plans have since been superseded as testified to by Lyft witnesses. Mr. Selinger testified directly that this document is no longer accurate. It does not concern any proposed | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | | reasonable modifications, their efficacy, or their costs. | |
| 79. | California WAV Comms Campaign Proposal; LYFT_ILRC00025852 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness). Document prepared by the head of Lyft's national WAV team who proposed ideas for advertising Lyft's WAV program to potential riders and acknowledged that "we are not marketing | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | the [WAV] program." Lyft did not follow through on these proposals.<br><br>One of Plaintiffs' proposed modifications is for Lyft to expand advertising and marketing of Lyft's WAV service. | | |
| 80. | LyftWAV Presentation for Megan Callahan; LYFT_ILRC00027372 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness). | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exception is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Powerpoint presentation prepared by a Lyft employee describing Lyft's incentive pricing model used in some of Lyft's Access Regions.<br><br>One of Plaintiffs' proposed modifications is to capitalize on the benefits of incentivizing WAV drivers with consistent bonuses to expand service. | | |
| 81. | WAV National Strategy; LYFT_ILRC00028668 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (Lyft deponent established record | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | prepared in regular course of business).<br><br>Powerpoint presentation prepared by Lyft employee describing proposed vehicle supply targets necessary for Lyft's various Access Regions.<br><br>One of Lyft's primary defenses is that there is insufficient WAV supply across the country. Lyft's employees' projections about the necessary WAV supply and the potential for capitalizing on this supply contradict Lyft's defense. | | |
| 82. | Lyft Wheelchair Accessible Vehicles Overview; LYFT_ILRC00032148 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft | No Objection. | ADMITTED |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (record prepared in regular course of business established by Lyft witness). | | |
| 83. | WAV NewCo Discussion; LYFT0002521 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange by a Lyft employee and trial witness who discussed | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a two-page email from various authors concerning predicted unit economics for preliminary WAV proposals that were never adopted. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | the benefits of expanding Lyft's WAV partnership proposals.<br><br>One of Plaintiffs' proposed modifications is for Lyft to engage in partnerships to offer WAV service. | employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 84. | Access Mode In Denver; LYFT0012038 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a three-page email from various authors concerning an error that made Access mode visible in a non-Access region. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | the scope of employment duties). | Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition. | |
| | | Document is an email exchange by Lyft employees asking why Access Mode was accidentally turned on in Denver and demonstrating that it was turned off in a matter of hours. | | |
| | | One of Plaintiffs' proposed modifications is to turn on Access Mode in the non-Access Regions, which includes Denver, and the fact that Lyft did so accidentally strongly supports that it is reasonable and not an undue burden for Lyft to do so intentionally | Moreover, the document has no conceivable relevance to this case. It is undisputed that Lyft has the technical capability to make a mode visible in a region. At issue is whether there is a modification or modifications that would allow for *functional* WAV service at a reasonable cost. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 85. | "WAV Is Awful"; LYFT0014607 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (Lyft deponent established personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties). Document is an email exchange by Lyft employees regarding proposals for expanding WAV supply in Philadelphia. One employee states "Oh God, just run now. . . WAV is awful." A Lyft employee also recommends that cross-dispatching vehicles would "make it easier to on-board drivers and increase utilization." | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay). Document is a three-page email from May 2017 with various authors concerning WAV launch in a new market. Absent additional information regarding the specific purpose for which it is being offered. it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. Moreover, the document is irrelevant. That one employee in 2017 opined in an email that he thought setting up a WAV program was "awful" due to its extreme difficulty has no conceivable bearing on this case. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | This document is relevant to Plaintiffs' proposed modification that Lyft implement cross-dispatching for all WAV drivers.  It is also relevant to showing Lyft's discrimination. | Deepak Gupta, a former Lyft employee deposed about this document, did not author that statement, and had no independent recollection of the exchange. | |
| 86. | WAV Model; LYFT0027367 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document describes communication by a Lyft employee and trial witness, describing that Lyft spends approximately | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a one-page, April 2018, automated email containing comment bubbles concerning a separate document. Absent additional information regarding the specific purpose offered it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | 1/6 of the amount on marketing per WAV ride that Lyft's competitors do.<br><br>One of Plaintiffs' proposed modifications is to expand Lyft's marketing and advertising efforts for Lyft's WAV programs. | the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 87. | WAV/XD Rental Prioritization Recap 11/19; LYFT0028377 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties). | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a three-page email dated November 2018 from various authors concerning a rental partnership with CLL in New York City. Absent additional information regarding the specific purpose for which it is being offered, it is unclear | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Document is an email exchange by Lyft employees demonstrating that WAVs are capable of seating 5 people and stating "[t]his means we should be all set to cross dispatch and include in our initial XD launch." XD is a common abbreviation for Lyft's Express Drive program.<br><br>This document is relevant to Plaintiffs' proposed modifications that Lyft implement cross-dispatching for all WAV drivers and that Lyft include WAVs in its Express Drive program. | whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant. The CLL partnership was finalized, and, as testified to by Lyft witnesses, not renewed due to the very small amount of time drivers spent in WAV mode when they rented vehicles from CLL. To the extent that the document is meant to prove cross-dispatch in WAVs is possible, this fact is undisputed. | |
| 88. | Revise WAV Rental Reward; LYFT0028708 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within | RULING SUBJECT TO PROPER |

