

FOLGER LEVIN LLP
Attorneys at Law

33 New Montgomery Street, 19th Floor
San Francisco, California 94105

PHONE 415.625.1050
WEBSITE folgerlevin.com

July 3, 2024

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re:  *Lowell, et al. v. Lyft, Inc.*, Case No. 7:17-cv-06251-PMH-AEK (S.D.N.Y.)

Dear Judge Halpern,

  With just six days remaining before trial, we were surprised to receive Mr. Frei-Pearson's letter to the Court dated July 2, 2024, attaching the Affidavit of Leandra Eustache [Dkt. 435 and 435-1]. On behalf of Defendant Lyft, Inc. ("Lyft"), we submit this letter to lodge our objection. Not only did Plaintiffs fail to disclose Ms. Eustache's testimony in a timely fashion, but her testimony does not constitute proper rebuttal and is irrelevant to the proposed modifications at issue.

  That Ms. Eustache's Affidavit is being disclosed late is obvious. But the Affidavit does not constitute a proper rebuttal. As Plaintiffs admit, the purpose of the Affidavit is to rebut statements in Lyft's legal memorandum. *See* July 2 letter [Dkt. 435] at 1, *citing* Lyft's Trial Memorandum [Dkt. 424] at 2-3 and Opposition to Plaintiffs' Pretrial Memorandum [Dkt.434] at 2 fn.1. As this Court has observed, the purpose of a rebuttal witness is to respond to the evidence offered by an adversary. *Marcial v. New Hudson Family Rest. Inc.*, Case No. 18-CV-00663, 2021 U.S. Dist. LEXIS 72953, *3 fn. 2 (S.D.N.Y., April 15, 2021) (citation omitted). At a minimum, Plaintiffs should wait to hear the evidence before arguing that Ms. Eustache is a proper rebuttal witness.

  In addition, Ms. Eustache's Affidavit is not relevant to the proposed modifications in this case. Specifically, Plaintiffs have never requested that Lyft modify its policies to permit WAV drivers licensed by the New York City Taxi and Limousine Commission ("NYC TLC") to pick up riders in Westchester County. Had Plaintiffs requested such a modification in a timely fashion, such as during the lengthy course of discovery in this case, the parties could have conducted discovery and identified appropriate witnesses to testify on the subject at trial.

  Indeed, there is no reason why Plaintiffs could not have identified this proposed modification at the time they made their expert disclosure almost three years ago, in November 2021. As the evidence at trial will establish, Plaintiffs learned about the alleged 300 WAVs in Westchester County during discovery, when their experts reviewed the data produced by Lyft. In their Memorandum of Law in Support of Plaintiffs' Motion for Class Certification [Dkt. 283], which they served on Lyft more than two years ago on March 22, 2022, they wrote: "since 2019, hundreds of Lyft drivers each

<div align="right">
Hon. Philip M. Halpern  
July 3, 2024  
Page 2
</div>

month with WAVs attempt to provide WAV rides on Lyft's platform in Westchester, but they are precluded from identifying as such . . . and accepting WAV rides." *Id.* at page 19 of 65 (citing Lyft data). In opposing Plaintiffs' Motion for Class Certification, Lyft submitted the Declaration of Asaf Bar Selinger dated July 25, 2022 [Dkt. 295-2], in which Mr. Selinger stated that "[d]ue to regulatory and other reasons relating to [the] jurisdictional differences" between NYC TLC and New York State DMV regulations, Lyft "does not permit those drivers to pick up riders in Westchester County." *Id.*, at ¶ 17.

As Ms. Eustache's Affidavit suggests, the overlapping regulations between NYC TLC, Westchester County TLC, and the New York State Vehicle and Traffic Law, among other potentially applicable laws and regulations, pose a thicket for companies like Lyft. *See* Eustache Affidavit at ¶ 8 and fns. 2-4 (citing 49 CFR Part 38, the New York State Vehicle and Traffic Law, NYC TLC licensing requirements, and an unidentified "statutory exclusion"), and fn. 5 (acknowledging that her "testimony is limited to regulations applicable in Westchester County and New York City," and that she has "not scrutinized other jurisdictions' regulations"). Had Plaintiffs sought to challenge Lyft's business decision, in the face of such complex regulations, to preclude NYC TLC-licensed drivers (including WAV drivers) from picking up riders in Westchester County, they should clearly have articulated such a proposed modification before the close of discovery.

Ms. Eustache's Affidavit is not proper. Lyft requests that the Court exclude it.

<div style="margin-left: 3em;">
Respectfully submitted,

Jiyun Cameron Lee (Admitted *Pro Hac Vice*)  
Marie Jonas (Admitted *Pro Hac Vice*)  
FOLGER LEVIN LLP  
Attorneys for Defendant Lyft, Inc.
</div>

cc:   All Counsel (electronic copies)

4858-7905-5310, v. 2