43

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email between Lyft employees discussing how Lyft can efficiently offer WAV rental programs.<br><br>One of Plaintiffs' proposed modifications is for Lyft to engage in WAV rental programs. | hearsay).<br><br>Document is a four-page email dated December 2018 from various authors concerning rental rewards for WAV vehicles in New York City. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant. The CLL partnership was finalized, and, as testified to by Lyft witnesses, not renewed due to the very small amount of time drivers spent in WAV | FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | | mode when they rented vehicles from CLL. | |
| 89. | Quick Thought On WAV Performance; LYFT0031721 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); 804(b)(3) (statement against interest); Fed. R. Evid. 803(6) (business records exception).<br><br>Document prepared by Lyft employee describing Lyft's WAV program in New York City and discussing "how to suppress performance via supply levers" and "take the alternate approach via demand." Lyft's employees also suggest methods to "impair | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a one-page, June 2019 email from various authors ostensibly concerning WAV regulatory compliance in New York City. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | service levels at current supply." <br><br> This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by intentionally operating service inefficiently to artificially inflate the cost of providing WAV service and prevent expansion of WAV services. <br><br> This document reflects emails that all relate to regularly conducted business of Lyft, rather than personal correspondence of the employees, which were kept in the regular course of | irrelevant as it concerns proposed responses to unique regulatory issues in New York City. It has nothing whatsoever to do with any proposed modifications, their efficacy, or their cost. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | business. Due to the absence of Audrey Ren as a witness, the Lyft employees who are testifying, such as Isabella Gerundio, can testify to the foundation of these emails and that they were sent by Lyft employees and kept in the regular course of business. | | |
| 90. | National WAV Strategy; LYFT0041031 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email amongst Lyft employees discussing | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a two-page email dated April 2018 from various authors concerning potential WAV proposals. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Lyft's WAV program and stating that "our current operating model is a huge cost and that there is potential for product/eng[ineering] work to cut into that substantially." This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by intentionally operating service inefficiently to artificially inflate the cost of providing WAV service and prevent expansion of WAV services. | employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition. Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 91. | WAV Thoughts; LYFT0042706 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within | RULING SUBJECT TO PROPER |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (business records exception).<br><br>Document prepared by Lyft employee describing Lyft's WAV program in New York City and stating that Lyft is "consciously (though implicitly) trying NOT to hit 100% [service level agreements]. They know they will be charge by regulator to show improvement over time, so they are trying to leave opportunity for that improvement." | hearsay).<br><br>Document is a two-page, June 2019 email from various authors concerning WAV regulatory compliance in New York City. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns performance in response to unique regulatory issues in New York City. It has nothing whatsoever to do with any proposed modifications, their efficacy, or their cost. | FOUNDATIONAL WITNESS |

49

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by intentionally operating service inefficiently to artificially inflate the cost of providing WAV service and prevent expansion of WAV services.<br><br>This document reflects emails that all relate to regularly conducted business of Lyft, rather than personal correspondence of the employees, which were kept in the regular course of business.  Due to the absence of Audrey | | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Ren as a witness, the Lyft employees who are testifying, such as Isabella Gerundio, can testify to the foundation of these emails and that they were sent by Lyft employees and kept in the regular course of business. | | |
| 92. | Questions Regarding Click-to-Call Feature; LYFT0068098 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange including a Lyft employee and a trial witness suggesting methods to implement | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a one-page email dated May 2019 from various authors concerning a WAV "popup" feature. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | WAV service in markets that are smaller than Lyft currently offers WAV service.<br><br>One of Lyft's defenses is that low population density and low supply is a deterrent to Lyft offering WAV service. This document supports Plaintiffs position that Lyft can make modifications to serve people with disabilities in the 96% of Lyft's service regions where it refuses to serve wheelchair users; the document also contradicts Lyft's defense that population density and supply affect Lyft's WAV service. | FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns a WAV feature not proposed by Plaintiffs, which does not create WAV supply, and has no information regarding cost or efficacy. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 93. | WAV Update & Asks For Don; LYFT0117933 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties). Document is an email exchange amongst Lyft employees discussing the benefits of incorporating WAVs into Express Drive for expanding WAV services. One of Plaintiffs' proposed modifications is to introduce WAVs into Express Drive. | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay). Document is a three-page email dated April 2018 from various authors concerning potential WAV proposals. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition. Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

53

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | | Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 94. | Santa Monica Contract & Launch; LYFT0118270 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange amongst Lyft employees stating that the cost of launching a new market under Lyft's partnership proposals is "pretty small."<br><br>One of Plaintiffs' proposed | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a three-page email dated May 2018 from various authors concerning potential WAV proposals. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | modifications is to engage in WAV partnerships throughout the country. | Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 95. | WAV Strategy Update; LYFT0120393 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email written by the former head of Lyft's WAV team discussing the benefits of | Lyft believes this document and topic are not relevant to the elements of Plaintiffs' claims and the cited hearsay exclusion is not applicable. However, to the extent the Court permits testimony in this area, Lyft has no objection to the exhibit with proper foundation, if offered for a non-hearsay purpose. | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | incorporating WAVs into Express Drive for expanding WAV services and implementing the LyftSub partnership proposal.  This document specifically compares each of these programs to Lyft's current and inefficient WAV operating model. <br><br> One of Plaintiffs' proposed modifications is to introduce WAVs into Express Drive and implement partnership programs to improve the efficiency of Lyft's WAV service. | | |
| 96. | UberAssist Summary & POV; LYFT0124438 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (Lyft deponent established personal knowledge); | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay). | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is email amongst Lyft employees discussing Lyft's competitors' implementation of rental programs and incentives to encourage drivers to drive a WAV.<br><br>Plaintiffs propose modifications to expand Lyft's rental programs to allow WAVs and to offer consistent incentives to encourage drivers to drive WAVs. | Document is a three-page email from various authors concerning business operations by a competitor, Uber. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion.<br><br>Moreover, the document – which involves speculation regarding Uber's operations, not Lyft's – has no apparent bearing on this case. The deponent who testified about this document, Deepak Gupta, had no recollection of whether Lyft "considered doing something similar" to the Uber program described in the email. No witness will offer any first-hand | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | | knowledge of Uber's WAV programs. | |
| 97. | WAV Partnership Solutions; LYFT0125012 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties); Fed. R. Evid. 803(6) (business records exception).<br><br>Document prepared by Lyft employee describing Lyft's WAV program in New York City and the rapid engagement of many members of Lyft's staff during Lyft's regulatory requirement measurement period. This document | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is a two-page, June 2019 email from various authors concerning WAV regulatory compliance in New York City. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

58

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | contrasts the substantially smaller efforts Lyft engages in when not within a measurement period.<br><br>This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by intentionally operating service inefficiently to prevent expansion of WAV services.<br><br>This document reflects emails that all relate to regularly conducted business of Lyft, rather than personal correspondence of the employees, which were kept in the regular course of | performance in response to unique regulatory issues in New York City during the first "measurement period" in which Lyft had to meet the TLC's regulatory service level requirements. It has nothing whatsoever to do with any proposed modifications, their efficacy, or their cost. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | business. Due to the absence of Audrey Ren as a witness, the Lyft employees who are testifying, such as Isabella Gerundio, can testify to the foundation of these emails and that they were sent by Lyft employees and kept in the regular course of business. | | |
| 98. | Don & Chris SideBar; LYFT0205859 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (statement by employee made within the scope of employment duties).<br><br>Document is an email exchange amongst Lyft employees | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is an eight-page, November 2018 email from various authors concerning WAV service in Boston. Absent additional information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | discussing the benefits of implementing the LyftSub partnership proposal in Boston and how it would be more efficient that Lyft's current operations.<br><br>One of Plaintiffs' proposed modifications is to implement partnership programs to improve the efficiency of Lyft's WAV service. | employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. No witness testified about this document in deposition.<br><br>Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. | |
| 99. | CWW Talking Points; LYFT0262347 | Fed. R. Evid. 401, 402 (relevant); Fed. R. Evid. 602 (foundation established by Lyft witness with personal knowledge); Fed. R. Evid. 801(d)(2)(D) (Lyft deponent established record | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 802 (hearsay); 805 (hearsay within hearsay).<br><br>Document is eleven-pages of internal notes for a presentation concerning potential WAV proposals. Absent additional | RULING SUBJECT TO PROPER FOUNDATIONAL WITNESS |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | prepared in regular course of business). Document prepared by the former head of Lyft's WAV team describing Lyft's WAV program as a "service to satisfy regulator appetite[.]", including various details about how Lyft's WAV program actually works, and indicating that the program is highly inefficient. This document is relevant to Plaintiffs' *prima facie* elements under the ADA and NYSHRL that Lyft discriminates in its provision of WAV services by solely operating WAV in response to regulatory requirements.  The document also | information regarding the specific purpose for which it is being offered, it is unclear whether any statements contained within this document constitute admissions of a Lyft employee within the scope of their agency for the purposes of FRE 801(d)(2)(D). No foundation has been laid for the application of the hearsay exclusion. Moreover, the document is irrelevant as it concerns preliminary proposals regarding WAV service that were never adopted by the company. Because these proposals were not tested, it is not known whether they would have been effective or what they would have cost. Chris Wu, the author of the document, could not recall when he created it, or for what purpose. | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | acknowledges several inefficiencies that would be fixed by the implementation of Plaintiffs' proposed modifications. | | |
| 100. | Plaintiff Harriet Lowell Fourth Amended Objections and Responses to Defendant Lyft, Inc.'s First Set of Requests for Admission | Fed. R. Evid. 402 | ADMITTED | ADMITTED |
| 101. | Plaintiff Harriet Lowell Fourth Amended Objections and Responses to Defendant Lyft, Inc.'s Second Set of Interrogatories | Fed. R. Evid. 402 | ADMITTED | ADMITTED |
| 102. | Plaintiff Westchester Disabled On The Move, Inc.'s Objections and Responses to Defendant Lyft, Inc.'s First Set of Requests for Admission | Fed. R. Evid. 402 | ADMITTED | ADMITTED |
| 103. | Plaintiff Westchester Disabled On The Move, Inc.'s Objections and Responses to Defendant Lyft, Inc.'s Second Set of Interrogatories | Fed. R. Evid. 402 | ADMITTED | ADMITTED |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 104. | Defendant Lyft, Inc.'s Responses to Plaintiffs Harriet Lowell and Westchester Disabled on the Move, Inc.'s First Set of Requests for Admissions | Fed. R. Evid. 402. | ADMITTED | ADMITTED |
| 105. | Defendant Lyft, Inc.'s Responses to Plaintiffs Harriet Lowell and Westchester Disabled on the Move, Inc.'s Second Set of Interrogatories | Fed. R. Evid. 402. | ADMITTED | ADMITTED |
| 106. | Lyft's Standard Mode Low Supply Regions | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries). The charts identified in Exhibits 106-116 are summaries of data produced by Lyft in this litigation. Claudia Stern, who is a CPA and has been an | FRE 401-403 (waste of time, irrelevant); 602 (foundation); 1006 (improper summary). Lyft intends to file a motion *in limine* to preclude Exhibits 106-115, because as Claudia Stern testified on December 22, 2022, these exhibits represent counsel's selection and interpretation of data produced by Lyft. As such, these exhibits are improper summaries lacking an appropriate foundational witness, and their admission would be unhelpful to the Court. | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | accountant for business professional for decades, will not be offering any opinion or expert testimony regarding interpretation of these exhibits.<br><br>For instance, Exhibit 106 presents the regions where Lyft began offering Standard mode service with a low supply of vehicles (such as offering service in a new region with a single available vehicle in the first month). Rather than presenting Lyft's data production, which totals more than 46,000 rows in an Excel spreadsheet, Ms. Stern compiled the relevant regions in this Exhibit to present 21 rows of relevant data. | Claudia Stern testified that she followed the instruction of counsel to prepare Exhibits 106-115 and can offer no testimony regarding the significance or appropriate interpretation of the data summarized. *See, e.g.*, Stern Depo. dated Dec. 22, 2022 at 19:10-11 (describing her assignment as "preparing summary exhibits at the direction of counsel").<br><br>For example, Plaintiffs posit that there are "21 rows of relevant data" in Exhibit 106 (formerly Exhibit 58). However, Ms. Stern was unable to offer any testimony as to why the regions represented are relevant given that they were chosen by counsel from 46,000 other lines of data. *See id.* at 26:18-21 (testifying that she did not know the significance of the approximately 20 regions listed in Exhibit 58). | |

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | The information included in Exhibits 106-116 are direct representations of the relevant raw data Lyft produced in this litigation. Such summaries by experts are routinely presented at trial. *See, e.g., United States v. Lebedev*, 932 F.3d 40, 49-50 (2d Cir. 2019) (finding that exhibits prepared by a summary witness, who prepared summary exhibits of the defendant's financial records, was admissible and were not expert testimony because the witness did not opine about how the exhibits should be interpreted); *U.S. v. Mermelstein*, 487 F. Supp. 2d 242, 265-69 (E.D.N.Y. 2007) (denying the | The cases cited are inapposite. For example, in *Lebedev*, 932 F.3d at 50, the summary witness testified about funds deposited and withdrawn from an account, a simple "summary…of the relevant financial records," in a wire fraud case. *See also Mermelstein*, 487 F. Supp. 2d at 267 (noting the foundational witness "Dr. Friedman" would "testify as to the very high frequencies with which he found identical or very similar entries in the defendant's patients' medical charts" such that the relevance of the testimony was clear).<br><br>These exhibits do not represent simple addition. No testimony will establish an underlying relevance theory for these exhibits because Ms. Stern, the only one of Plaintiffs' experts who will testify regarding them, is unable to describe the significance of any particular selection or manipulation of | |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | defendant's motion in limine to exclude the prosecution's expert witness under FRE 702 and 1006 because the witness will separately present expert testimony and summary witness testimony, which relies on summaries of the defendant's data); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 523, 536 (E.D.N.Y. 2012) (allowing CPA to testify as a summary witness to present summaries' of the defendant's bank transactions and finding that "[b]ecause the underlying data to [the witness'] summary charts was produced by and is available to the [defendant], no prejudice is suffered by the [defendant].") | data. There is no means to discern the significance of data of this nature without a qualified witness's testimony.<br><br>Notwithstanding the foregoing, to the extent that the Court permits the admission of Exhibits 106 to 115, or any portion thereof, Lyft reserves the right to offer into evidence the underlying workpapers used to generate the corresponding exhibit. | |

67

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | | | |
| 107. | WAV Supply In The Access Regions | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |
| 108. | WAV Supply Across The United States | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |
| 109. | WAV Supply Across New York State | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | | be offered by Claudia Stern exclusively) |
| 110. | Invisible WAV Drivers In Westchester County | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |
| 111. | Average Number of WAV Drivers Per Month – New York State excluding New York City | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | | |
| 112. | New York City WAV Service Before & After Removal Of The Toggle | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |
| 113. | New York City WAV Rides Before & After Removal Of The Toggle | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries) | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| | | See Basis for Admissibility of Exhibit Number 106. | | |
| 114. | Comparisons Of Cross-Dispatching W-2 Drivers | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |
| 115. | Average Cost of WAV Rides | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries)<br><br>See Basis for Admissibility of Exhibit Number 106. | See Response to Exhibit Number 106 | ADMITTED over objection (with foundational testimony to be offered by Claudia Stern exclusively) |

Exhibit C- Plaintiffs' Exhibit List

| Trial Exhibit Number | Exhibit | Basis for Admissibility | Lyft's Objections | Ruling |
|---|---|---|---|---|
| 116. | Lyft's WAV Services In Dense Cities | Fed. R. Evid. 402 (relevant); Fed. R. Evid. 602 (foundation established by Plaintiffs' witness with personal knowledge); Fed. R. Evid. 1006 (summaries) | Lyft has no objection to this demonstrative based on public data. | ADMITTED |

4876-4429-4312, v. 1

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|--------------------|-------------------------|------------------------|--------|
| A | Lyft Terms of Service dated April 1, 2021 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection[1] | ADMITTED |
| B | Lyft Driver Addendum dated December 9, 2020; LYFT_ILRC00032476 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| C | Lyft Foldable Wheelchair Policy available at: https://help.lyft.com/hc/ko/all/articles/115012926827-Wheelchair-Policy; LYFT_ILRC00032481 (Wheelchair Policy begins at -32528) | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| D | Lyft Service Animal Policy available at: https://help.lyft.com/hc/ko/all/articles/115013080048-Service-animal-policy; LYFT_ILRC00032481 (Service Animal Policy begins at -32493) | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | FRE 401-403 (irrelevant, waste of time, confusing issues). Document explains Lyft's service animal policies and does not pertain to wheelchair accessible vehicles, Lyft's | ADMITTED subject to foundational testimony |

---

[1] Plaintiffs' failure to object to this or any other exhibit is not indicative of agreement with Lyft's stated grounds for admissibility.

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|-----------------------|--------|
| | | | provision of wheelchair accessible vehicle service or any of the claims in this action. The document is not relevant. | |
| E | Images of rear-loading WAVs in New York City; Lyft_ILRC0032708 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | FRE 401-403 (waste of time); 602 (no witness with personal knowledge); 802 (hearsay within hearsay); 901 (no witness with personal knowledge to testify to authenticity of Tweet and photo).<br><br>Document is a screenshot of a picture from an unknown Twitter user using a WAV to transport a large item. A picture of a WAV from an unknown user on Twitter is not relevant to Plaintiffs' claims for relief and Moreover, no witness will testify the accuracy or authenticity of the photo. | OBJECTION SUSTAINED |
| F | Lyft CA Wheelchair Accessible Vehicle Pilot dated June 2019; LYFT_ILRC00027292 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal | No Objection | ADMITTED |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| | | knowledge); FRE 801 (not offered for hearsay purpose) | | |
| G | Lyft Wheelchair Accessible Vehicle Overview dated May 4, 2020; LYFT_ILRC00032148 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| H | 2021-11-04 – Lowell Pivots – combined.pdf (three pivot tables Richard Zhou compiled in preparation for his deposition, summarizing information in Lyft's data reports); transmitted on November 4, 2021 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 803 (records of a regularly conducted activity); FRE 1006 (summaries) | No Objection | ADMITTED |
| I | Contract between Lyft and City Livery Leasing Queens, Inc. dated September 12, 2018; LYFT_ILRC00001928 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| J | Contract between Lyft and Hertz dated February 18, 2020; LYFT_ILRC00032426 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| K | Contract between Lyft and First Transit, Inc. dated May 1, 2019; LYFT_ILRC00001967 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| L | Chart titled "Rental Utilization (Access vs. Non-Access)"; ILRC Trial Exhibit 209 transmitted June 14, 2021 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| M | Table of ride data from February 2020 in the Declaration of Richard Zhou in support of Lyft's Opposition to Plaintiffs' Motion for Class Certification; Dkt. 296-2 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | Document does not satisfy the requirements of FRE 1006 because Lyft or the proponent only disclosed a screenshot summary of the output of this supposed summary. Lyft has not disclosed the underlying calculations of this summary and has not produced complete sets of either the original or duplicates of this exhibit. | ADMITTED over objection |
| N | Exhibit A to the Declaration of Richard Zhou in support of Lyft's Opposition to Plaintiffs' Motion for | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal | FRE 602, 901. Exhibit is not a document prepared by Mr. Zhou or any Lyft witness and no Lyft witness has personal | OBJECTION SUSTAINED |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|
| | Class Certification; Dkt. 296-2 Ex. A **CONFIDENTIAL** | knowledge); FRE 801 (not offered for hearsay purpose) | knowledge as to the preparation of this exhibit. | |
| O* | Screenshots of the Lyft App attached to the the Affidavit of Leon Treger dated May 25, 2023 <br><br> * **Revised Exhibit** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Lyft witness with personal knowledge); FRE 801 (not offered for hearsay purpose) | No Objection | ADMITTED |
| P | Expert Report of Marc Rysman, PhD – Figure 1 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified). | ADMITTED over objection |
| Q | Expert Report of Marc Rysman, PhD – Figure 2 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| R | Expert Report of Marc Rysman, PhD – Figure 3 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| S | Expert Report of Marc Rysman, PhD – Figure 4 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|
| | | (testimony and sources from an expert) | | |
| T | Expert Report of Marc Rysman, PhD – Figure 5 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| U | Expert Report of Marc Rysman, PhD – Figure 6 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| V | Expert Report of Marc Rysman, PhD – Figure 7 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| W | Expert Report of Marc Rysman, PhD – Figure 8 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| X | Expert Report of Marc Rysman, PhD – Figure 9 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|------------------------|--------|
| Y | Expert Report of Marc Rysman, PhD – Figure 10 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| Z | Expert Report of Marc Rysman, PhD – Table 1 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| AA | Expert Report of Marc Rysman, PhD – Table 2 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| BB | Expert Report of Marc Rysman, PhD – Table 3 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| CC | Expert Report of Marc Rysman, PhD – Table 4 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| DD | Expert Report of Marc Rysman, PhD - Appendix D, Figure 11 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|
| | **CONFIDENTIAL** | Rysman); FRE 702-703 (testimony and sources from an expert) | | |
| EE | Expert Report of Marc Rysman, PhD - Appendix E, Figure 12 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| FF | Expert Report of Marc Rysman, PhD - Appendix G, Figure 13 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| GG | Expert Report of Marc Rysman, PhD - Appendix G, Figure 14 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| HH | Expert Report of Marc Rysman, PhD - Appendix G, Figure 15 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| II | Expert Report of Marc Rysman, PhD - Appendix G, Figure 16 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| JJ | Expert Report of Marc Rysman, PhD - Appendix G, Figure 17 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| KK | Expert Report of Marc Rysman, PhD - Appendix G, Figure 18 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| LL | Expert Report of Marc Rysman, PhD - Appendix G, Figure 19 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| MM | Expert Report of Marc Rysman, PhD - Appendix G, Figure 20 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| NN | Expert Report of Marc Rysman, PhD - Appendix G, Figure 21 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| OO | Expert Report of Marc Rysman, PhD - Appendix G, Figure 22 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| | **CONFIDENTIAL** | Rysman); FRE 702-703 (testimony and sources from an expert) | | |
| PP | Expert Report of Marc Rysman, PhD - Appendix G, Figure 23 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| QQ | Expert Report of Marc Rysman, PhD - Appendix H, Figure 24 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| RR | Expert Report of Marc Rysman, PhD - Appendix H, Figure 25 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| SS | Expert Report of Marc Rysman, PhD - Appendix H, Figure 26 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| TT | Expert Report of Marc Rysman, PhD - Appendix H, Figure 27 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|
| UU | Expert Report of Marc Rysman, PhD - Appendix H, Figure 28 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| VV | Expert Report of Marc Rysman, PhD - Appendix H, Figure 29 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| WW | Expert Report of Marc Rysman, PhD - Appendix H, Figure 30 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| XX | Expert Report of Marc Rysman, PhD - Appendix H, Figure 31 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| YY | Expert Report of Marc Rysman, PhD - Appendix H, Figure 32 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| ZZ | Expert Report of Marc Rysman, PhD - Appendix H, Figure 33 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| | **CONFIDENTIAL** | Rysman); FRE 702-703 (testimony and sources from an expert) | | |
| AAA | Rebuttal Expert Report of Marc Rysman, PhD - Figure 1 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| BBB | Rebuttal Expert Report of Marc Rysman, PhD - Figure 2 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| CCC | Rebuttal Expert Report of Marc Rysman, PhD - Table 1 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| DDD | Rebuttal Expert Report of Marc Rysman, PhD - Table 2 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| EEE | Rebuttal Expert Report of Marc Rysman, PhD - Table 3 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|----------------------|--------|
| FFF | Rebuttal Expert Report of Marc Rysman, PhD - Table 4 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| GGG | Rebuttal Expert Report of Marc Rysman, PhD - Table 5 | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| HHH | Rebuttal Expert Report of Marc Rysman, PhD - Table 6 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| III | Rebuttal Expert Report of Marc Rysman, PhD - Appendix D, Adjustment to Table 6 **CONFIDENTIAL** | FRE 401, 402 (relevant); FRE 602, 901 (foundation to be established by Dr. Marc Rysman); FRE 702-703 (testimony and sources from an expert) | FRE 401-403 (waste of time); 702 (expert not qualified) | ADMITTED over objection |
| JJJ | Complaint, *Access Living of Metro. Chicago, et al. v. Uber Technologies, Inc., et al.*, 16-cv-09690 (N.D. Ill., Oct. 13., 2016) (Dkt. 1) | FRE 401, 402 (relevant); FRE 201, 901 (judicially noticeable court record); FRE 801 (not offered for hearsay purpose) | | ADMITTED |
| KKK | First Amended Complaint, *Equal Rights Center v. Uber Technologies,* | FRE 401, 402 (relevant); FRE 201, 901 (judicially noticeable court record); | | ADMITTED |

Exhibit D – Lyft Exhibit List

| Exhibit | Exhibit Description | Basis for Admissibility | Plaintiffs' Objections | Ruling |
|---------|-------------------|------------------------|------------------------|--------|
| | *et al.*, 17-cv-01272 (D.D.C., Dec. 8, 2017) (Dkt. 22) | FRE 801 (not offered for hearsay purpose) | | |
| LLL | Amended Complaint, *Indep. Living Resources Center San Francisco, et al. v. Uber Technologies, Inc., et al.*, 18-cv-06503 (N.D. Cal., Jan. 11, 2019) (Dkt. 23) | FRE 401, 402 (relevant); FRE 201, 901 (judicially noticeable court record); FRE 801 (not offered for hearsay purpose) | | ADMITTED |

4895-1393-1943, v. 3